UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. _____

M.A.P. EAST, LLC.,

    Plaintiffs

v.

TOWN OF WESTPORT, BRENDA J.
BURKE, individually and as CHAIRMAN OF
THE TOWN OF WESTPORT BOARD OF
HEALTH, ANNE PHELPS, individually, and
as CONSERVATION AGENT FOR THE
TOWN OF WESTPORT, and TANJA
RYDEN, RICHARD LAMBERT, JOHN
REYNOLDS, THOMAS MCGARR, PAUL
HEBERT, SUSAN PEDREIRA and ED
ROONEY, as they constitute the TOWN OF
WESTPORT CONSERVATION
COMMISSION and SEAN M. LEACH,
DONNA LAMBERT and BRENDA J.
BURKE, as they constitute the TOWN OF
WESTPORT BOARD OF HEALTH

    Defendants

# 05 - 11669 JLT

LTS
**MAGISTRATE JUDGE**

NOTICE OF REMOVAL

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M.P.
DATE 8/12/2005

Now come the defendants pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and

hereby file notice of the removal of this action from the Superior Court of the Commonwealth of

Massachusetts, County of Bristol, where it is currently pending, based upon the following

grounds:

1.    This is an action in which the plaintiffs allege violations of unidentified civil

rights protected under the U.S. Constitution and seek relief pursuant to 42 U.S.C. §1983 (Counts

III and IV) See Amended Complaint, ¶¶57-61 (Count II) affixed hereto and incorporated by

reference. The plaintiff also asserts state law claims: a request for injunctive relief (Count I); and

assertion that the defendants violated unidentified rights of the plaintiff under the Massachusetts

Declaration of Rights (Count II); and allegation that the defendants violated the Massachusetts

Equal Rights Act, G.L. c.93 §102 (Count V); a request for declaratory Judgment that the actions

and decisions of the Board of Health violated G.L. c.111 §31E (Count VI); a request for

declaratory judgment that actions of the Conservation Commission were undertaken in bad faith

(Count VII); and allegation that defendants Burke and Phelps intentionally interfered with the

plaintiff's advantageous relations (Count VIII); and defendants Burke and Phelps defamed the

plaintiff as well as its agents, servants, attorneys and employees (Count IX).

2.      This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28

U.S.C. §1441.

3.      This Removal is timely, as this action was first served on the defendant on July

18, 2005.

4.      All defendants have consented to the removal of the matter to the United States

District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

DEFENDANTS,

By their attorneys,

CERTIFICATE OF
I hereby certify that a true co....
above document was served u...
attorney of record for each other p...
by mal-hand on  8/12/04

David C. Jenkins (BBO# 251000)
Brian E. Glennon, II (BBO# 637973)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

257311/Wporliti/0016

## COMMONWEALTH OF MASSACHUSETTS

**BRISTOL, SS.**

**SUPERIOR COURT DEPARTMENT**
**C.A. NO. BRCV2005-00307**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**M.A.P. EAST, LLC,**

        **Plaintiff**

**vs.**

**TOWN OF WESTPORT, BRENDA J. BURKE,**
**INDIVIDUALLY and as CHAIRMAN OF THE**
**TOWN OF WESTPORT BOARD OF HEALTH,**
**ANNE PHELPS, INDIVIDUALLY and as**
**CONSERVATION AGENT FOR THE TOWN**
**OF WESTPORT, and TANJA RYDEN,**
**RICHARD LAMBERT, JOHN REYNOLDS,**
**THOMAS McGARR, PAUL HEBERT, SUSAN**
**PEDREIRA and ED ROONEY, as they**
**constitute the TOWN OF WESTPORT**
**CONSERVATION COMMISSION and SEAN**
**M. LEACH, DONNA LAMBERT and BRENDA**
**J. BURKE, as they constitute the TOWN OF**
**WESTPORT BOARD OF HEALTH,**
        **Defendants**

**05 - 11669 .ПT**

**FIRST AMENDED**
**VERIFIED COMPLAINT**
**AND REQUEST FOR**
**INJUNCTIVE RELIEF**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### INTRODUCTION

The Plaintiff seeks redress for violations of its civil rights and other related wrongs suffered by it, in violation of the laws of the Commonwealth of Massachusetts and the United States of America. In general, this complaint is being filed because Defendants have continuously interfered with and prevented the Plaintiff from repairing its property and for depriving Plaintiff its use and enjoyment. In addition, the individual Defendants have unlawfully used their official positions to cause the Plaintiff to suffer significant damages.

### PARTIES

1.    Plaintiff is a limited liability company organized pursuant to the laws of the Commonwealth of Massachusetts with a principal office located at 138 Rock Street, Fall River, Massachusetts.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4588

1

2. Defendant Town of Westport is a political entity incorporated as a town pursuant to the laws of the Commonwealth of Massachusetts with a usual address of 816 Main Road, Westport, Massachusetts.

3. Defendant Brenda J. Burke is the duly elected Chairwoman of the Town of Westport Board of Health. This Defendant is sued in her individual capacity.

4. Defendant Anne Phelps is the duly appointed Conservation Agent in and for the Town of Westport. This Defendant is sued in her individual and official capacity.

5. Defendant Town of Westport Conservation Commission (hereinafter "Defendant Con Com") is comprised of the following individuals:

Tanja Ryden
34 Fallon Drive
Westport, MA 02790

Paul Hebert
29 Crane Avenue
Westport, MA 02790

Richard Lambert
343 Old Bedford Road
Westport, MA 02790

Susan Pedreira
P.O. Box 3179
Westport, MA 02790

John Reynolds
44 Pratt Avenue
Westport, MA 02790

Ed Rooney
271 Division Road
Westport, MA 02790

Thomas McGarr
26 Tickle Road
Westport, MA 02790

6. Defendant Town of Westport Board of Health (hereinafter "Defendant BOH") is comprised of the following individuals:

Sean M. Leach
521 Division Road
Westport, MA 02790

Brenda J. Burke
P.O. Box 453
Westport Point, MA 02791\

Donna Lambert
343 Old Bedford Road
Westport, MA 02790

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

7. Plaintiff is the owner of land with buildings thereon situated on the south side of Cherry & Webb Lane, Westport, Massachusetts and depicted on Town of Westport Assessor's Map 91 as Lot 53. The parcel contains two dwellings, Nos. 44 and 48.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

8.  Dwelling No. 44 is serviced by an existing septic system located to the south of said dwelling. A portion of the system is believed to be located on land now or formerly of Taradash.

9.  On December 28, 2004, Plaintiff's contractor, Donald Bernier (hereinafter "Bernier") applied to the Town of Westport Building Department for a building permit to make various repairs, renovations, alterations and additions to 44 Cherry & Webb Lane, a two bedroom single family home serviced by a fully functional Title V compliant sewage disposal system located on abutting property owned by a third party. A copy of this application is attached hereto and made a part hereof as Exhibit "A".

10.  In accordance with the practices and procedures in place with the Town of Westport, the application and attendant plan were vectored to the respective agents for Defendants Con Com and BOH for review prior to the issuance of any permit. The withholding of a sign-off from either or both agents would indicate to the Building Inspector and subsequently to the applicant that some form of permit or other permission was needed from Defendants Con Com and/or BOH prior to commencing the requested work.

11.  On January 11, 2005, Ralph Urban, Agent for Defendant BOH, signed off on Plaintiff's permit.

12.  On January 12, 2005, Anne Phelps, Agent for Defendant Con Com, signed off on Plaintiff's permit.

13.  On January 14, 2005, Robert Maltais, Building Inspector for the Town of Westport, issued Building Permit No. 05-18 to Bernier for the requested work. Permit No. 05-17 was issued for demolition work.[1] Copies of both permits are attached hereto and made a part hereof as Exhibits "B1" and "B2".

14.  On January 31, 2005, plans for a Title V compliant septic system were submitted as part of a completed application to Defendant BOH.

15.  Agents for Plaintiff known as SITEC, Inc. met with agents for the Defendant BOH and after receiving input, revised the plan adding necessary notations.

16.  Said revisions were submitted by Plaintiff on or about March 8, 2005.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER
MASSACHUSETTS 02720
(508) 678-4586

---

[1] N.B. For Assessor's purposes, Mr. Maltais put the number 48 on the building permit application since the Assessor carried only one street address in their record.

3

17. On February 17, 2005, Plaintiff, by and through its environmental engineer, SITEC, Inc., filed a Notice of Intent with Defendant Con Com for the construction of a new sub-surface sewage disposal system for No. 44. This was done in order to close the existing system on the abutter's land and eliminate encroachment problem that existed with the present system. A copy of SITEC's plan is attached hereto and made a part hereof as Exhibit "C".

18. Thereafter, Plaintiff was informed by Defendant BOH that they would not take action on the septic plans submitted by SITEC for 44 Cherry & Webb Lane until the Defendant Con Com acted.

19. Sitec had determined that the Notice of Intent was necessary due to the fact that the new system was to be constructed in the 100 foot Buffer Zone that extends from the Coastal Bank of the Westport River south across Cherry & Webb Lane and onto Plaintiff's property. Dwelling No. 44 is not within the 100 foot Buffer Zone.

20. On March 1, 2005, Defendant Con Com convened a public hearing on Plaintiff's Notice of Intent. On March 7, 2005, they issued an Order of Conditions by which Plaintiff would construct the new septic system. A copy of the Order of Conditions is attached hereto and made a part hereof as Exhibit "D".

21. In accordance with M.G.L., there is a ten (10) day appeal period of an Order of Conditions. Consequently, Orders of Conditions usually are not recorded until the appeal period runs.

22. On March 14, 2005, Bernier's project coordinator, Michael Biszko, Jr. (hereinafter "Biszko") commenced work on dwelling No. 44 in accordance with the building permit. In connection therewith, he brought excavating equipment, dumpsters and workers. A trench was dug to shore up the piers and footings of the deck of the house to structurally support the addition. A supporting concrete wall was poured around the existing piers and footings. All work was in keeping with the description delineated on the building permit application and attendant plan. The soils from the trench were piled on site.

23. On said date, Agent Phelps came onto the property and threatened Biszko with an enforcement order for performing the work described above, keeping dumpsters on the property, operating equipment and piling soils. She further ordered him to remove all

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER
MASSACHUSETTS 02720
(508) 678-4536

4

dumpsters, remove all heavy machinery from the 100 foot Buffer Zone and remove the pile of soil.

24. Agent Phelps castigated Biszko for performing work without complying with the Order of Conditions and without recording it.

25. Biszko reminded Agent Phelps that she had signed off on the work authorized by the building permit and that the Order of Conditions did not apply to the dwelling.

26. Agent Phelps' response was to hand Biszko an Enforcement Order, a copy of which is attached hereto and made a part hereof as Exhibit "E".

27. The Enforcement Order indicates that Plaintiff was conducting activity in violation of the Order of Conditions and of conducting activity without an Order of Conditions. Biszko was also ordered to record the Order of Conditions despite the fact that the 10 day appeal period would not run out until March 17, 2005.

28. On March 15, 2005, Attorney Brian Corey (hereinafter "Attorney Corey") specially appeared before Defendant Con Com on behalf of Plaintiff to ascertain why Defendant Con Com had issued the Enforcement Order. When Attorney Corey reminded the Board that Agent Phelps had approved the work on the dwelling without the necessity of filing a Notice of Intent, they chose to ignore it. Instead, Defendant Con Com voted to ratify the Enforcement Order issued by Phelps.

29. On March 21, 2005, Defendant Con Com and Defendant BOH met jointly at the Westport Town Hall Annex without notice to Plaintiff and under belief in violation of the Massachusetts Open Meeting Law.

30. Under information and belief, Defendants discussed the situation at the Plaintiff's property and possible enforcement/sanction options.

31. Building Inspector Maltais attended this meeting and questioned both Defendants as to why they were interfering with Plaintiff's use of a validly issued building permit. Mr. Maltais' query was ignored by Defendants.

32. Under information and belief, Plaintiff believes Defendants conspired to issue some form of cease and desist order against Plaintiff's project at the March 21, 2005 meeting. No service of any of the orders has been properly served on Plaintiff or Plaintiff's agent as required by the Massachusetts Secretary of State.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4586

5

33. On March 21, 2005, Plaintiff, in an effort to appease Defendant BOH and avoid a confrontation, withdrew the plan for consideration.

34. On April 13, 2005, Plaintiff resubmitted the plan to Defendant BOH. Defendant BOH took no action relative to Plaintiff's filings until a Special Meeting on July 5, 2005. Defendant BOH continued the hearing until July 11, 2005 at 5:00 P.M.

35. On July 11, 2005, an onsite inspection commenced with Defendant BOH members arriving at 5:20 P.M. No vote was taken onsite by Defendant BOH.

36. On July 11, 2005 at 7:00 P.M., Defendant BOH reconvened and voted to continue the hearing until 8:00 A.M. on July 14, 2005.

37. On or about 9:00 A.M. on July 14, 2005, Defendant BOH voted to deny the plan based upon alleged violations of Board of Health Regulation No. 22.

38. Said regulation is void on its face in that it was enacted in violation of state law.

39. Said regulation is void on its face in that paragraph 1.0 cites an effective date of June 1, 2003, when in fact the public hearing for the regulation date was published in October of 2003.

40. Said regulation is void as Section 3.1 lacks necessary information.

41. Said regulation is void in that, although having the required number of signatures, it is not dated.

42. Plaintiff, as a result of the concerted efforts of all Defendants, has been made to cease all work, including work validly permitted under the building permit, denied the use and enjoyment of his property which is unique. Further, his construction schedule has been compromised to the extent that future use and enjoyment of the property for both personal and rental use is in jeopardy.

43. Plaintiff has no plain or adequate remedy at law.

44. On or about July 11, 2005 and other diverse dates, Defendant Burke issued defamatory comments accusing Plaintiff of violating Town rules and regulations and state laws. A copy of said comments are attached hereto and made a part hereof as Exhibit "F".

45. Said statements were made with utter disregard for the truth of the matters asserted and intended solely to stop Plaintiff from the lawful enjoyment of its property.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4386

6

46. Defendant Burke did know or should have known that Plaintiff had conformed with all local rules and state laws.

47. On or about July 11, 2005, Defendant Phelps issued defamatory comments accusing Plaintiff of violating Town rules, regulations and state laws. (See prior Exhibits)

48. Said statements were made with utter disregard for the truth of the matters asserted and intended to prevent Plaintiff from the use and enjoyment of its property.

49. Defendant Phelps knew or should have known that Plaintiff had, in fact, complied with all local and state rules, regulations, by-laws and statutes in its application for the renovations to the premises.

50. Defendants and each of them have repeatedly and continuously interfered with and prevented Plaintiff from completing the intended renovations to the premises through a pattern of intentional and/or negligent conduct and/or comments in violation of Plaintiff's legal rights.

51. Defendants and each of them have continued to interfere, intimidate and otherwise thwart Plaintiff's attempt to use, occupy and rent the premises.

## COUNT I
### Injunctive Relief

52. Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 51 herein as if set forth in full.

WHEREFORE, Plaintiff requests this Honorable Court issue the following injunctive relief:

1. Temporarily restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

2. Issue a short order of notice.

3. Issue a preliminary injunction to restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

4. Restrain and enjoin Defendants Burke and Phelps from issuing false and defamatory statements about Plaintiff.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4866

7

5. Order a speedy completion of the pleadings.

6. Declare Plaintiff has the right to exercise the rights granted in Building Permit No. 05-18 and permanently enjoin Defendants from preventing same.

## COUNT II
### G.L. c. 12, §§11H, 11I

53. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 52 herein as if set forth in full.

54. The Defendants, by their actions as detailed above, did by threats, intimidation and/or coercion interfere with the Plaintiff's rights as secured by the Constitution and laws of the United States and secured by the Constitution and laws of the Commonwealth in that they did interfere with Plaintiff's rights and privileges in violation of G.L. c. 12, §§11H, 11I.

55. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and exemplary damages, plus interest, costs and attorney's fees.

## COUNT III
### 42 U.S.C. §1983

56. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 55 herein as if set forth in full.

57. Defendant Phelps, by her actions as detailed above, while acting under color of state law, did cause Plaintiff to be subjected to a deprivation of its rights as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant Phelps for compensatory and exemplary damages, plus interest, costs and attorney's fees.

## COUNT IV
### 42 U.S.C. §1983

59. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 58 herein as if set forth in full.

60. Defendant Burke, by her actions as detailed above, while acting under color of state law, did cause Plaintiff to be subjected to a deprivation of its rights as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

61. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER
MASSACHUSETTS 02720
(508) 678-4656

8

WHEREFORE, Plaintiff demands judgment against Defendant Burke for compensatory and exemplary damages, plus interest, costs and attorney's fees.

## COUNT V
### G.L. c. 93, §102

62. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 61 herein as if set forth in full.

63. Defendants, by their actions as detailed above, did unlawfully infringe on Plaintiff's equal rights to make and enforce contracts and to otherwise enjoy the full and equal benefit of the laws in violation of G.L. c. 93, §102(a).

64. As a direct and proximate result of the above Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and exemplary damages, plus interest, costs and attorney's fees.

## COUNT VI
### Declaratory Judgment

65. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 64 as if set forth in full.

66. The actions and decisions of Defendant BOH are in violation of G.L. c. 111, §31E and ineffective as they were not rendered within 45 days of Plaintiff's completed submission nor did they notify Plaintiff of alleged deficiencies and/or violations in writing within the statutory time frame.

WHEREFORE, Plaintiff requests this Honorable Court declare Defendant BOH's actions and decisions null and void.

## COUNT VII
### Declaratory Relief

67. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 66 herein as if set forth in full.

68. The actions of the Defendant Con Com were promulgated in bad faith contrary to both the facts and law and beyond the scope of their jurisdiction.

WHEREFORE, Plaintiff prays this Honorable Court declare Defendant Con Com's cease and desist order null and void.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER
MASSACHUSETTS 02720
(308) 678-4506

9

## COUNT VIII
### Intentional Inference

69.  Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 68 herein as if set forth in full.

70.  Defendants Burke and Phelps, jointly and severally, have deliberately and intentionally interfered with Plaintiff's project to prevent its completion and deny Plaintiff of its use and enjoyment.

WHEREFORE, Plaintiff demands judgment against Defendants Burke and Phelps.

## COUNT IX
### Defamation

71.  Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 70 herein as if set forth in full.

72.  Defendants Burke and Phelps, jointly and severally, have defamed Plaintiff, its agents, servants, attorneys and employees, through the use of libelous statements without regard for the truth.

WHEREFORE, Plaintiff demands judgment against Defendants Burke and Phelps.

SIGNED and sealed under the pains and penalties of perjury this 15th day of July, 2005.

Brian R. Corey, Jr. as attorney for
M.A.P. East, LLC

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

Then personally appeared before me Brian R. Corey, Jr. as attorney for M.A.P. East, LLC and made oath that he has read the foregoing Complaint and knows the contents thereof, and that the facts stated therein are true of his knowledge, except as are stated to be based upon information and belief, and as to those, that he believes them to be true.

Arthur D. Frank, Jr. - Notary Public
My commission expires: 3/12/2010

M.A.P. East, LLC

By its attorney,

Arthur D. Frank, Jr., Esquire
B.B.O. #177250
10 Purchase Street
Fall River, MA 02720
(508) 678-4556

July 15, 2005

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

11



**TOWN OF WESTPORT**
**Application for Construction**
**Permit**

EXHIBIT
4

REG ___/___     CPY ___/___
RCT ___/___     ACT ___/___
RCD _____     ASR ___✓___

DATE RCV'D _12-28-04_
CHECK # _6497_

PERMIT NO. _05-18_     FEE $ _267.00_     CASH

---

PLEASE PRINT OR TYPE IN INK

APPLICANT _Donald R Bernier_     PHONE _508-353-3912_
ADDRESS _29 Thomas St Westport Ma_
OWNER _M.A.P LLC_     PHONE _508-672-1515_
ADDRESS _44 Cherry & Webb_
CONTRACTOR _D.R. Bernier G.C._     C.S. # _01004_  HIC # _____
ADDRESS _1604 Pleasant St F.R 02723_  PHONE _508-674-4415_
ARCH./ENG. _Fred Hanick P.E._     PHONE _508-998-2125_

---

LOCATION (Where work is to be done.)  _48 CHERRY & WEBB LN._

TYPE OF USE -  COMMERCIAL ☐     RESIDENTIAL ☒    FARM ☐
ZONING DISTRICT - RES. ☒      BUS. ☐     UNRESTRICTED ☐

**TYPE OF WORK**                          **TYPE OF USE**

A - NEW CONSTRUCTION ☒     1 - STORE ☐          6 - SHED ☐
B - ADDITION ☒                     2 - OFFICE ☐         7 - DECK ☒
C - ALTERATION ☒                 3 - DWELLING ☒      8 - PORCH ☐
D - DEMOLITION ☐                 4 - GARAGE ☐        9 - POOL ☐
E - RENOVATION ☒                5 - BARN ☐            10 - SIGN ☐
F - REPAIR ☐                        11 - USE OF PREMISES ☐
G - OTHER ☐ EXPLAIN_____

---

**BUILDING SITE DETAILS**  S.D. LOT # _____  MAP # _91_  ASSR. LOT # _53_
NEW LOTS - REGISTRY OF DEEDS  BOOK_____  PAGE_____  DATE_____
FRONTAGE_____ FT.    LOT AREA_____ SQ. FT.  UPLAND_____ SQ. FT.
FLOOD PLAIN - YES ☐     NO ☐     BUFFER ZONE - YES ☐     NO ☐
WATERFRONT - YES ☐     NO ☐     WETLANDS - YES ☐     NO ☐
DISTANCE OF PROPOSED STRUCTURE FROM LOT LINES
    STREET LINES_____ FT.          LEFT SIDE_____ FT.
    RIGHT SIDE_____ FT.            REAR_____ FT.
    AREA OF EXISTING BUILDINGS ON LOT          SQ. FT.

## SIZE OF STRUCTURE

| | | | | | |
|---|---|---|---|---|---|
| FIRST LEVEL | 27 | FT. x 34 FT. = AREA | 918 | SQ. FT. | 87,210 |
| SECOND LEVEL | 27 | FT. x 32 FT. = AREA | 864 | SQ. FT. | 56,160 |
| THIRD LEVEL | | FT. x FT. = AREA | | SQ. FT. | |
| ELLS | | FT. x FT. = AREA | | SQ. FT. | 43,370 |
| GARAGE | | FT. x FT. = AREA | | SQ. FT. | |
| PORCH | | FT. x FT. = AREA | | SQ. FT. | |
| DECKS | | FT. x FT. = AREA | | SQ. FT. | |
| SHEDS | | FT. x FT. = AREA | | SQ. FT. | |
| SIGNS | | FT. x FT. = AREA | | SQ. FT. | |
| POOLS - Size & Type | | FT. x FT. = AREA | | SQ. FT. | |
| | | TOTAL AREA | 1782 | SQ. FT. | |

**FOOTINGS**    EXISTING

CONTINOUS TYPE - SIZE_____ DEPTH_____ MATERIAL_____

PIER TYPE -   SIZE_____ DEPTH_____ MATERIAL_____

**FOUNDATION**    EXISTING

MATERIAL_____ THICKNESS_____ HEIGHT_____

DEPTH BELOW GRADE_____ HEIGHT ABOVE GRADE_____

SEAL COATING - YES ☐   NO ☐    TYPE_____

**FRAMING**

GIRDER - WOOD ☐ STEEL ☐ SIZE_____ MAX SPAN_____ FT.

LALLYS SIZE & TYPE_____ SIZE OF SILL PLATES_____

FLOOR JOISTS - OPEN WEB JT

1ST FL. SIZE 2x12 30" DISTANCE O/C 12"/9 SPAN 28'

2ND FL. SIZE 16" DISTANCE O/C 16" SPAN 26'-0"

3RD FL. SIZE JOIST DISTANCE O/C SPAN

CEILING JOISTS (SIZE TRUSS) DISTANCE O/C 24" SPAN 22'

OUTSIDE WALL STUDS SIZE 2X6 DISTANCE O/C 16" HEIGHT 8'2"

BEARING WALL STUDS SIZE 2X4 DISTANCE O/C 16" HEIGHT 8'2"

HEADER SIZES 2X12 SPANS 12'

BEAMS - TYPE W12X26 SIZE_____ SPAN_____

ROOF TYPE - "A" ☐ HIP ☑ SHED ☐ ROOF PITCH 8/12

ROOF RAFTERS SIZE TRUSS DISTANCE O/C 24" SPAN 22'

**SHEATHING**

FLOORS - TYPE & SIZE 3/4 T&G CDX

WALLS - TYPE & SIZE 1/2 CDX

ROOFS - TYPE & SIZE 1/2 C.DX

BLOCKING/FIRE STOP (Describe) Box FRAMING First + Second Floor

INSULATION - FLOORS R- 16 WALLS R- 16 CEILINGS R- 30

FIRE CODING - TYPE_____ LOCATION_____

COST OF CONSTRUCTION  $_____

**PLEASE READ BEFORE SIGNING**

    I CERTIFY THAT I HAVE READ THIS APPLICATION AND STATE THAT THE
INFORMATION CONTAINED HEREIN IS CORRECT.

    I AGREE TO COMPLY WITH ALL TOWN AND STATE LAWS AND ORDINANCES
RELATING TO BUILDING CONSTRUCTION.

    WORK MUST BEGIN WITHIN SIX MONTHS AND BE COMPLETED WITHIN TWO
YEARS OF PERMIT DATE, OTHERWISE PERMIT WILL EXPIRE. EXTENSIONS MAY
BE GRANTED UNDER CERTAIN CONDITIONS WHEN PROPERLY REQUESTED.

SIGNATURE OF APPLICANT _____  DATE _____

\* **Separate Form Required for Homeowner's Exemption.**

REMARKS PERTAINING TO CONSTRUCTION

_____
_____
_____
_____
_____
_____
_____
_____
_____

        REMARKS BY _____

## THIS PAGE FOR OFFICE USE ONLY

| ROUTING FOR OTHER JURISDICTION APPROVALS WHEN REQUIRED | | | |
|---|---|---|---|
| PLEASE FORWARD TO NEXT DEPARTMENT CHECKED | | | |
| CHECK | DEPARTMENT | BY | DATE |
| ✓ | BOARD OF HEALTH | *Ralph Welsh* | 1/11/05 |
| ✓ | CONSERVATION | *Phelps* | 1/12/05 |
|  | BOARD OF APPEALS |  |  |
|  | PLANNING |  |  |
|  |  |  |  |
| ✓ | BUILDING DEPT. |  |  |

---

**VALIDATION**

TAX STATUS · CURRENT ☒        DELINQUENT ☐

PERMIT NO. __05-18__        FEE $ __267.°⁰%__

DATE ISSUED __1-14-05__    CONST. VALUE $ __143,370.°⁰%__

TO __M.A.P. EAST L.L.C.__

ADDRESS __4B CHERRY & WEBB LN.__

S.D. LOT # _____  ASSR. LOT # __53__  MAP # __91__

BY __Robert Maltais__
     Building Inspector

---

**WORK CONTENT**

__BUILD A (2) LEVEL S.F.D. ON ORIGINAL__
__FOUNDATION — THIS PROJECT IS IN FLOOD ZONE__
__A-11 ELEV. 12__

FILE NO.
   __04-690__

EXHIBIT
**B1**

PERMIT NO. __05-17__

FEE $25.00/kk

"Persons contracting with unregistered contractors DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A)"

## TOWN OF WESTPORT
### BUILDING DEPARTMENT
856 MAIN ROAD, WESTPORT, MA 02790



# BUILDING PERMIT

THIS CERTIFIES THAT __M.A.P. EAST L.L.C.__

has permission to __DEMOLISH EXISTING DWELLING__

__To Be REPLACED w/ A NEW DWELLING__

at __44 CHERRY & WEBB LN.__ ___1-14___ 20 __05__

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_Robt Maltais_

__INSPECTOR OF BUILDINGS__

- _SEPARATE PERMIT_ REQUIRED FOR _WOODSTOVES AND FIREPLACES._

- _THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES_
  _AND NOT TORN DOWN OR REMOVED._

EXHIBIT B2

PERMIT NO. _413-18_

FEE $26.1

"Persons contracting with unregistered contractors DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A)"



# TOWN OF WESTPORT
## BUILDING DEPARTMENT
856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

1-18 _____ 20 05

THIS CERTIFIES THAT _M.A.P. EAST L.L.C._

has permission to _Build A (2) level S.F. Dwelling_

_IN FLOOD ZONE A-11 ELEV. 12'_

at _44 CHERRY & WEBB LN._

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS AND VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_Robert Mattais_    INSPECTOR OF BUILDINGS

- **SEPARATE PERMIT REQUIRED FOR WOODSTOVES AND FIREPLACES**

- **THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES AND NOT TORN DOWN OR REMOVED.**

TOWN OF WESTPORT BUILDING DEPARTMENT
## OCCUPANCY INSPECTION PERMIT

| DEPARTMENT | 1 | 2 | 3 | FINAL |
|---|---|---|---|---|
| BOARD OF HEALTH | | | | |
| BUILDING | | | | |
| ELECTRICAL | | | | |
| PLUMBING | | | | |
| GAS | | | | |
| FIRE | | | | |
| PLANNING | | | | |

THIS CERTIFIES THAT _____ HAS PERMISSION TO

OCCUPY PREMISES AT _____

_____
BUILDING INSPECTOR

NOTES:

- KEY MUST BE AVAILABLE FOR INSPECTORS.
- NEW LOTS MUST POST LOT NUMBER IN A CONSPICUOUS LOCATION.





EXHIBIT



## Massachusetts Department of Environmental
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40



EXHIBIT D

DEP File Number:

SE 80-1412

BK 7452 PG 160
03/14/05 03:42 DOC. 7554
Bristol Co. S.D.

## A. General Information

ORIGINAL

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor – do not use the return key.

From: **Westport**
1. Conservation Commission

2. This issuance is for (check one): ☒ Order of Conditions ☐ Amended Order of Conditions

3. To: Applicant:

| | | M.A.P. East LLC |
| --- | --- | --- |
| a. First Name | b. Last Name | c. Company |

**20 Development Street**
d. Mailing Address

| **Fall River** | **MA** | **02721** |
| --- | --- | --- |
| e. City/Town | f. State | g. Zip Code |

4. Property Owner (if different from applicant):

| **Same** | | |
| --- | --- | --- |
| a. First Name | b. Last Name | c. Company |

d. Mailing Address

| | | |
| --- | --- | --- |
| e. City/Town | f. State | g. Zip Code |

5. Project Location:

| **44 Cherry and Webb Lane** | **Westport** |
| --- | --- |
| a. Street Address | b. City/Town |

| **91** | **53** |
| --- | --- |
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known (note: electronic filers will click for GIS locator):

| | |
| --- | --- |
| e. Latitude | f. Longitude |

6. Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

| **Bristol** | |
| --- | --- |
| a. County | b. Certificate (if registered land) |

| **6868** | **329-330** |
| --- | --- |
| c. Book | d. Page |

7. Dates:

| **2-17-05** | **3-1-05** | **3-7-05** |
| --- | --- | --- |
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8. Final Approved Plans and Other Documents (attach additional plan or document references as needed):

**Subsurface Sewage Disposal System**
a. Plan Title

| **Sitec, Inc.** | **Steven D. Gioiosa** |
| --- | --- |
| b. Prepared By | c. Signed and Stamped by |

| **1-31-05** | |
| --- | --- |
| d. Final Revision Date | e. Scale |

| | |
| --- | --- |
| f. Additional Plan or Document Title | g. Date |

9. Total WPA Fee Paid:

| **500** | **282.50** | **227.50** |
| --- | --- | --- |
| a. Total Fee Paid | b. State Fee Paid | c. City/Town Fee Paid |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 -- Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## B. Findings

1.  Findings pursuant to the Massachusetts Wetlands Protection Act:

    Following the review of the above-referenced Notice of Intent and based on the information provided in this application and presented at the public hearing, this Commission finds that the areas in which work is proposed is significant to the following interests of the Wetlands Protection Act. Check all that apply:

    | | | | | | |
    |---|---|---|---|---|---|
    | a. ☐ Public Water Supply | b. ☐ Land Containing Shellfish | c. ☒ Prevention of Pollution |
    | d. ☒ Private Water Supply | e. ☐ Fisheries | f. ☐ Protection of Wildlife Habitat |
    | g. ☒ Groundwater Supply | h. ☒ Storm Damage Prevention | i. ☒ Flood Control |

2.  This Commission hereby finds the project, as proposed, is: (check one of the following boxes)

    **Approved subject to:**

    ☒ the following conditions which are necessary in accordance with the performance standards set forth in the wetlands regulations. This Commission orders that all work shall be performed in accordance with the Notice of Intent referenced above, the following General Conditions, and any other special conditions attached to this Order. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, these conditions shall control.

    **Denied because:**

    ☐ the proposed work cannot be conditioned to meet the performance standards set forth in the wetland regulations. Therefore, work on this project may not go forward unless and until a new Notice of Intent is submitted which provides measures which are adequate to protect these interests, and a final Order of Conditions is issued. **A description of the performance standards which the proposed work cannot meet is attached to this Order.**

    ☐ the information submitted by the applicant is not sufficient to describe the site, the work, or the effect of the work on the interests identified in the Wetlands Protection Act. Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides sufficient information and includes measures which are adequate to protect the Act's interests, and a final Order of Conditions is issued. **A description of the specific information which is lacking and why it is necessary is attached to this Order as per 310 CMR 10.05(6)(c).**

    **Inland Resource Area Impacts:** Check all that apply below. (For Approvals Only)

    | Resource Area | | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
    |---|---|---|---|---|---|
    | 3. ☐ | Bank | a. linear feet | b. linear feet | c. linear feet | d. linear feet |
    | 4. ☐ | Bordering Vegetated Wetland | a. square feet | b. square feet | c. square feet | d. square feet |
    | 5. ☐ | Land Under Waterbodies and Waterways | a. square feet | b. square feet | c. square feet | d. square feet |
    | | | e. cu.yd dredged | f. cu.yd dredged | | |

BK 7452 PG 162



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## B. Findings (cont.)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 6. ☐ Bordering Land Subject to Flooding | a. square feet | b. square feet | c. square feet | d. square feet |
| Cubic Feet Flood Storage | e. cubic feet | f. cubic feet | g. cubic feet | h. cubic feet |
| 7. ☐ Isolated Land Subject to Flooding | a. square feet | b. square feet | | |
| Cubic Feet Flood Storage | c. cubic feet | d. cubic feet | e. cubic feet | f. cubic feet |
| 8. ☐ Riverfront area | a. total sq. feet | b. total sq. feet | | |
| Sq ft within 100 ft | c. square feet | d. square feet | | |
| Sq ft between 100-200 ft | e. square feet | f. square feet | | |

**Coastal Resource Area Impacts: Check all that apply below.  (For Approvals Only)**

| | | | |
|---|---|---|---|
| 9. ☐ Designated Port Areas | Indicate size under Land Under the Ocean, below | | |
| 10. ☐ Land Under the Ocean | a. square feet | b. square feet | |
| | c. cu.yd dredged | d. cu.yd dredged | |
| 11. ☒ Barrier Beaches | Indicate size under Coastal Beaches and/or Coastal Dunes below | | |
| 12. ☐ Coastal Beaches | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt. |
| 13. ☒ Coastal Dunes | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt. |
| 14. ☒ Coastal Banks | a. linear feet | b. linear feet | | |
| 15. ☐ Rocky Intertidal Shores | a. square feet | b. square feet | | |
| 16. ☐ Salt Marshes | a. square feet | b. square feet | c. square feet | d. square feet |
| 17. ☐ Land Under Salt Ponds | a. square feet | b. square feet | | |
| | c. cu.yd dredged | d. cu.yd dredged | | |
| 18. ☐ Land Containing Shellfish | a. square feet | b. square feet | c. square feet | d. square feet |
| 19. ☐ Fish Runs | Indicate size under Coastal Banks, Inland Bank, Land Under the Ocean, and/or Inland Land Under Waterbodies and Waterways, above | | |
| | a. cu.yd dredged | b. cu.yd dredged | | |
| 20. ☒ Land Subject to Coastal Storm Flowage | a. square feet | b. square feet | | |

BK 7452 PG 163



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 -- Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## C. General Conditions Under Massachusetts Wetlands Protection Act

(only applicable to approved projects)

1. Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2. The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3. This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4. The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
   a. the work is a maintenance dredging project as provided for in the Act; or
   b. the time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.

5. This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.

6. Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.

7. This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

8. No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to this Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

9. A sign shall be displayed at the site not less than two square feet or more than three square feet in size bearing the words,

"Massachusetts Department of Environmental Protection" [or, "MA DEP"]

*File Number   SE 80-1412   *

BK. 7452 PG. 164



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

DEP File Number:

# WPA Form 5 – Order of Conditions

SE 80-1412

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

## C. General Conditions Under Massachusetts Wetlands Protection Act

10. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before DEP.

11. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

12. The work shall conform to the plans and special conditions referenced in this order.

13. Any change to the plans identified in Condition #12 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

14. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

15. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.

16. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

17. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

Special Conditions:

If you need more space for additional conditions, select box to attach a text document ☐

1) Erosion and sediment control barrier to be erected as and in location described on plan prior to start of work -- this fence shall serve as the limit of work; 2) All fill to match existing material as to both particle size and composition - sample to be furnished to the WCC prior to beginning of work; 3) Any excess fill or excavated material not used for septic system to be removed from site; 4) No work to be performed without approval from Board of Health



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1. Furthermore, the _____ hereby finds (check one that applies):

   <u>Conservation Commission</u>

2. ☐ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw specifically:

   _____   _____
   a. Municipal Ordinance or Bylaw                       b. Citation

   Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

3. ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

   _____   _____
   a. Municipal Ordinance or Bylaw                       b. Citation

   The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

   c. The special conditions relating to municipal ordinance or bylaw are as follows:

*If you need more space for additional conditions, select box to attach a text document ☐*

   _____

   _____

   _____

   _____

# BK 7452 PG 166



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

DEP File Number:

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

SE 80-1422

## E. Issuance

This Order is valid for three years, unless otherwise specified as a special
condition pursuant to General Conditions #4, from the date of issuance.
Please indicate the number of members who will sign this form:
This Order must be signed by a majority of the Conservation Commission.

1. Date of Issuance

2. Number of Signers

The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A
copy also must be mailed or hand delivered at the same time to the appropriate Department of
Environmental Protection Regional Office, if not filing electronically, and the property owner, if different
from applicant.

Signatures:

_Susan Burke Pedroia_

_John D. Reynolds_

**Notary Acknowledgement**

Commonwealth of Massachusetts County of     **Bristol**

On this     _7th_     of     _March_     _2005_
Day                                   Month          Year

Before me, the undersigned Notary Public,     _Tasia Reyden_
personally appeared                                   Name of Document Signer

proved to me through satisfactory evidence of identification, which was/were

_known to me_
Description of evidence of identification

to be the person whose name is signed on the preceding or attached document, and acknowledged to
me that he/she signed it voluntarily for its stated purpose.

As member of     **Westport**     **Conservation Commission**
                          City/Town

Signature of Notary Public
Leone F. Farias
Printed Name of Notary Public
October 6, 2011
My Commission Expires (Date)

Place notary seal and/or any stamp above

This Order is issued to the applicant as follows:

☑ by hand delivery on
_3-7-05_
Date

☐ by certified mail, return receipt requested, on

Date



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

<u>SE 80-1412</u>

---

## F. Appeals

The applicant, the owner, any person aggrieved by this Order, any owner of land abutting the land subject to this Order, or any ten residents of the city or town in which such land is located, are hereby notified of their right to request the appropriate DEP Regional Office to issue a Superseding Order of Conditions. The request must be made by certified mail or hand delivery to the Department, with the appropriate filing fee and a completed Request of Departmental Action Fee Transmittal Form, as provided in 310 CMR 10.03(7) within ten business days from the date of issuance of this Order. A copy of the request shall at the same time be sent by certified mail or hand delivery to the Conservation Commission and to the applicant, if he/she is not the appellant.

The request shall state clearly and concisely the objections to the Order which is being appealed and how the Order does not contribute to the protection of the interests identified in the Massachusetts Wetlands Protection Act, (M.G.L. c. 131, § 40) and is inconsistent with the wetlands regulations (310 CMR 10.00). To the extent that the Order is based on a municipal ordinance or bylaw, and not on the Massachusetts Wetlands Protection Act or regulations, the Department has no appellate jurisdiction.

**Section G, Recording Information is available on the following page.**



# Massachusetts Department of Environmental Protection
## Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____

Provided by DEP



**EXHIBIT**

## A. Violation Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.




This Enforcement Order is issued by:

**Westport**
Conservation Commission (Issuing Authority)                                    Date

To:

**M.A.P. East LLC/ Michael Bisko**
Name of Violator

**44 Cherry and Webb Lane**
Address

1. **Location of Violation:**

Property Owner (if different)

**44 Cherry and Webb Lane**
Street Address

**Westport, MA**
City/Town                                                    Zip Code

**91**                                                       **53**
Assessors Map/Plat Number                                    Parcel/Lot Number

2. **Extent and Type of Activity:**

Failure to comply with all conditions of Order of Conditions (DEP file # SE 80-1412): 7, 8, 17, and Special Condition(s) 1, 2, 4.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒ the activity has been/is being conducted without a valid Order of Conditions.

☒ the activity has been/is being conducted in violation of the Order of Conditions issued to:

**M.A. P. East, LLC**                                       **3-7-2005**
Name                                                        Dated

**File Number**                                            **Condition number(s)**

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP

---

## B. Findings (cont.)

☒ Other (specify):

Demolition of existing dwelling and new construction that appears to require an Order of Conditions has occurred/is occurring on the site. In conjunction with this, construction machinery and a dumpster are being stored on a resource area and within 100 ft of a salt marsh/coastal bank.

---

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its original condition.

☐ Complete the attached Notice of Intent. The completed application and plans for all proposed work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

Date

No further work shall be performed ntil a public hearing has been held and an Order of Conditions has been issued to regulate said work.

☒ The property owner shall take the following action to prevent further violations of the Act:

1) Appear before the Conservation Commission on March 15, 2005, at 7 pm to answer questions regarding violations of your Order of Conditions and questions about additional work on the site that may require a permit under the Wetlands Protection Act.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a) shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing violation shall constitute a separate offense.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 9A — Enforcement Order**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP

## D. Appeals/Signatures

An Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.

Questions regarding this Enforcement Order should be directed to:

Name

Phone Number

Hours/Days Available

Issued by:

Conservation Commission

In a situation regarding immediate action, an Enforcement Order may be signed by a single member or agent of the Commission and ratified by majority of the members at the next scheduled meeting of the Commission.

Signatures:

*James Phelps, Agent*

*[signature]*
Signature of delivery person or certified mail number



SHORELINES

WESTPORT, MA / THURSDAY, JULY 14, 2005

50¢

## Dispute simmers over coastal properties

*Board of Health, building inspector clash over waterfront additions*

**BY PEGGY AULISIO**
paulisio@eastbaynewspapers.com

The Board of Health is in dispute with the building inspector over permits he granted to owners of several coastal properties. The clash has centered over his approval of additions to houses on East Beach Road and Cherry & Webb Lane.

On Monday, the Board of Health held an onsite meeting at 44 Cherry &1ulation in September 2003 that is more restrictive than state DEP regulations. The local regulation applies to any renovation or reconstruction that increases the footprint — or is larger than the foundation — of the original building. It also applies to additions increasing the floor space by more than 50 percent.

Any such work requires a permit from the board of health. The property owner then has to comply with Title V septic regulations and rules for well setbacks. The board can impose penalties of up to $100 a day for noncompliance.

Brenda Burke, chairman of the board of health, said, "Recently, a well known builder in Westport commented that it is easier to gain forgiveness than permission. This tactic of building first and dealing with local boards after the fact is nowhere more apparent than at 44 Cherry & Webb Lane and 120 East Beach Road. Major construction is taking place in resource areas designated as flood zones, which prohibit it."

She added, "This time round and in the future, the board of

EXHIBIT
F



Vol. 11, No. 28

health is taking a much needed stand against such tactics. We are mandated by law to enforce state and local regulations. Despite being threatened with libel action and even restraining orders, that is exactly what we're mandated to do."

Building inspector Bob Maltais said he approved the additions because they met the requirements of all town boards. Saying he was upset with the board of

See **COASTAL** Page 20

From Page 1

health's comments about him, Mr. Maltais said he never gives permits without the required approvals from other boards. In the cases of the East Beach and Cherry & Webb construction, the senior health agent, Ralph Urban, and the conservation agent, Anne Phelps, both signed off on them.

Ms. Phelps said later that she was shown plans for a renovation to the front deck at Cherry & Webb, not for it to be replaced with pylons to support two floors above it. The conservation commission signed off on the East Beach house as long as the owner complied with an order of conditions.

Mr. Urban did not return a call from Shorelines before this week's deadline.

Mr. Maltais said the board of health's more restrictive regulation would not hold up in court. In Mr. Velozo's case, Mr. Maltais said the owner had been waiting for more than a year for a building permit and should not be asked to wait any longer.

Ms. Burke balked at criticism that lawsuits over these properties are costing the town money. "Please consider the alternative — the loss of precious resource areas by allowing new construction without regard for the very regulations created to protect the public health and environment."

Ms. Burke said, "It is the few applicants who show little respect for town by-laws and the lawyers they hire who are costing the town needless expense, not the volunteers who are trying hard to do a good job for the town."

Commenting on the apparent clash between the board of health and building inspector, Ms. Burke said, "Town boards are improving communication with each other and gaining a better understanding of their respective duties and responsibilities. This will go a long

way to curb self interest over the greater good."

## Locations with a history

Before passing its building renovation regulation, the board of health expressed frustration with the spate of large additions to coastal homes. Mr. Velozo's house is in an area where most surrounding properties are limited to trailers. The trailers have to be moved after the summer season.

The trailers-only restriction is a result of past hurricanes in this area. With the Hurricane of 1938, Hurricane Carol, Bob and other storms destroying summer cottages along this stretch, many properties were limited to trailers that could be removed. In fact, when a major hurricane is imminent, it is likely the owners will be asked to move them.

Town boards, including the conservation commission, have restrictions on adding permanent fixtures here like cement driveways or foundations. One reason to deny them is that they could blow up and cause harm in a storm. The conservation commission has asked the DEP to intercede in some notable cases, including against a trailer owner who added a cement foundation. Some former conservation commission members, like Elliott LaMontagne, have said the town should not impose stricter regulation than is mandated by DEP.

## Housing market changes

With the value of coastal homes skyrocketing, some people who own small cottages here are using a grandfathered clause to build up and even out. Some cottage owners are converting them into large, full-time residences.

Another factor is the aging population. Some owners simply want to convert a cottage to a house where they can live in retirement. In that case, they want more space and more modern amenities.



## In noncompliance:

The board of health said the house at Cherry & Webb is in noncompliance with these regulations:

■ Septic system placement regulation: No new septic systems are allowed in a flood zone.

■ Building renovation regulation, passed in 2003: No increase in square footage/living space over 50 percent. Also, no change in footprint and no potential for increase in flow, i.e., bedrooms, are allowed.

Heirs to coastal properties often want more modern and greater living space.

A drive by First Street near East Beach provides examples of several houses that have been expanded and modernized. Some were permitted before the board of health's new regulation.

The restriction on building up but not out is creating some odd architecture. When more than one floor is added, the result can resemble a triple decker.

### No more bedrooms

The state DEP regulations focus on not allowing any more bedrooms. That's because an increase in bedrooms equates to higher occupancy and an increase in flow to the septic system.

Giving a tour of the Cherry & Webb house, Mr. Corey argued the addition is allowed by DEP because no bedrooms have been added. Although the square footage has increased, there are still only two bedrooms. The entire top floor is now open space, including a large living room and kitchen. By building up, the owners have obtained a spectacular view of Westport Harbor from this room.

Although there are still only two bedrooms, Ms. Burke quoted from the building renovation regulation on the "potential" to turn some of the interior space into another bedroom. It was partly to stop homeowners from skirting the DEP on not adding bedrooms that the board of health passed its own regulation.

The argument is that once the sides are up to a house, an owner can convert a room marked as a den or office into another bedroom. In that case, there would be an increase in "flow" to the septic system, Ms. Burke said.

Mr. Maltais disagreed, saying, "If you're going to live by potentials, that's possible in every house in Westport."

Touring the house at Cherry &

Webb, Elizabeth Collins, chairwoman of the board of selectmen, asked how a central room could be later converted. If it were made into a bedroom, people using the bedrooms would have to walk through it on the way to the bathroom.

The clash over the Cherry & Webb house also involved whether the old front deck could be included in the footprint. Health board member Donna Lambert said the pylons built to support the floors above the deck area — plus this added square footage — make this new construction and not just a renovation to an existing dwelling. As such, it must comply with Title V and the board of health regulation, Ms. Lambert said.

The third board of health member, Sean Leach, has recused himself from votes on both of these properties because the company he works for, SITEC, is involved with them.

03/25/2005    14:49    ARTHUR FRANK → 5086361018                          NO.887    002

## Commonwealth of Massachusetts
### County of Bristol
### The Superior Court

CIVIL DOCKET# BRCV2005-00307

M.A.P., East, LLC,

        Plaintiff

vs.

# 05 - 11669 JLT

Tanya Ryden, Richard Lambert, John Reynolds, Thomas McGarr, Paul Hebert, Susan Pedreira, Ed Rooney, Westport Town of Conservation Commission, Sean M. Leach, Donna Lambert, Brenda J. Burke, Westport Board of Health,

        Defendant(s)

### SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

    You are hereby summoned and required to serve upon, plaintiff's attorney, Arthur D Frank Jr, Esquire of 10 Purchase Street Fall River, MA 02720 ,, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

    You are also required to file your answer to the complaint in the office of Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction.

    And that a hearing upon such application will be held at the court house at said Fall River, in said county, on 03/31/2005 A.D. at 02:00 PM, in CtRm 1 (Fall River) at which time you may appear and show cause why such application should not be granted.

    In the meantime, until such hearing, WE COMMAND YOU, said Defendants and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from interfering with the actions taken by the Plaintiff to secure the property at 44 Cherry & Webb Lane, Westport, MA from damage by rain or any other elements.

    Witness, Barbara J. Rouse, Esquire, Chief Justice of the Superior Court at Fall River, Massachusetts this 25th day of March, 2005.

                             Assistant Clerk

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) M.A.P. EAST, LLC | DEFENDANT(S) TOWN OF WESTPORT CONSERVATION COMMISSION and TOWN OF WESTPORT BOARD OF HEALTH |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Arthur D. Frank, Jr. (508) 678-4556 10 Purchase St., Fall River, MA 02720 Board of Bar Overseers number: 177250 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Appeal of Enforcement Order/ Injunctive Relief | ( F ) | ( ) Yes ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................... $...........
2. Total Doctor expenses ................................................................................. $...........
3. Total chiropractic expenses .......................................................................... $...........
4. Total physical therapy expenses .................................................................... $...........
5. Total other expenses (describe) ..................................................................... $...........
   Subtotal $...........

B. Documented lost wages and compensation to date ............................................ $...........
C. Documented property damages to date ........................................................... $...........
D. Reasonably anticipated future medical and hospital expenses .............................. $...........
E. Reasonably anticipated lost wages ................................................................. $...........
F. Other documented items of damages (describe)
   $...........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$...........
TOTAL $...........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 3/25/05

AOTC C mtc005-11/99

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    SUPERIOR COURT DEPARTMENT
                                                C.A. NO.

*****************************************

M.A.P. EAST, LLC,                                    *
                                   Plaintiff          *
                                                      *
vs.                                                   *
                                                      *
TANJA RYDEN, RICHARD LAMBERT,                        *    VERIFIED COMPLAINT
JOHN REYNOLDS, THOMAS McGARR,                        *    AND REQUEST FOR
PAUL HEBERT, SUSAN PEDREIRA and                      *    INJUNCTIVE RELIEF
and ED ROONEY, as they constitute the TOWN *
OF WESTPORT CONSERVATION                              *
COMMISSION and SEAN M. LEACH, DONNA*
LAMBERT and BRENDA J. BURKE, as they                 *
constitute the TOWN OF WESTPORT BOARD *
OF HEALTH,                                            *
                                   Defendants         *
*****************************************

### PARTIES

1.  Plaintiff is a limited liability company organized pursuant to the laws of the

    Commonwealth of Massachusetts with a principal office located at 138 Rock Street, Fall

    River, Massachusetts.

2.  Defendant Town of Westport Conservation Commission (hereinafter "Defendant Con

    Com") is comprised of the following individuals:

    Tanja Ryden                          Paul Hebert
    34 Fallon Drive                      29 Crane Avenue
    Westport, MA 02790                   Westport, MA 02790

    Richard Lambert                      Susan Pedreira
    343 Old Bedford Road                 P.O. Box 3179
    Westport, MA 02790                   Westport, MA 02790

    John Reynolds                        Ed Rooney
    44 Pratt Avenue                      271 Division Road
    Westport, MA 02790                   Westport, MA 02790

    Thomas McGarr
    26 Tickle Road
    Westport, MA 02790

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4534

1

3.  Defendant Town of Westport Board of Health (hereinafter "Defendant BOH") is
comprised of the following individuals:

Sean M. Leach                         Brenda J. Burke
521 Division Road                     P.O. Box 453
Westport, MA 02790                    Westport Point, MA 02791\

Donna Lambert
343 Old Bedford Road
Westport, MA 02790

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

4.  Plaintiff is the owner of land with buildings thereon situated on the south side of Cherry
& Webb Lane, Westport, Massachusetts and depicted on Town of Westport Assessor's
Map 91 as Lot 53. The parcel contains two dwellings, Nos. 44 and 48.

5.  Dwelling No. 44 is serviced by an existing septic system located to the south of said
dwelling. A portion of the system is believed to be located on land now or formerly of
Taradash.

6.  On December 28, 2004, Plaintiff's contractor, Donald Bernier (hereinafter "Bernier")
applied to the Town of Westport Building Department for a building permit to make
various repairs, renovations, alterations and additions to 44 Cherry & Webb Lane. A
copy of this application is attached hereto and made a part hereof as Exhibit "A".

7.  In accordance with the practices and procedures in place with the Town of Westport, the
application and attendant plan were vectored to the respective agents for Defendants Con
Com and BOH for review prior to the issuance of any permit. The withholding of a sign-
off from either or both agents would indicate to the Building Inspector and subsequently
to the applicant that some form of permit or other permission was needed from
Defendants Con Com and/or BOH prior to commencing the requested work.

8.  On January 11, 2005, Ralph Urban, Agent for Defendant BOH, signed off on Plaintiff's
permit.

9.  On January 12, 2005, Anne Phelps, Agent for Defendant Con Com, signed off on
Plaintiff's permit.

10. On January 14, 2005, Robert Maltais, Building Inspector for the Town of Westport,
issued Building Permit No. 05-18 to Bernier for the requested work. Permit No. 05-17

ARTHUR B. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 679-4548

2

was issued for demolition work.[1] Copies of both permits are attached hereto and made a part hereof as Exhibits "B1" and "B2".

11. On February 17, 2005, Plaintiff, by and through its environmental engineer, Sitec, Inc., filed a Notice of Intent with Defendant Con Com for the construction of a new sub-surface sewage disposal system for No. 44. This was done in order to close the existing system on the abutter's land and eliminate encroachment problem that existed with the present system. A copy of Sitec's plan is attached hereto and made a part hereof as Exhibit "C".

12. Sitec had determined that the Notice of Intent was necessary due to the fact that the new system was to be constructed in the 100 foot Buffer Zone that extends from the Coastal Bank of the Westport River south across Cherry & Webb Lane and onto Plaintiff's property. Dwelling No. 44 is not within the 100 foot Buffer Zone.

13. On March 1, 2005, Defendant Con Com convened a public hearing on Plaintiff's Notice of Intent. On March 7, 2005, they issued an Order of Conditions by which Plaintiff would construct the new septic system. A copy of the Order of Conditions is attached hereto and made a part hereof as Exhibit "D".

14. In accordance with M.G.L., there is a ten (10) day appeal period of an Order of Conditions. Consequently, Orders of Conditions usually are not recorded until the appeal period runs.

15. On March 14, 2005, Bernier's project coordinator, Michael Biszko, Jr. (hereinafter "Biszko") commenced work on dwelling No. 44 in accordance with the building permit. In connection therewith, he brought excavating equipment, dumpsters and workers. A trench was dug to shore up the piers and footings of the deck of the house to structurally support the addition. A supporting concrete wall was poured around the existing piers and footings. All work was in keeping with the description delineated on the building permit application and attendant plan. The soils from the trench were piled on site.

16. On said date, Agent Phelps came onto the property and threatened Biszko with an enforcement order for performing the work described above, keeping dumpsters on the property, operating equipment and piling soils. She further ordered him to remove all

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER
MASSACHUSETTS 02720
(508) 675-4096

[1] N.B. For Assessor's purposes, Mr. Maltais put the number 48 on the building permit application since the Assessor carried only one street address in their record.

3

dumpsters, remove all heavy machinery from the 100 foot Buffer Zone and remove the pile of soil.

17. Agent Phelps castigated Biszko for performing work without complying with the Order of Conditions and without recording it.

18. Biszko reminded Agent Phelps that she had signed off on the work authorized by the building permit and that the Order of Conditions did not apply to the dwelling.

19. Agent Phelps' response was to hand Biszko an Enforcement Order, a copy of which is attached hereto and made a part hereof as Exhibit "E".

20. The Enforcement Order indicates that Plaintiff was conducting activity in violation of the Order of Conditions and of conducting activity without an Order of Conditions. Biszko was also ordered to record the Order of Conditions despite the fact that the 10 day appeal period would not run out until March 17, 2005.

21. On March 15, 2005, Attorney Brian Corey (hereinafter "Attorney Corey") specially appeared before Defendant Con Com on behalf of Plaintiff to ascertain why Defendant Con Com had issued the Enforcement Order. When Attorney Corey reminded the Board that Agent Phelps had approved the work on the dwelling without the necessity of filing a Notice of Intent, they chose to ignore it. Instead, Defendant Con Com voted to ratify the Enforcement Order issued by Phelps.

22. On March 21, 2005, Defendant Con Com and Defendant BOH met jointly at the Westport Town Hall Annex without notice to Plaintiff and under belief in violation of the Massachusetts Open Meeting Law.

23. Under information and belief, Defendants discussed the situation at the Plaintiff's property and possible enforcement/sanction options.

24. Building Inspector Maltais attended this meeting and questioned both Defendants as to why they were interfering with Plaintiff's use of a validly issued building permit. Mr. Maltais' query was ignored by Defendants.

25. Under information and belief, Plaintiff believes Defendants conspired to issue some form of cease and desist order against Plaintiff's project at the March 21, 2005 meeting. No service of any of the orders has been properly served on Plaintiff or Plaintiff's agent as required by the Massachusetts Secretary of State.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PLEASANT STREET
FALL RIVER
MASSACHUSETTS 02721
(508) 672-4998

4

26. If Plaintiff is made to cease all work, including work validly permitted under the building permit, he will be denied the use and enjoyment of his property which is unique. Further, his construction schedule will be compromised to the extent that future use and enjoyment of the property will be in jeopardy.

27. Plaintiff has no plain or adequate remedy at law.

### COUNT I
### Injunctive Relief

28. Plaintiff repeats and reavors the allegations contained in Paragraphs 1 through 27 herein as if set forth in full.

WHEREFORE, Plaintiff requests this Honorable Court issue the following injunctive relief:

1. Temporarily restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

2. Issue a short order of notice.

3. Issue a preliminary injunction to restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

4. Order a speedy completion of the pleadings.

5. Declare Plaintiff has the right to exercise the rights granted in Building Permit No. 05-18 and permanently enjoin Defendants from preventing same.

SIGNED and sealed under the pains and penalties of perjury this 25th day of March, 2005.

Brian R. Corey, Jr.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4288

Then personally appeared before me Brian R. Corey, Jr. and made oath that he has read the foregoing Complaint and knows the contents thereof, and that the facts stated therein are true

5

of his knowledge, except as are stated to be based upon information and belief, and as to those, that he believes them to be true.

_____
Arthur D. Frank, Jr. - Notary Public
My commission expires: 3/12/2010

M.A.P. East, LLC

By its attorney,



_____
Arthur D. Frank, Jr., Esquire
B.B.O. #177250
10 Purchase Street
Fall River, MA 02720
(508) 678-4556

March 25, 2005

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

03/25/2005    14:49    ARTHUR FRANK → 5086361018                                    NO.887    D18

EXHIBIT
A



**TOWN OF WESTPORT**
**Application for Construction**
**Permit**

REG  /          CPY
ACT  /          ACT  /
RCD____         ASR  /

DATE RCV'D  _12-28 ·04_
CHECK #  _6497_

PERMIT NO. _05 - 18_          FEE $ _267 °%0_          CASH

PLEASE PRINT OR TYPE IN INK

APPLICANT _Donald R Bernier_                    PHONE. _508-353-3912_
ADDRESS _29 Thoards St Westport Ma._
OWNER _M.A.P LLC_                                PHONE _508-679-1515_
ADDRESS _44 Cherry & Webb_
CONTRACTOR _D.R. Bernier G.C._    C.S. # _010041_ HIC #
ADDRESS _1204 Pleasant St F.R. 02723_  PHONE _508-674-4415_
ARCH./ENG. _Fred Hancik P.E._                   PHONE _508-995-2125_

**LOCATION** (Where work is to be done.)  _48 Cherry & Webb Ln._

TYPE OF USE -   COMMERCIAL ❑          RESIDENTIAL ☒    FARM ❑
ZONING DISTRICT - RES. ☒          BUS. ❑        UNRESTRICTED ❑

| **TYPE OF WORK** | **TYPE OF USE** | |
|---|---|---|
| A - NEW CONSTRUCTION ☒ | 1 - STORE ❑ | 6 - SHED ❑ |
| B - ADDITION ☒ | 2 - OFFICE ❑ | 7 - DECK ☒ |
| C - ALTERATION ☒ | 3 - DWELLING ☒ | 8 - PORCH ❑ |
| D - DEMOLITION ❑ | 4 - GARAGE ❑ | 9 - POOL ❑ |
| E - RENOVATION ☒ | 5 - BARN ❑ | 10 - SIGN ❑ |
| F - REPAIR ❑ | 11 - USE OF PREMISES ❑ | |
| G - OTHER ❑ EXPLAIN | | |

**BUILDING SITE DETAILS**  S.D. LOT # _____  MAP # _91_  ASSR. LOT # _53_
NEW LOTS - REGISTRY OF DEEDS  BOOK_____  PAGE_____  DATE_____
FRONTAGE_____FT.    LOT AREA_____SQ. FT.  UPLAND_____SQ. FT.
FLOOD PLAIN - YES ❑    NO ❑      BUFFER ZONE - YES ❑        NO ❑
WATERFRONT - YES ❑    NO ❑      WETLANDS - YES ❑          NO ❑
DISTANCE OF PROPOSED STRUCTURE FROM LOT LINES
   STREET LINES_____FT.              LEFT SIDE_____FT.
   RIGHT SIDE_____FT.                REAR_____FT.
   AREA OF EXISTING BUILDINGS ON LOT_____SQ. FT.

## SIZE OF STRUCTURE

| | | | | |
|---|---|---|---|---|
| FIRST LEVEL | _27_ | FT. x _34_ FT. = AREA _918_ | SQ. FT. | 87,210 |
| SECOND LEVEL | _27_ | FT. x _32_ FT. = AREA _864_ | SQ. FT. | 56,160 |
| THIRD LEVEL | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| ELLS | | FT. x ____ FT. = AREA ____ | SQ. FT. 43,370 | |
| GARAGE | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| PORCH | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| DECKS | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| SHEDS | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| SIGNS | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| POOLS - Size & Type | | FT. x ____ FT. = AREA ____ | SQ. FT. | |
| | | TOTAL AREA _1782_ | SQ. FT. | |

---

### FOOTINGS  EXISTING

CONTINOUS TYPE - SIZE _____ DEPTH _____ MATERIAL _____

PIER TYPE - SIZE _____ DEPTH _____ MATERIAL _____

### FOUNDATION  EXISTING

MATERIAL _____ THICKNESS _____ HEIGHT _____

DEPTH BELOW GRADE _____ HEIGHT ABOVE GRADE _____

SEAL COATING - YES ☐ NO ☐ TYPE _____

---

### FRAMING

GIRDER - WOOD ☐ STEEL ☐ SIZE _____ MAX SPAN _____ FT.

LALLYS SIZE & TYPE _____ SIZE OF SILL PLATES _____

FLOOR JOISTS - OPEN WEB JOIST

1ST FL. SIZE 2x12 30" DISTANCE O/C 18 "12 " SPAN 24'-0"

2ND FL. SIZE JOIST 16" DISTANCE O/C 16 " SPAN 22'-0"

3RD FL. SIZE JOIST DISTANCE O/C _____ SPAN _____

CEILING JOISTS (SIZE) TRUSS DISTANCE O/C 24" SPAN 20'

OUTSIDE WALL STUDS SIZE 2x6 DISTANCE O/C 16 " HEIGHT 8'9½"

BEARING WALL STUDS SIZE 2x4 DISTANCE O/C 16 " HEIGHT 8'9½"

HEADER SIZES 2x12 SPANS 12'

BEAMS - TYPE 11/2x26 SIZE _____ SPAN _____

ROOF TYPE - "A" ☐ HIP ☑ SHED ☐ ROOF PITCH: 8/12

ROOF RAFTERS SIZE 2x6 TRUSS DISTANCE O/C 24" SPAN 22'

### SHEATHING

FLOORS - TYPE & SIZE 3/4 T+G CDX

WALLS - TYPE & SIZE 1/2 CDX

ROOFS - TYPE & SIZE 1/2 CDX

BLOCKING/FIRE STOP (Describe) BOX FRAMING FIRST + SECOND FLOOR

INSULATION - FLOORS R- 16 WALLS R- 16 CEILINGS R- 30

FIRE CODING - TYPE _____ LOCATION _____

COST OF CONSTRUCTION $ _____

**PLEASE READ BEFORE SIGNING**

   I CERTIFY THAT I HAVE READ THIS APPLICATION AND STATE THAT THE INFORMATION CONTAINED HEREIN IS CORRECT.

   I AGREE TO COMPLY WITH ALL TOWN AND STATE LAWS AND ORDINANCES RELATING TO BUILDING CONSTRUCTION.

   WORK MUST BEGIN WITHIN SIX MONTHS AND BE COMPLETED WITHIN TWO YEARS OF PERMIT DATE, OTHERWISE PERMIT WILL EXPIRE. EXTENSIONS MAY BE GRANTED UNDER CERTAIN CONDITIONS WHEN PROPERLY REQUESTED.

SIGNATURE OF APPLICANT _____ DATE _____

**\* Separate Form Required for Homeowner's Exemption.**

REMARKS PERTAINING TO CONSTRUCTION

_____
_____
_____
_____
_____
_____
_____
_____

REMARKS BY _____

## THIS PAGE FOR OFFICE USE ONLY

| CHECK | DEPARTMENT | BY | DATE |
|-------|-----------|-----|------|
| ROUTING FOR OTHER JURISDICTION APPROVALS WHEN REQUIRED | | | |
| PLEASE FORWARD TO NEXT DEPARTMENT CHECKED | | | |
| ✓ | BOARD OF HEALTH | *Ralph Whelan* | 1/11/05 |
| ✓ | CONSERVATION | *[signature]* | 1/12/05 |
| | BOARD OF APPEALS | | |
| | PLANNING | | |
| | | | |
| ✓ | BUILDING DEPT. | | |

**VALIDATION**

TAX STATUS - CURRENT ☒        DELINQUENT ☐

PERMIT NO. _05-18_ ___ FEE $ _267.°%%_

DATE ISSUED _1-14-05_ CONST. VALUE $ _143,370.°%%_

TO _M. A. P. EAST L.L.C._

ADDRESS _4½ CHERRY & WEBB LN._

S.D. LOT # _____ ASSR. LOT # _53_ MAP # _91_

BY _Robert Maltais_
     Building Inspector

**WORK CONTENT**

_Build A (2) Level S.F.D. ON ORIGINAL_
_FOUNDATION — THIS PROJECT IS IN FLOOD ZONE_
_A-11  ELEV. 12_

FILE NO.
_04-690_

EXHIBIT
B1

PERMIT NO. 05-17

FEE $25.00

"Persons contracting with unregistered contractors DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A)"



# TOWN OF WESTPORT
## BUILDING DEPARTMENT
856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

1-14 20 05

THIS CERTIFIES THAT M.A.P. EAST LLC

has permission to DEMOLISH EXISTING DWELLING

To BE REPLACED w/A NEW DWELLING

at 44 CHERRY & WEBB LN.

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_____ INSPECTOR OF BUILDINGS

- **SEPARATE PERMIT** REQUIRED FOR **WOODSTOVES AND FIREPLACES.**

- **THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES AND NOT TORN DOWN OR REMOVED.**

03/25/2005    14:49    ARTHUR FRANK → 5086361018



EXHIBIT
B2

PERMIT NO. 05-11

FEE $26.1

"Persons contracting with unregistered contractors DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A)"

## TOWN OF WESTPORT
### BUILDING DEPARTMENT
856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

1-18    2005

THIS CERTIFIES THAT _M.A.P. EAST L.L.C._

has permission to _Build A(2) Level S.F. Dwelling_

_IN FLOOD ZONE A-11 ELEV. 12'_

at _44 CHERRY DWEBB LN._

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_Robt Mottau_    INSPECTOR OF BUILDINGS

- _SEPARATE PERMIT_ REQUIRED FOR _WOODSTOVES AND FIREPLACES_

- _THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE_ ON THE PREMISES AND NOT TORN DOWN OR REMOVED

**TOWN OF WESTPORT BUILDING DEPARTMENT**

## OCCUPANCY INSPECTION PERMIT

| DEPARTMENT | 1 | 2 | 3 | FINAL |
|---|---|---|---|---|
| BOARD OF HEALTH | | | | |
| BUILDING | | | | |
| ELECTRICAL | | | | |
| PLUMBING | | | | |
| GAS | | | | |
| FIRE | | | | |
| PLANNING | | | | |

THIS CERTIFIES THAT _____ HAS PERMISSION TO

OCCUPY PREMISES AT _____

_____
BUILDING INSPECTOR

**NOTES:**

- KEY MUST BE AVAILABLE FOR INSPECTORS.

- NEW LOTS MUST POST LOT NUMBER IN A CONSPICUOUS LOCATION.





**Massachusetts Department of Environmental**
**Bureau of Resource Protection - Wetlands**

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

EXHIBIT
D

DEP File Number:
SE 80-1412

BK 7452 PG 160
03/14/05 03:42 DOC. 7364
Bristol Co. S.D.

## A. General Information

**ORIGINAL**

Important:
When filling
out forms on
the computer,
use only the
tab key to
move your
cursor - do not
use the return
key.

From: Westport
1. Conservation Commission

2. This issuance is for (check one): ☒ Order of Conditions   ☐ Amended Order of Conditions

3. To: Applicant:

| | | M.A.P. East LLC | |
|---|---|---|---|
| a. First Name | b. Last Name | c. Company | |

20 Development Street
d. Mailing Address

| Fall River | MA | 02721 |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

4. Property Owner (if different from applicant):

Same

| a. First Name | b. Last Name | c. Company |
|---|---|---|

d. Mailing Address

| e. City/Town | f. State | g. Zip Code |
|---|---|---|

5. Project Location:

| 44 Cherry and Webb Lane | Westport |
|---|---|
| a. Street Address | b. City/Town |

| 91 | 53 |
|---|---|
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known (note;
electronic filers will click for GIS locator):

| e. Latitude | f. Longitude |
|---|---|

6. Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

| Bristol | |
|---|---|
| a. County | b. Certificate (if registered land) |

| 8868 | 329-330 |
|---|---|
| c. Book | d. Page |

7. Dates:

| 2-17-05 | 3-1-05 | 3-7-05 |
|---|---|---|
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8. Final Approved Plans and Other Documents (attach additional plan or document references as needed):

| Subsurface Sewage Disposal System | |
|---|---|
| a. Plan Title | |

| Sitec, Inc. | Steven D. Gloioso |
|---|---|
| b. Prepared By | c. Signed and Stamped by |

| 1-31-05 | |
|---|---|
| d. Final Revision Date | e. Scale |

| f. Additional Plan or Document Title | g. Date |
|---|---|

9. Total WPA Fee Paid:

| 500 | 282.50 | 227.50 |
|---|---|---|
| a. Total Fee Paid | b. State Fee Paid | c. City/Town Fee Paid |

DA 1432 Pg 161



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## B. Findings

1.  Findings pursuant to the Massachusetts Wetlands Protection Act:

    Following the review of the above-referenced Notice of Intent and based on the information provided in this application and presented at the public hearing, this Commission finds that the areas in which work is proposed is significant to the following interests of the Wetlands Protection Act. Check all that apply:

    | | | |
    |---|---|---|
    | a. ☐ Public Water Supply | b. ☐ Land Containing Shellfish | c. ☒ Prevention of Pollution |
    | d. ☒ Private Water Supply | e. ☐ Fisheries | f. ☐ Protection of Wildlife Habitat |
    | g. ☒ Groundwater Supply | h. ☒ Storm Damage Prevention | i. ☒ Flood Control |

2.  This Commission hereby finds the project, as proposed, is: (check one of the following boxes)

    **Approved subject to:**

    ☒ the following conditions which are necessary in accordance with the performance standards set forth in the wetlands regulations. This Commission orders that all work shall be performed in accordance with the Notice of Intent referenced above, the following General Conditions, and any other special conditions attached to this Order. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, these conditions shall control.

    **Denied because:**

    ☐ the proposed work cannot be conditioned to meet the performance standards set forth in the wetland regulations. Therefore, work on this project may not go forward unless and until a new Notice of Intent is submitted which provides measures which are adequate to protect these interests, and a final Order of Conditions is issued. A description of the performance standards which the proposed work cannot meet is attached to this Order.

    ☐ the information submitted by the applicant is not sufficient to describe the site, the work, or the effect of the work on the interests identified in the Wetlands Protection Act. Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides sufficient information and includes measures which are adequate to protect the Act's interests, and a final Order of Conditions is issued. A description of the specific information which is lacking and why it is necessary is attached to this Order as per 310 CMR 10.05(6)(c).

**Inland Resource Area Impacts:** Check all that apply below. (For Approvals Only)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 3. ☐ Bank | a. linear feet | b. linear feet | c. linear feet | d. linear feet |
| 4. ☐ Bordering Vegetated Wetland | a. square feet | b. square feet | c. square feet | d. square feet |
| 5. ☐ Land Under Waterbodies and Waterways | a. square feet | b. square feet | c. square feet | d. square feet |
| | e. cu.yd dredged | f. cu.yd dredged | | |

BK 7452 PG 162



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 00-1412

---

## B. Findings (cont.)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 6. ☐ Bordering Land Subject to Flooding | a. square feet | b. square feet | c. square feet | d. square feet |
| Cubic Feet Flood Storage | e. cubic feet | f. cubic feet | g. cubic feet | h. cubic feet |
| 7. ☐ Isolated Land Subject to Flooding | a. square feet | b. square feet | | |
| Cubic Feet Flood Storage | c. cubic feet | d. cubic feet | e. cubic feet | f. cubic feet |
| 8. ☐ Riverfront area | a. total sq. feet | b. total sq. feet | | |
| Sq ft within 100 ft | c. square feet | d. square feet | | |
| Sq ft between 100-200 ft | e. square feet | f. square feet | | |

Coastal Resource Area Impacts: Check all that apply below. (For Approvals Only)

| | | | |
|---|---|---|---|
| 9. ☐ Designated Port Areas | Indicate size under Land Under the Ocean, below | | |
| 10. ☐ Land Under the Ocean | a. square feet | b. square feet | | |
| | c. cu.yd dredged | d. cu.yd dredged | | |
| 11. ☒ Barrier Beaches | Indicate size under Coastal Beaches and/or Coastal Dunes below | | |
| 12. ☐ Coastal Beaches | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt. |
| 13. ☒ Coastal Dunes | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt. |
| 14. ☒ Coastal Banks | a. linear feet | b. linear feet | | |
| 15. ☐ Rocky Intertidal Shores | a. square feet | b. square feet | | |
| 16. ☐ Salt Marshes | a. square feet | b. square feet | c. square feet | d. square feet |
| 17. ☐ Land Under Salt Ponds | a. square feet | b. square feet | | |
| | c. cu.yd dredged | d. cu.yd dredged | | |
| 18. ☐ Land Containing Shellfish | a. square feet | b. square feet | c. square feet | d. square feet |
| 19. ☐ Fish Runs | Indicate size under Coastal Banks, Inland Bank, Land Under the Ocean, and/or inland Land Under Waterbodies and Waterways, above | | |
| | a. cu.yd dredged | b. cu.yd dredged | | |
| 20. ☒ Land Subject to Coastal Storm Flowage | a. square feet | b. square feet | | |

**BK 7452 PG 163**



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 -- Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

**SE 80-1412**

---

## C. General Conditions Under Massachusetts Wetlands Protection Act

(only applicable to approved projects)

1. Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2. The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3. This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4. The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
   a. the work is a maintenance dredging project as provided for in the Act; or
   b. the time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.

5. This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.

6. Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.

7. This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

8. No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to this Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

9. A sign shall be displayed at the site not less than two square feet or more than three square feet in size bearing the words,

   "Massachusetts Department of Environmental Protection" [or, "MA DEP"]

   "File Number  SE 80-1412  "

**BK 7452 PG 164**



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection · Wetlands
## WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 60-1412

## C. General Conditions Under Massachusetts Wetlands Protection Act

10. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before DEP.

11. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

12. The work shall conform to the plans and special conditions referenced in this order.

13. Any change to the plans identified in Condition #12 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

14. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

15. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.

16. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

17. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

Special Conditions:

If you need more space for additional conditions, select box to attach a text document ☐

1) Erosion and sediment control barrier to be erected as and in location described on plan prior to start of work – this fence shall serve as the limit of work; 2) All fill to match existing material as to both particle size and composition - sample to be furnished to the WCC prior to beginning of work; 3) Any excess fill or excavated material not used for septic system to be removed from site; 4) No work to be performed without approval from Board of Health

BK. 7452 PG 165



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1. Furthermore, the _____ hereby finds (check one that applies):
   <u>Conservation Commission</u>

2. ☐ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw specifically:

   _____   _____
   a. Municipal Ordinance or Bylaw                         b. Citation

   Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

3. ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

   _____   _____
   a. Municipal Ordinance or Bylaw                         b. Citation

   The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

If you need more space for additional conditions, select box to attach a text document ☐

   c.  The special conditions relating to municipal ordinance or bylaw are as follows:

   _____

   _____

   _____

   _____



BK 7452 PG 166



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1422

## E. Issuance

This Order is valid for three years, unless otherwise specified as a special
condition pursuant to General Conditions #4, from the date of issuance.
Please indicate the number of members who will sign this form.
This Order must be signed by a majority of the Conservation Commission.
The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A
copy also must be mailed or hand delivered at the same time to the appropriate Department of
Environmental Protection Regional Office, if not filing electronically, and the property owner, if different
from applicant.

| 1. Date of Issuance |
|---|
| 2. Number of Signers |

Signatures:

_Susan Burke Pedrsie_

_John D. Kennedy_

_[signatures]_

**Notary Acknowledgement**

Commonwealth of Massachusetts County of    **Bristol**

On this _7th_ _____ of _March_ _2005_
Day                                    Month        Year

Before me, the undersigned Notary Public,    _Tanja Ryden_
personally appeared                          Name of Document Signer

proved to me through satisfactory evidence of identification, which was/were

_known to me_
Description of evidence of identification

to be the person whose name is signed on the preceding or attached document, and acknowledged to
me that he/she signed it voluntarily for its stated purpose.

As member of    **Westport** _____    Conservation Commission
City/Town

_[notary seal and signature]_

Signature of Notary Public

Leone F. Farias
Printed Name of Notary Public

October 6, 2011
My Commission Expires (Date)

Place notary seal and/or any stamp above

This Order is issued to the applicant as follows:

☑ by hand delivery on

_3-7-05_
Date

☐ by certified mail, return receipt requested, on

_____
Date



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## F. Appeals

The applicant, the owner, any person aggrieved by this Order, any owner of land abutting the land subject to this Order, or any ten residents of the city or town in which such land is located, are hereby notified of their right to request the appropriate DEP Regional Office to issue a Superseding Order of Conditions. The request must be made by certified mail or hand delivery to the Department, with the appropriate filing fee and a completed Request of Departmental Action Fee Transmittal Form, as provided in 310 CMR 10.03(7) within ten business days from the date of issuance of this Order. A copy of the request shall at the same time be sent by certified mail or hand delivery to the Conservation Commission and to the applicant, if he/she is not the appellant.

The request shall state clearly and concisely the objections to the Order which is being appealed and how the Order does not contribute to the protection of the interests identified in the Massachusetts Wetlands Protection Act, (M.G.L. c. 131, § 40) and is inconsistent with the wetlands regulations (310 CMR 10.00). To the extent that the Order is based on a municipal ordinance or bylaw, and not on the Massachusetts Wetlands Protection Act or regulations, the Department has no appellate jurisdiction.

**Section G, Recording Information is available on the following page.**



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP


## A. Violation Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.




This Enforcement Order is issued by:

__Westport__
Conservation Commission (issuing Authority)                         Date

To:

__M.A.P. East LLC/ Michael Bisko__
Name of Violator
__44 Cherry and Webb Lane__
Address

**1. Location of Violation:**

Property Owner (if different)
__44 Cherry and Webb Lane__
Street Address
__Westport, MA__
City/Town
__91__                          __53__
Assessors Map/Plat Number        Parcel/Lot Number
                                 Zip Code

**2. Extent and Type of Activity:**

Failure to comply with all conditions of Order of Conditions (DEP file # SE 80-1412): 7, 8,17, and Special Condition(s) 1,2,4.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒ the activity has been/is being conducted without a valid Order of Conditions.

☒ the activity has been/is being conducted in violation of the Order of Conditions issued to:

__M.A.P. East, LLC__                    __3-7-2005__
Name                                   Dated

File Number                            Condition number(s)

WPA Form 9A
Rev 03/05                                                          Page 1 of 3

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP

---

## B. Findings (cont.)

☒ Other (specify):

Demolition of existing dwelling and new construction that appears to require an Order of Conditions has occurred/is occurring on the site. In conjunction with this, construction machinery and a dumpster are being stored on a resource area and within 100 ft of a salt marsh/coastal bank.

---

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its original condition.

☐ Complete the attached Notice of Intent. The completed application and plans for all proposed work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

_____
Date

No further work shall be performed ntil a public hearing has been held and an Order of Conditions has been issued to regulate said work.

☒ The property owner shall take the following action to prevent further violations of the Act:

1) Appear before the Conservation Commission on March 15, 2005, at 7 pm to answer questions regarding violations of your Order of Conditions and questions about additional work on the site that may require a permit under the Wetlands Protection Act.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a) shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing violation shall constitute a separate offense.



**Massachusetts Department of Environmental Protection**
**Bureau of Resource Protection - Wetlands**
## WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40



DEP File Number:

_____

Provided by DEP

---

## D. Appeals/Signatures

An Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.

Questions regarding this Enforcement Order should be directed to:

Name
_____

Phone Number
_____

Hours/Days Available
_____

Issued by:

Conservation Commission
_____

In a situation regarding immediate action, an Enforcement Order may be signed by a single member or agent of the Commission and ratified by majority of the members at the next scheduled meeting of the Commission.

Signatures:

_____    _____

_____    _____

_____    _____

_____
Signature of delivery person or certified mail number



.005-03-15_0004.JPG 2005/03/15 17.58.28

03/25/2005 14:49 ARTHUR FRANK → 5086361018 NO.887 D32



005-03-21_0002.JPG 2005/03/21 11:53:10

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                   SUPERIOR COURT DEPARTMENT
                                               C.A. NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

M.A.P. EAST, LLC,                         *
                              Plaintiff   *
                                          *
vs,                                       *
                                          *
TANJA RYDEN, RICHARD LAMBERT,             *
JOHN REYNOLDS, THOMAS McGARR,             *       AFFIDAVIT OF
PAUL HEBERT, SUSAN PEDREIRA and           *       MICHAEL BISZKO, JR.
and ED ROONEY, as they constitute the TOWN *
OF WESTPORT CONSERVATION                  *
COMMISSION and SEAN M. LEACH, DONNA*
LAMBERT and BRENDA J. BURKE, as they      *
constitute the TOWN OF WESTPORT BOARD *
OF HEALTH,                                *
                              Defendants  *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Michael Biszko, Jr., do under oath depose and say as follows:

1.  I am the project co-ordinator for the project located at 44 Cherry & Webb Lane,
    Westport, Massachusetts owned by M.A.P. East, LLC, the Plaintiff herein. I maintain a
    business at 20 Development Street, Fall River, Massachusetts.

2.  I have personal knowledge of the facts stated herein.

3.  On March 14, 2005, my company was on site to perform work on the existing house in
    accordance with a building permit issued by the Town of Westport to Donald Bernier, the
    General Contractor for the project, on January 14, 2005. This building permit contained
    sign-offs from all relevant Town departments including Conservation.

4.  While on site and performing the work, Ann Phelps, the Westport Conservation Agent,
    came unto the property and threatened my son with an enforcement order unless we
    ceased all work on the site including the house construction.

5.  I approached Ms. Phelps and asked her what issues she had with us since we had a valid
    building permit that she had signed off on.

6.  Ms. Phelps, in a rude and offensive manner, stated that we were not allowed to have
    dumpsters on site nor could we have our machinery within 100 feet of the riverbank. She
    then stated that no work was to have commenced until an Order of Conditions issued by
    her Commissioner had been recorded at the conclusion of the ten-day appeal period.

1

7.   As she began to drive away, I informed her that her accusations were incorrect. The Order of Conditions was limited to installation of a new septic system for the house. We were not working on the septic system, just the house, in accordance with the building permit.

8.   At 2:00 P.M., the agent returned with another woman who identified herself as the Chairperson of the Westport Conservation Commission.

9.   When I walked over to them, they handed me a paper labeled "Enforcement Order" and told me it would be addressed at the March 15ᵗʰ Westport Conservation Commission meeting.

10.   I am not the agent of M.A.P. East, LLC for service of any process nor is my office the legal business address for M.A.P. East, LLC.

11.   I again asked them what the problem was since I had a valid permit to do work on the house and I was not working on the septic system. I told them I had expanded the excavation for the house deck supports to correct and adjust the piers and footings to bring them into compliance. We had even erected a siltation fence to protect the integrity of the Buffer Zone from the work on the house. I again reminded Ms. Phelps she had signed off on this work.

12.   The agent demanded that I do the following:

   1. Remove all machinery within 100 feet of the riverbank.
   2. Remove the dumpster.
   3. Record the Order of Conditions.
   4. Cease all work.

13.   Once again, I tried to remind her that the Order of Conditions was only for the septic system and that no work was scheduled for that component. We only wished to test, excavate and reinforce the existing deck footing and foundation in accordance with the building permit. No soils had been brought on site. Any soils observed by Ms. Phelps that day came from the excavation hole. The following day we back-filled the hole with the excavated soils.

14.   Finally, I asked Ms. Phelps if she was also issuing Cease and Desist Orders for the other dumpsters in the neighborhood. She refused to acknowledge their existence.

15.   Inasmuch as my arguments were falling on deaf ears, I informed the ladies that their concerns would be addressed (i.e. I would remove the dumpsters, equipment, fill in the hole) and present pictures of these at Tuesday's meeting and said Good Day.

16.   On March 23, 2005, I received a certified letter from the Westport Conservation Commission. The letter was addressed to M.A.P. East, LLP c/o Michael Biszko and sent

to my business address. I opened the letter in the presence of my attorney and discovered the Enforcement Order, a copy of which is attached hereto.

Signed under the pains and penalties of perjury this 25th day of March, 2005.

Michael Biszko, Jr.

## COMMONWEALTH OF MASSACHUSETTS
## COUNTY OF BRISTOL

On this 25th day of March, 2005, before me, the undersigned notary public, personally appeared Michael Biszko, Jr., personally known to me to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Denise M. Racine - Notary Public
My commission expires: 6/16/2011

03/25/2005    14:49    ARTHUR FRANK → 5086361018                NO.887    734



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 9A – Enforcement Order**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP

## A. Violation Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.




This Enforcement Order is issued by:

# ORIGINAL

Westport
Conservation Commission (Issuing Authority)                      Date

To:

M.A.P. East LLC/  Michael Bisko
Name of Violator

44 Cherry and Webb Lane
Address

1. Location of Violation:

Property Owner (if different)

44 Cherry and Webb Lane
Street Address

Westport, MA
City/Town                                                        Zip Code

91                                          53
Assessors Map/Plat Number          7          Parcel/Lot Number

2. Extent and Type of Activity:

Failure to comply with all conditions of Order of Conditions (DEP File # SE 80-1412): 7, 8, 17, and Special Condition(s) 1, 2, 4.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒ the activity has been/is being conducted without a valid Order of Conditions.

☒ the activity has been/is being conducted in violation of the Order of Conditions issued to:

M.A.P. East, LLC                          3-7-2005
Name                                       Dated

File Number                                Condition number(s)

03/28/2005  00:02   5086361018    Document 1-5 LEONE Filed 08/12/2005   Page 17 of 21 PAGE  16
Case 1:05-cv-11669-JLT                                                           NO. 887    D35

03/25/2005    14:49    ARTHUR FRANK → 5086361018

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP

## B. Findings (cont.)

☒ Other (specify):

Demolition of existing dwelling and new construction that appears to require an Order of Conditions has occurred/is occurring on the site. In conjunction with this, construction machinery and a dumpster are being stored on a resource area and within 100 ft of a salt marsh/coastal bank.

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its original condition.

☐ Complete the attached Notice of Intent. The completed application and plans for all proposed work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

_____
Date

No further work shall be performed ntil a public hearing has been held and an Order of Conditions has been issued to regulate said work.

☒ The property owner shall take the following action to prevent further violations of the Act:

1) Appear before the Conservation Commission on March 15, 2005, at 7 pm to answer questions regarding violations of your Order of Conditions and questions about additional work on the site that may require a permit under the Wetlands Protection Act.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a) shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing violation shall constitute a separate offense.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number

Provided by DEP

## D. Appeals/Signatures

An Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.

Questions regarding this Enforcement Order should be directed to:

<u>Anne Phelps, Agent</u>
Name

<u>508-636-1019</u>
Phone Number

<u>7:30 a.m. - 4 p.m.</u>
Hours/Days Available

Issued by:

<u>Westport</u>
Conservation Commission

In a situation regarding immediate action, an Enforcement Order may be signed by a single member or agent of the Commission and ratified by majority of the members at the next scheduled meeting of the Commission.

Signatures:

7002 2030 0001 9964 2014
3-18-05
Signature of delivery person or certified mail number

Conservation Commission
*Soil Conservation Board*
TOWN OF WESTPORT
856 MAIN ROAD
WESTPORT, MA 02790

M.____
1st P.S.____
2nd Notice____
Return____

Recd

7002 2030 0001 9964 2034

CERTIFIED MA

M.A.P. East, LLC/Michael Biszko
20 Development Street
Fall River, MA  02721

02721+3246








## AFFIDAVIT

I, John L. Ciccotelli, of Westport Massachusetts, hereby state the following:

1.  I am a past member and Chairman of the Westport Conservation Commission.

2.  From August of 1990 until January of 1992, I was employed as the Conservation agent for the Westport Conservation Commission.

3.  Between January of 1992 and June of 1997, I was employed as the Director of Public Health for the Town of Westport, and administered all phases of the Town's Health Department including training of the Board of Health Agents, the certification of all phases of Title V.

4.  From 1997 to 1999 I was the Director of Public Health for the Town of Millis, Massachusetts.

5.  From January of 2000 to April of 2003 I served as an Environmental Analyst for the Department of Environmental Protection Boston Office Title V and served as manager of the "Greywater Project."

6.  From April of 2003 to today's date I serve as the Director of Public Health in Canton, Massachusetts.

7.  I attest that a copy of my curriculum vitae as attached hereto as Exhibit A is an accurate representation of my work and educational qualifications.

8.  I have reviewed the order of conditions issued under file number 80-1412.

9.  I have reviewed the Enforcement order issued by the Westport Conservation Commission by their vote of ratification on May 15, 2005.

10. The Order of Conditions was issued based upon a Notice of Intent filed on behalf of Map Fast LLC, requesting permission to install a new septic system pursuant to 310 CMR 15.000.

11. The Enforcement Order in paragraph "2" references requirements found in the Order of Conditions for the new septic system and related disturbances within a buffer zone.

12. The Notice of Intent and the final Order of Conditions do not reference or regulate respectively, the construction, reconstruction, demolition or renovation of the building located at 44 Cherry and Webb Lane.

13. The Enforcement Order in Paragraph "B Findings" fails to state any harm to a resource area or violation of the Wetlands Protection Act making it illusory.

14. Pursuant to the practice and procedures instituted by the Town of Westport Conservation Commission, Board of Health, and the Building Department, a Building Permit can not and will not be issued until all three departments have reviewed the application and assented to the issuance, by signing and dating their assent on the application itself.

15. The application for the building permit has signatures of both the Conservation Agent, and the Senior Board of Health Agent dated January 11, 2005, and January 12, 2005.

16. These signatures signify that no permit or additional filings were required by these Town Department for work that was to be performed pursuant to the building permit application for 44 Cherry and Webb Lane.

17. All work performed with regard to the building permit issued by the Town of Westport is in compliance and conformance with the interests and intent of the Wetland Protection Act.

18. No filling, altering, or dredging of a resource area has occurred.

19. The land/parcel described as 44 Cherry and Webb Lane is separated from the coastal bank and salt marsh by a public road way known as Cherry and Webb Lane.

Signed under the pains and penalties of perjury this _5_ day of _March_,

2005.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| M.A.P. EAST, LLC | TOWN OF WESTPORT [see attached] |

| (b)  County of Residence of First Listed Plaintiff    Bristol | County of Residence of First Listed Defendant    Bristol |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Arthur D. Frank, Jr., Brian R. Corey, Jr., 10 Purchase Street, Fall River, MA 02720; (508) 678-4556 | David C. Jenkins, Brian E. Glennon II, Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116; (617) 556-0007 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§1441 and 1446

Brief description of cause:
civil rights claims under 42 U.S.C. §1983

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: |
|---|---|---|---|
| | | | JURY DEMAND:   ☐ Yes   ☒ No |

| **VIII. RELATED CASE(S) IF ANY** | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/12/2005 | |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAP EAST, LLC v. TOWN OF WESTPORT

1.  Title of case (name of first party on each side only)

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

|   | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
|---|----|---|
| X | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.                 for patent, trademark or copyright cases |
|   | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
|   | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
|   | V. | 150, 152, 153. |

05-11669 JLT

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES [ ]    NO [X]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]    NO [ ] N/A

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

YES [X]    NO [ ]

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division [X]    Central Division [ ]    Western Division [ ]

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   David C. Jenkins and Brian E. Glennon, II
ADDRESS   Kopelman and Paige,P.C., 31 St. James Avenue, Boston, MA 02116
TELEPHONE NO.   (617) 556-0007

(CategoryForm.wpd - 5/2/05)