MAS-20041213

barbmeli

# Commonwealth of Massachusetts
## BRISTOL SUPERIOR COURT
### Case Summary
### Civil Docket

08/17/2005

10:39 AM

*O5cv 11669 JLT*

## BRCV2005-00307
## M.A.P., East, LLC v Ryden et al

| File Date | 03/25/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 08/16/2005 | Session | A - CtRm 1 - (Fall River) |
| Origin | 1 | Case Type | D99 - Misc equitable remedy |
| Lead Case | | Track | F |

| Service | 06/23/2005 | Answer | 08/22/2005 | Rule12/19/20 | 08/22/2005 |
|---|---|---|---|---|---|
| Rule 15 | 08/22/2005 | Discovery | 01/19/2006 | Rule 56 | 02/18/2006 |
| Final PTC | 03/20/2006 | Disposition | 05/19/2006 | Jury Trial | No |

### PARTIES

**Plaintiff**
M.A.P., East, LLC
138 Rock Street
Fall River, MA 02720
Active 03/25/2005

**Private Counsel 177250**
Arthur D Frank Jr
10 Purchase Street
Fall River, MA 02720
Phone: 508-678-4556
Fax: 508-674-3610
Active 03/25/2005 Notify

**Private Counsel 632973**
Brian R Corey
Corey Law Offices (Brian R)
1041 Main Road
Westport, MA 02790
Phone: 508-636-8861
Fax: 508-636-8860
Active 04/26/2005 Notify

**Defendant**
Tanya Ryden
34 Fallon Drive
Westport, MA 02790
Service pending 03/25/2005

**Private Counsel 637973**
Brian E Glennon II
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th Floor
Boston, MA 02116
Phone: 617-556-0007
Fax: 617-654-1735
Active 03/31/2005 Notify

**Defendant**
Richard Lambert
343 Old Bedford Road
Westport, MA 02790
Service pending 03/25/2005

*** See Attorney Information Above ***

MAS-20041213
barbmeli

Case 1:05-cv-11669-JLT    Document 3    Filed 08/18/2005    Page 2 of 31

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

08/17/2005
10:39 AM

## BRCV2005-00307
## M.A.P., East, LLC v Ryden et al

| | |
|---|---|
| **Defendant**<br>John Reynolds<br>44 Pratt Avenue<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Thomas McGarr<br>26 Tickle Road<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Paul Hebert<br>29 Crane Avenue<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Susan Pedreira<br>P.O.Box 3179<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Ed Rooney<br>271 Division Road<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Westport Town of Conservation Commission<br>Served: 03/28/2005<br>Served (answr pending) 04/11/2005 | *** See Attorney Information Above *** |

MAS-20041213

barbmeli

Case 1:05-cv-11669-JLT    Document 3    Filed 08/18/2005    Page 3 of 31

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/17/2005

10:39 AM

## BRCV2005-00307
## M.A.P., East, LLC v Ryden et al

| | |
|---|---|
| **Defendant**<br>Sean M. Leach<br>521 Division Road<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Donna Lambert<br>343 Old Beford Road<br>Westport, MA 02790<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Brenda J. Burke<br>P.O. Box 453<br>Westport Point, MA 02791<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Westport Board of Health<br>Service pending 03/25/2005 | *** See Attorney Information Above *** |
| **Other interested party**<br>File Copy<br>Active 03/25/2005 Notify | |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 03/25/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/25/2005 | | Origin 1, Type D99, Track F. |
| 03/25/2005 | 2.0 | Affidavit of Michael Biszko, Jr. |
| 03/25/2005 | 3.0 | Affidavit of John L. Ciccotelli. |
| 03/25/2005 | 4.0 | TEMPORARY RESTRAINING ORDER issued; $90.00 fee received, Tanya Ryden, |
| | | Richard Lambert, John Reynolds, Thomas McGarr, Paul Hebert, Susan |
| | | Pedreira, Ed Rooney, Westport Town of Conservation Commission, Sean |

BRISTOL, SS SUPERIOR COURT
FILED

MAR 25 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS

**BRISTOL, SS.**  ****  **SUPERIOR COURT DEPARTMENT**
C.A. NO. C05-0030?

*******************&&&&&&&&&***********

M.A.P. EAST, LLC,

|  |  |  |
|---|---|---|
| | **Plaintiff** | * |
| | | * |
| **vs.** | | * |
| | | * |
| **TANJA RYDEN, RICHARD LAMBERT,** | | * |
| **JOHN REYNOLDS, THOMAS McGARR,** | | * |
| **PAUL HEBERT, SUSAN PEDREIRA and** | | * |
| **and ED ROONEY, as they constitute the TOWN** | | * |
| **OF WESTPORT CONSERVATION** | | * |
| **COMMISSION and SEAN M. LEACH, DONNA** | | * |
| **LAMBERT and BRENDA J. BURKE, as they** | | * |
| **constitute the TOWN OF WESTPORT BOARD** | | * |
| **OF HEALTH,** | | * |
| | **Defendants** | * |

**VERIFIED COMPLAINT
AND REQUEST FOR
INJUNCTIVE RELIEF**

*********************************************

## PARTIES

1.    Plaintiff is a limited liability company organized pursuant to the laws of the
Commonwealth of Massachusetts with a principal office located at 138 Rock Street, Fall
River, Massachusetts.

2.    Defendant Town of Westport Conservation Commission (hereinafter "Defendant Con
Com") is comprised of the following individuals:

Tanja Ryden                                        Paul Hebert
34 Fallon Drive                                    29 Crane Avenue
Westport, MA 02790                                 Westport, MA 02790

Richard Lambert                                    Susan Pedreira
343 Old Bedford Road                               P.O. Box 3179
Westport, MA 02790                                 Westport, MA 02790

John Reynolds                                      Ed Rooney
44 Pratt Avenue                                    271 Division Road
Westport, MA 02790                                 Westport, MA 02790

Thomas McGarr
26 Tickle Road
Westport, MA 02790



(1) After taking up the Pleadings as the Defendants, their agents, servants or employees, from interfering or tampering with the access taken by the Plaintiff to secure the property @ 44 Tickle rd[?]es[?] have [restored?] @ Fall River Superior Court to security [deposit?] in 10 days[?]. Injunct to MAP[?] (esse[?]) Restraining Order entered [illegible] on Thursday, March 31, 2005 @ 2:00 MA filed damage by him or any other elements off[?] property [illegible] (McLaughlin JT) March 25, 2005 [illegible] ([?] JT)[?] [signature] Hon. [illegible]

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

(2) After hearing, no action taken on request for preliminary injunction as the Plaintiffs are directed by the Court to exhaust any remaining administrative remedies before applying to the Court. (McLaughlin JT) March 31, 2005                    H.T.F. [illegible] A.R.F.[?]

3.   Defendant Town of Westport Board of Health (hereinafter "Defendant BOH") is comprised of the following individuals:

Sean M. Leach                              Brenda J. Burke
521 Division Road                          P.O. Box 453
Westport, MA 02790                         Westport Point, MA 02791\

Donna Lambert
343 Old Bedford Road
Westport, MA 02790

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

4.   Plaintiff is the owner of land with buildings thereon situated on the south side of Cherry & Webb Lane, Westport, Massachusetts and depicted on Town of Westport Assessor's Map 91 as Lot 53. The parcel contains two dwellings, Nos. 44 and 48.

5.   Dwelling No. 44 is serviced by an existing septic system located to the south of said dwelling. A portion of the system is believed to be located on land now or formerly of Taradash.

6.   On December 28, 2004, Plaintiff's contractor, Donald Bernier (hereinafter "Bernier") applied to the Town of Westport Building Department for a building permit to make various repairs, renovations, alterations and additions to 44 Cherry & Webb Lane. A copy of this application is attached hereto and made a part hereof as Exhibit "A".

7.   In accordance with the practices and procedures in place with the Town of Westport, the application and attendant plan were vectored to the respective agents for Defendants Con Com and BOH for review prior to the issuance of any permit. The withholding of a sign-off from either or both agents would indicate to the Building Inspector and subsequently to the applicant that some form of permit or other permission was needed from Defendants Con Com and/or BOH prior to commencing the requested work.

8.   On January 11, 2005, Ralph Urban, Agent for Defendant BOH, signed off on Plaintiff's permit.

9.   On January 12, 2005, Anne Phelps, Agent for Defendant Con Com, signed off on Plaintiff's permit.

10.  On January 14, 2005, Robert Maltais, Building Inspector for the Town of Westport, issued Building Permit No. 05-18 to Bernier for the requested work. Permit No. 05-17

RTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 676-4596

2

was issued for demolition work.[1]  Copies of both permits are attached hereto and made a part hereof as Exhibits "B1" and "B2".

11.    On February 17, 2005, Plaintiff, by and through its environmental engineer, Sitec, Inc., filed a Notice of Intent with Defendant Con Com for the construction of a new sub-surface sewage disposal system for No. 44.  This was done in order to close the existing system on the abutter's land and eliminate encroachment problem that existed with the present system.  A copy of Sitec's plan is attached hereto and made a part hereof as Exhibit "C".

12.    Sitec had determined that the Notice of Intent was necessary due to the fact that the new system was to be constructed in the 100 foot Buffer Zone that extends from the Coastal Bank of the Westport River south across Cherry & Webb Lane and onto Plaintiff's property.  Dwelling No. 44 is not within the 100 foot Buffer Zone.

13.    On March 1, 2005, Defendant Con Com convened a public hearing on Plaintiff's Notice of Intent.  On March 7, 2005, they issued an Order of Conditions by which Plaintiff would construct the new septic system.  A copy of the Order of Conditions is attached hereto and made a part hereof as Exhibit "D".

14.    In accordance with M.G.L., there is a ten (10) day appeal period of an Order of Conditions.  Consequently, Orders of Conditions usually are not recorded until the appeal period runs.

15.    On March 14, 2005, Bernier's project coordinator, Michael Biszko, Jr. (hereinafter "Biszko") commenced work on dwelling No. 44 in accordance with the building permit. In connection therewith, he brought excavating equipment, dumpsters and workers.  A trench was dug to shore up the piers and footings of the deck of the house to structurally support the addition.  A supporting concrete wall was poured around the existing piers and footings.  All work was in keeping with the description delineated on the building permit application and attendant plan.  The soils from the trench were piled on site.

16.    On said date, Agent Phelps came onto the property and threatened Biszko with an enforcement order for performing the work described above, keeping dumpsters on the property, operating equipment and piling soils.  She further ordered him to remove all

RTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
EN PURCHASE STREET
FALL RIVER,
AASSACHUSETTS 02720
(508) 678-4556

---

[1] N.B. For Assessor's purposes, Mr. Maltais put the number 48 on the building permit application since the Assessor carried only one street address in their record.

3

dumpsters, remove all heavy machinery from the 100 foot Buffer Zone and remove the pile of soil.

17. Agent Phelps castigated Biszko for performing work without complying with the Order of Conditions and without recording it.

18. Biszko reminded Agent Phelps that she had signed off on the work authorized by the building permit and that the Order of Conditions did not apply to the dwelling.

19. Agent Phelps' response was to hand Biszko an Enforcement Order, a copy of which is attached hereto and made a part hereof as Exhibit "E".

20. The Enforcement Order indicates that Plaintiff was conducting activity in violation of the Order of Conditions and of conducting activity without an Order of Conditions. Biszko was also ordered to record the Order of Conditions despite the fact that the 10 day appeal period would not run out until March 17, 2005.

21. On March 15, 2005, Attorney Brian Corey (hereinafter "Attorney Corey") specially appeared before Defendant Con Com on behalf of Plaintiff to ascertain why Defendant Con Com had issued the Enforcement Order. When Attorney Corey reminded the Board that Agent Phelps had approved the work on the dwelling without the necessity of filing a Notice of Intent, they chose to ignore it. Instead, Defendant Con Com voted to ratify the Enforcement Order issued by Phelps.

22. On March 21, 2005, Defendant Con Com and Defendant BOH met jointly at the Westport Town Hall Annex without notice to Plaintiff and under belief in violation of the Massachusetts Open Meeting Law.

23. Under information and belief, Defendants discussed the situation at the Plaintiff's property and possible enforcement/sanction options.

24. Building Inspector Maltais attended this meeting and questioned both Defendants as to why they were interfering with Plaintiff's use of a validly issued building permit. Mr. Maltais' query was ignored by Defendants.

25. Under information and belief, Plaintiff believes Defendants conspired to issue some form of cease and desist order against Plaintiff's project at the March 21, 2005 meeting. No service of any of the orders has been properly served on Plaintiff or Plaintiff's agent as required by the Massachusetts Secretary of State.

RTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
IEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

4

26.    If Plaintiff is made to cease all work, including work validly permitted under the building permit, he will be denied the use and enjoyment of his property which is unique. Further, his construction schedule will be compromised to the extent that future use and enjoyment of the property will be in jeopardy.

27.    Plaintiff has no plain or adequate remedy at law.

COUNT I
Injunctive Relief

28.    Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 27 herein as if set forth in full.

WHEREFORE, Plaintiff requests this Honorable Court issue the following injunctive relief:

1.    Temporarily restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

2.    Issue a short order of notice.

3.    Issue a preliminary injunction to restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

4.    Order a speedy completion of the pleadings.

5.    Declare Plaintiff has the right to exercise the rights granted in Building Permit No. 05-18 and permanently enjoin Defendants from preventing same.

SIGNED and sealed under the pains and penalties of perjury this 25th day of March, 2005.

_____
Brian R. Corey, Jr.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

Then personally appeared before me Brian R. Corey, Jr. and made oath that he has read the foregoing Complaint and knows the contents thereof, and that the facts stated therein are true

5

of his knowledge, except as are stated to be based upon information and belief, and as to those, that he believes them to be true.

Arthur D. Frank, Jr. - Notary Public
My commission expires: 3/12/2010

M.A.P. East, LLC

By its attorney,

Arthur D. Frank, Jr., Esquire
B.B.O. #177250
10 Purchase Street
Fall River, MA 02720
(508) 678-4556

March 25, 2005

A True Copy By Photostatic Process
Attest:
Asst. Clerk of Courts

RTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

6

**EXHIBIT A**



## TOWN OF WESTPORT
## Application for Construction
## Permit

| | |
|---|---|
| REG ✓ | CPY |
| RCT ✓ | ACT ✓ |
| RCD | ASR ✓ |

DATE RCV'D _12-28-04_

CHECK # _6497_

PERMIT NO. _05-18_    FEE $ _267.00/100_    CASH

---

PLEASE PRINT OR TYPE IN INK

APPLICANT _Donald R Bernier_    PHONE _508-353-3712_

ADDRESS _29 Thomas St. Westport Ma._

OWNER _M.A.P. LLC_    PHONE _508-678-1515_

ADDRESS _44 Cherry & Webb_

CONTRACTOR _D.R. Bernier G.C._    C.S. # _010041_ HIC # _____

ADDRESS _1904 Pleasant St. F.R. 02723_ PHONE _508-674-4415_

ARCH./ENG. _Fred Hancock P.E._    PHONE _508-998-2125_

---

LOCATION (Where work is to be done.) _48 Cherry & Webb Ln._

TYPE OF USE -  COMMERCIAL ☐    RESIDENTIAL ☑    FARM ☐

ZONING DISTRICT - RES. ☒    BUS. ☐    UNRESTRICTED ☐

**TYPE OF WORK**          **TYPE OF USE**

A - NEW CONSTRUCTION ☒    1 - STORE ☐    6 - SHED ☐

B - ADDITION ☒           2 - OFFICE ☐    7 - DECK ☒

C - ALTERATION ☒         3 - DWELLING ☒   8 - PORCH ☐

D - DEMOLITION ☐         4 - GARAGE ☐    9 - POOL ☐

E - RENOVATION ☒         5 - BARN ☐     10 - SIGN ☐

F - REPAIR ☐             11 - USE OF PREMISES ☐

G - OTHER ☐ EXPLAIN _____

---

**BUILDING SITE DETAILS**  S.D. LOT # _____    MAP # _91_    ASSR. LOT # _53_

NEW LOTS - REGISTRY OF DEEDS   BOOK_____   PAGE_____   DATE_____

FRONTAGE_____ FT.    LOT AREA_____ SQ. FT.    UPLAND_____ SQ. FT.

FLOOD PLAIN - YES ☐    NO ☐    BUFFER ZONE - YES ☐    NO ☐

WATERFRONT - YES ☐    NO ☐    WETLANDS - YES ☐    NO ☐

DISTANCE OF PROPOSED STRUCTURE FROM LOT LINES

STREET LINES _____ FT.    LEFT SIDE_____ FT.

RIGHT SIDE_____ FT.    REAR_____ FT.

AREA OF EXISTING BUILDINGS ON LOT_____ SQ. FT.

## SIZE OF STRUCTURE

| | | | | |
|---|---|---|---|---|
| FIRST LEVEL _27_ | FT. x _34_ | FT. = AREA _918_ | SQ. FT. _87,210_ |
| SECOND LEVEL _27_ | FT. x _32_ | FT. = AREA _864_ | SQ. FT. _56,160_ |
| THIRD LEVEL _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| ELLS _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _143,370_ |
| GARAGE _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| PORCH _____ . | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| DECKS _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| SHEDS _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| SIGNS _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| POOLS - Size & Type _____ | FT. x _____ | FT. = AREA _____ | SQ. FT. _____ |
| | | TOTAL AREA _1782_ | SQ. FT. |

## FOOTINGS                              *EXISTING*

CONTINOUS TYPE - SIZE _____ DEPTH _____ MATERIAL _____

PIER TYPE -      SIZE _____ DEPTH _____ MATERIAL _____

## FOUNDATION                           *EXISTING*

MATERIAL _____ THICKNESS _____ HEIGHT _____

DEPTH BELOW GRADE _____ HEIGHT ABOVE GRADE _____

SEAL COATING - YES ☐    NO ☐             TYPE _____

## FRAMING

GIRDER - WOOD ☐   STEEL ☐   SIZE _____   MAX SPAN _____ FT.

LALLYS  SIZE & TYPE _____   SIZE OF SILL PLATES _____

FLOOR JOISTS -   _OPEN WEB_ _T_

1ST FL.  SIZE _2 x 12 30"_ DISTANCE O/C _12" 19 #2_ SPAN _24'0"_

2ND FL.  SIZE _____ _16"_ DISTANCE O/C _16"_   SPAN _26'-0"_

3RD FL.  SIZE _# I JOIST_ _____ DISTANCE O/C _____   SPAN _____

CEILING JOISTS    (SIZE) _TRUSS_ _____ DISTANCE O/C _24"_   SPAN _27'_

OUTSIDE WALL STUDS SIZE _2X6_ _____ DISTANCE O/C _16"_   HEIGHT _9 29/32"_

BEARING WALL STUDS SIZE _2X4_ _____ DISTANCE O/C _16"_   HEIGHT _9 29/32"_

HEADER SIZES _2X12_ _____ SPANS _12'_

BEAMS - TYPE _W12X26_ _____ SIZE _____ SPAN _____ .

ROOF TYPE - "A" ☐   HIP ☑   SHED ☐   ROOF PITCH _8/12_

ROOF RAFTERS   SIZE _2X6_ _Truss_ DISTANCE O/C _24"_   SPAN _27'_

## SHEATHING

FLOORS - TYPE & SIZE _3/4 T+G CDX_ _____

WALLS - TYPE & SIZE _1/2 CDX_ _____

ROOFS - TYPE & SIZE _1/2 CDX_ _____

BLOCKING/FIRE STOP (Describe) _BOX FRAMING FIRST + SECOND_

_FLOOR_ _____

INSULATION - FLOORS R- _16_   WALLS R- _16_   CEILINGS R- _30_

FIRE CODING - TYPE _____ LOCATION _____

COST OF CONSTRUCTION  $_____

#### PLEASE READ BEFORE SIGNING

    I CERTIFY THAT I HAVE READ THIS APPLICATION AND STATE THAT THE
INFORMATION CONTAINED HEREIN IS CORRECT.

    I AGREE TO COMPLY WITH ALL TOWN AND STATE LAWS AND ORDINANCES
RELATING TO BUILDING CONSTRUCTION.

    WORK MUST BEGIN WITHIN SIX MONTHS AND BE COMPLETED WITHIN TWO
YEARS OF PERMIT DATE, OTHERWISE PERMIT WILL EXPIRE. EXTENSIONS MAY
BE GRANTED UNDER CERTAIN CONDITIONS WHEN PROPERLY REQUESTED.

SIGNATURE OF APPLICANT _____ DATE 12/28/04

**\* Separate Form Required for Homeowner's Exemption.**

REMARKS PERTAINING TO CONSTRUCTION

_____
_____
_____
_____
_____
_____
_____
_____
_____

        REMARKS BY _____

**THIS PAGE FOR OFFICE USE ONLY**

| ROUTING FOR OTHER JURISDICTION APPROVALS WHEN REQUIRED | | | |
|---|---|---|---|
| PLEASE FORWARD TO NEXT DEPARTMENT CHECKED | | | |
| CHECK | DEPARTMENT | BY | DATE |
| ✓ | BOARD OF HEALTH | _Ralph Whelan_ | 1/11/05 |
| ✓ | CONSERVATION | _Phelps_ | 1/12/05 |
|  | BOARD OF APPEALS |  |  |
|  | PLANNING |  |  |
|  |  |  |  |
| ✓ | BUILDING DEPT. |  |  |

**VALIDATION**

TAX STATUS - CURRENT ☒          DELINQUENT ☐

PERMIT NO. _05-18_          FEE $ _267.00xx_

DATE ISSUED _1-14-05_     CONST. VALUE $ _143,370.00xx_

TO _M.A.P. EAST L.L.C._

ADDRESS _48 CHERRY & WEBB LN._

S.D. LOT # _____     ASSR. LOT # _53_     MAP # _91_

BY _Robert Maltais_
    Building Inspector

**WORK CONTENT**

_BUILD A (2) LEVEL S.F.D. ON ORIGINAL_
_FOUNDATION — THIS PROJECT IS IN FLOOD ZONE_
_A-11 ELEV. 12_

FILE NO.

_04-690_

EXHIBIT

B 1

PERMIT NO. 05-17

FEE $25.00/44



# TOWN OF WESTPORT
## BUILDING DEPARTMENT
### 856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

1-14  2005

THIS CERTIFIES THAT M.A.P. EAST L.L.C.

has permission to DEMOLISH EXISTING DWELLING

TO BE REPLACED W/ A NEW DWELLING

at 44 CHERRY & WEBB LN.

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF
THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING
TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY
VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_____  INSPECTOR OF BUILDINGS

- **SEPARATE PERMIT REQUIRED FOR WOODSTOVES AND FIREPLACES.**

- **THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES
AND NOT TORN DOWN OR REMOVED.**

"Persons contracting with unregistered
contractors DO NOT HAVE ACCESS
TO THE GUARANTY FUND (as set
forth in MGL c. 142A)"

EXHIBIT
B.2

PERMIT NO. 05-18

FEE $26.1

"Persons contracting with unregistered contractors DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A)"

# TOWN OF WESTPORT
## BUILDING DEPARTMENT
856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

THIS CERTIFIES THAT _M.A.P. EAST L.L.C._    1-18    2005

has permission to _BUILD A (1) LEVEL S.F. DWELLING_

_IN FLOOD ZONE A-11 ELEV. 12'_

at _44 CHERRY @ WEBB LN._

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_Robert Mottau_    INSPECTOR OF BUILDINGS

- **_SEPARATE PERMIT REQUIRED FOR WOODSTOVES AND FIREPLACES._**

- **_THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES AND NOT TORN DOWN OR REMOVED._**

TOWN OF WESTPORT BUILDING DEPARTMENT

## OCCUPANCY INSPECTION PERMIT

| DEPARTMENT | 1 | 2 | 3 | FINAL |
|---|---|---|---|---|
| BOARD OF HEALTH | | | | |
| BUILDING | | | | |
| ELECTRICAL | | | | |
| PLUMBING | | | | |
| GAS | | | | |
| FIRE | | | | |
| PLANNING | | | | |

THIS CERTIFIES THAT _____ HAS PERMISSION TO

OCCUPY PREMISES AT _____

_____
BUILDING INSPECTOR

NOTES:

- KEY MUST BE AVAILABLE FOR INSPECTORS.
- NEW LOTS MUST POST LOT NUMBER IN A CONSPICUOUS LOCATION.

WITNESSED BY: BOBBIE VIERA

EXHIBIT
C



TP- 1

| 0" | A SANDY LOAM 10YR3/3 | 7.5 |
| 8" | B SAND 7.5Y5/10 | 6.9 |
| 32" | C1 FINE LOAM 7.5Y7/10 | 4.8 |
| 78" | C2 FINE SAND 10YR7/6 | 1.0 |
| 90" | | 0.0 |

PERC @ 36"
RATE: 1" IN 2 MIN.
MOTTLES @ 90"(EL.=0.0)
NO WATER

LOCUS

BENCHMARK: PK NAIL IN
PAVEMENT ELEV.=4.81
NGVD 1929

CHERRY AND WEBB LANE

GRAVEL DRIVE

S 170'8'18"
113.00

3' LIMIT OF
EXCAVATION

50' TITLE V REQ'D

100' BUFFER

LIMIT OF COASTAL BANK

ZONING REQUIREMENTS (MINIMUM)

60,000 SF
T YARD SETBACK 25'
YARD SETBACK 10'
YARD SETBACK 20'

GENERAL NOTES

S SYSTEM SHALL BE INSPECTED WHEN LEACHING AREA IS FULLY EXCAVATED
) WHEN ALL COMPONENTS ARE IN PLACE. WHEN THE SYSTEM IS READY FOR INSPECTION,
CONTRACTOR SHALL NOTIFY THE LOCAL BOARD OF HEALTH.

BLE WASHED CRUSHED STONE SHALL BE FREE OF ALL DIRT, DUST AND FINES.

ELEVATIONS ARE BASED ON NGVD 1929 ELEVATION DATUM.

AVY EQUIPMENT SHALL NOT BE ALLOWED TO OPERATE OVER THE LIMITS
THE SEWAGE DISPOSAL SYSTEM DURING THE COURSE OF CONSTRUCTION.

FIELD MODIFICATIONS TO THE SEWAGE DISPOSAL SYSTEM SHALL BE MADE WITHOUT
OR WRITTEN APPROVAL OF THE ENGINEER AND THE LOCAL BOARD OF HEALTH.

LESS OTHERWISE NOTED ALL SYSTEM COMPONENTS SHALL BE INSTALLED IN
CORDANCE WITH TITLE V OF THE STATE ENVIRONMENTAL CODE AND ANY
PLICABLE LOCAL REGULATIONS.

PTIC TANK, DISTRIBUTION BOX, ETC. SHALL BE MANUFACTURED BY A. ROTONDO & SONS
APPROVED EQUAL.

OUT TO BE USED AT ALL POINTS WHERE PIPES ENTER OR LEAVE ALL CONCRETE
RUCTURES IN ORDER TO PROVIDE A WATERTIGHT SEAL.

SHIPLAP JOINTS IN THE SEPTIC TANK SHALL BE SEALED WITH NEOPRENE GASKETS
ASPHALT CEMENT.

L UNSUITABLE MATERIAL IS TO BE REMOVED AND REPLACED WITH NEW MATERIAL HAVING
PERCOLATION RATE OF LESS THAN 2 MINUTES PER INCH

S SYSTEM IS NOT DESIGNED FOR A GARBAGE DISPOSAL UNIT.

BOARD OF HEALTH STAMPS

BOARD OF HEALTH STAMPS

PLAN REPRESENTS AN UPGRADE OF THE EXISTING SYSTEM
TILE V STANDARDS

10'-6"

PLAN VIEW

20" dia. cover (typ)

GAS BAFFLE

CROSS SECTION VIEW

SEPTIC TANK
NOT TO SCALE

DWELLING

TOP OF
FOUNDATION
ELEV. = 13.61'

L.S. STAMP

SUBSURFACE SEWAGE DISPOSAL SYSTEM

APPLICANT: MAP EAST LLC
ASSESSORS MAP & LOT: MAP 91 LOT 53
STREET LOCATION: 44 CHERRY AND WEBB LANE
WESTPORT, MA

ENGINEERING FIRM:

SITEC, Inc.
Civil and Environmental Engineering
Land Use Planning

DATE: JANUARY 31, 2005

CONTACT PERSON: BRIAN LEVESQUE
ADDRESS: 12 Valley Road
New Bedford, MA 02745
TEL: (508) 998-3125  FAX (508) 998-7554



**Massachusetts Department of Environmental P...**
Bureau of Resource Protection - Wetlands

DEP File Number:

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

SE 80-1412

BK 7452 PG 160
03/14/05 03:42 DOC. 7564
Bristol Co. S.D.

## A. General Information

**ORIGINAL**

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor – do not use the return key.

From:    Westport
         1. Conservation Commission

2. This issuance is for (check one):    ☒ Order of Conditions    ☐ Amended Order of Conditions

3. To:    Applicant:

| | | M.A.P. East LLC |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

20 Development Street
d. Mailing Address

| Fall River | MA | 02721 |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

4. Property Owner (if different from applicant):

| Same | | |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

d. Mailing Address

| | | |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

5. Project Location:

| 44 Cherry and Webb Lane | Westport |
|---|---|
| a. Street Address | b. City/Town |
| 91 | 53 |
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known (note: electronic filers will click for GIS locator):

| | |
|---|---|
| e. Latitude | f. Longitude |

6. Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

| Bristol | |
|---|---|
| a. County | b. Certificate (if registered land) |
| 6668 | 329-330 |
| c. Book | d. Page |

7. Dates:

| 2-17-05 | 3-1-05 | 3-7-05 |
|---|---|---|
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8. Final Approved Plans and Other Documents (attach additional plan or document references as needed):

Subsurface Sewage Disposal System
a. Plan Title

| Sitec, Inc. | Steven D. Gioiosa |
|---|---|
| b. Prepared By | c. Signed and Stamped by |
| 1-31-05 | |
| d. Final Revision Date | e. Scale |

| | |
|---|---|
| f. Additional Plan or Document Title | g. Date |

9. Total WPA Fee Paid:

| 500 | 262.50 | 227.50 |
|---|---|---|
| a. Total Fee Paid | b. State Fee Paid | c. City/Town Fee Paid |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## B. Findings

1. Findings pursuant to the **Massachusetts Wetlands Protection Act**:

   Following the review of the above-referenced Notice of Intent and based on the information provided in this application and presented at the public hearing, this Commission finds that the areas in which work is proposed is significant to the following interests of the Wetlands Protection Act. Check all that apply:

   a. ☐ Public Water Supply    b. ☐ Land Containing Shellfish  c. ☒ Prevention of Pollution

   d. ☒ Private Water Supply    e. ☐ Fisheries    f. ☐ Protection of Wildlife Habitat

   g. ☒ Groundwater Supply    h. ☒ Storm Damage Prevention i. ☒ Flood Control

2. This Commission hereby finds the project, as proposed, is: (check one of the following boxes)

**Approved** subject to:

☒ the following conditions which are necessary in accordance with the performance standards set forth in the wetlands regulations. This Commission orders that all work shall be performed in accordance with the Notice of Intent referenced above, the following General Conditions, and any other special conditions attached to this Order. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, these conditions shall control.

**Denied** because:

☐ the proposed work cannot be conditioned to meet the performance standards set forth in the wetland regulations. Therefore, work on this project may not go forward unless and until a new Notice of Intent is submitted which provides measures which are adequate to protect these interests, and a final Order of Conditions is issued. **A description of the performance standards which the proposed work cannot meet is attached to this Order.**

☐ the information submitted by the applicant is not sufficient to describe the site, the work, or the effect of the work on the interests identified in the Wetlands Protection Act. Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides sufficient information and includes measures which are adequate to protect the Act's interests, and a final Order of Conditions is issued. **A description of the specific information which is lacking and why it is necessary is attached to this Order as per 310 CMR 10.05(6)(c).**

**Inland Resource Area Impacts:** Check all that apply below. (For Approvals Only)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 3. ☐ Bank | a. linear feet | b. linear feet | c. linear feet | d. linear feet |
| 4. ☐ Bordering Vegetated Wetland | a. square feet | b. square feet | c. square feet | d. square feet |
| 5. ☐ Land Under Waterbodies and Waterways | a. square feet | b. square feet | c. square feet | d. square feet |
| | e. cu.yd dredged | f. cu.yd dredged | | |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 -- Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## B. Findings (cont.)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 6. ☐ Bordering Land Subject to Flooding | a. square feet | b. square feet | c. square feet | d. square feet |
| Cubic Feet Flood Storage | e. cubic feet | f. cubic feet | g. cubic feet | h. cubic feet |
| 7. ☐ Isolated Land Subject to Flooding | a. square feet | b. square feet | | |
| Cubic Feet Flood Storage | c. cubic feet | d. cubic feet | e. cubic feet | f. cubic feet |
| 8. ☐ Riverfront area | a. total sq. feet | b. total sq. feet | | |
| Sq ft within 100 ft | c. square feet | d. square feet | | |
| Sq ft between 100-200 ft | e. square feet | f. square feet | | |

**Coastal Resource Area Impacts:** Check all that apply below.  (For Approvals Only)

| | | | |
|---|---|---|---|
| 9. ☐ Designated Port Areas | Indicate size under Land Under the Ocean, below | | |
| 10. ☐ Land Under the Ocean | a. square feet | b. square feet | |
| | c. cu.yd dredged | d. cu.yd dredged | |
| 11. ☒ Barrier Beaches | Indicate size under Coastal Beaches and/or Coastal Dunes below | | |
| 12. ☐ Coastal Beaches | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt. |
| 13. ☒ Coastal Dunes | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt |
| 14. ☒ Coastal Banks | a. linear feet | b. linear feet | | |
| 15. ☐ Rocky Intertidal Shores | a. square feet | b. square feet | | |
| 16. ☐ Salt Marshes | a. square feet | b. square feet | c. square feet | d. square feet |
| 17. ☐ Land Under Salt Ponds | a. square feet | b. square feet | | |
| | c. cu.yd dredged | d. cu.yd dredged | | |
| 18. ☐ Land Containing Shellfish | a. square feet | b. square feet | c. square feet | d. square feet |
| 19. ☐ Fish Runs | Indicate size under Coastal Banks, inland Bank, Land Under the Ocean, and/or inland Land Under Waterbodies and Waterways, above | | |
| | a. cu.yd dredged | b. cu.yd dredged | | |
| 20. ☒ Land Subject to Coastal Storm Flowage | a. square feet | b. square feet | | |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## C. General Conditions Under Massachusetts Wetlands Protection Act

(only applicable to approved projects)

1. Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2. The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3. This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4. The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
   a. the work is a maintenance dredging project as provided for in the Act; or
   b. the time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.

5. This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.

6. Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.

7. This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

8. No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to this Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

9. A sign shall be displayed at the site not less then two square feet or more than three square feet in size bearing the words,

"Massachusetts Department of Environmental Protection" [or, "MA DEP"]

"File Number    SE 80-1412   "



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## C. General Conditions Under Massachusetts Wetlands Protection Act

10. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before DEP.

11. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

12. The work shall conform to the plans and special conditions referenced in this order.

13. Any change to the plans identified in Condition #12 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

14. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

15. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.

16. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

17. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

Special Conditions:

If you need more space for additional conditions, select box to attach a text document ☐

1) Erosion and sediment control barrier to be erected as and in location described on plan prior to start of work -- this fence shall serve as the limit of work; 2) All fill to match existing material as to both particle size and composition - sample to be furnished to the WCC prior to beginning of work; 3) Any excess fill or excavated material not used for septic system to be removed from site; 4) No work to be performed without approval from Board of Health

A True Copy By Photostatic Process
Attest:

_Valerie X Sordeus_

**Asst. Clerk of Courts**



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1. Furthermore, the _____ hereby finds (check one that applies):
   Conservation Commission

2. ☐ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw specifically:

   _____    _____
   a. Municipal Ordinance or Bylaw                                                          b. Citation

   Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

3. ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

   _____    _____
   a. Municipal Ordinance or Bylaw                                                          b. Citation

   The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

   c. The special conditions relating to municipal ordinance or bylaw are as follows:

   If you need more space for additional conditions, select box to attach a text document ☐

   _____

   _____

   _____

   _____



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE-80-1412

## E. Issuance

This Order is valid for three years, unless otherwise specified as a special
condition pursuant to General Conditions #4, from the date of issuance.
Please indicate the number of members who will sign this form:
This Order must be signed by a majority of the Conservation Commission.
The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A
copy also must be mailed or hand delivered at the same time to the appropriate Department of
Environmental Protection Regional Office, if not filing electronically, and the property owner, if different
from applicant.

1. Date of Issuance

2. Number of Signers

Signatures:

*Susan Burke Pedraia*

*John D. Reynolds*

### Notary Acknowledgement

Commonwealth of Massachusetts County of     **Bristol**

On this     *7th*     of     *March*     *2005*
         Day                                   Month          Year

Before me, the undersigned Notary Public,     *Tanja Ryden*
personally appeared                              Name of Document Signer

proved to me through satisfactory evidence of identification, which was/were

*known to me*
Description of evidence of identification

to be the person whose name is signed on the preceding or attached document, and acknowledged to
me that he/she signed it voluntarily for its stated purpose.

As member of     **Westport**          Conservation Commission
                  City/Town

Signature of Notary Public

Leone F. Farias
Printed Name of Notary Public

October 6, 2011
My Commission Expires (Date)

Place notary seal and/or any stamp above

This Order is issued to the applicant as follows:

☑ by hand delivery on

*3-7-05*
Date

☐ by certified mail, return receipt requested, on

_____
Date



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## F. Appeals

The applicant, the owner, any person aggrieved by this Order, any owner of land abutting the land subject to this Order, or any ten residents of the city or town in which such land is located, are hereby notified of their right to request the appropriate DEP Regional Office to issue a Superseding Order of Conditions. The request must be made by certified mail or hand delivery to the Department, with the appropriate filing fee and a completed Request of Departmental Action Fee Transmittal Form, as provided in 310 CMR 10.03(7) within ten business days from the date of issuance of this Order. A copy of the request shall at the same time be sent by certified mail or hand delivery to the Conservation Commission and to the applicant, if he/she is not the appellant.

The request shall state clearly and concisely the objections to the Order which is being appealed and how the Order does not contribute to the protection of the interests identified in the Massachusetts Wetlands Protection Act, (M.G.L. c. 131, § 40) and is inconsistent with the wetlands regulations (310 CMR 10.00). To the extent that the Order is based on a municipal ordinance or bylaw, and not on the Massachusetts Wetlands Protection Act or regulations, the Department has no appellate jurisdiction.

**Section G, Recording Information is available on the following page.**



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____

Provided by DEP



## A. Violation Information

**Important:**
When filling out
forms on the
computer, use
only the tab
key to move
your cursor –
do not use the
return key.




This Enforcement Order is issued by:

Westport
_____
Conservation Commission (Issuing Authority)                                      Date

To:

M.A.P. East LLC/ Michael Bisko
_____
Name of Violator

44 Cherry and Webb Lane
_____
Address

1.  Location of Violation:

_____
Property Owner (if different)

44 Cherry and Webb Lane
_____
Street Address

Westport, MA
_____
City/Town                                                Zip Code

91                                                          53
_____
Assessors Map/Plat Number                        Parcel/Lot Number

2.  Extent and Type of Activity:

Failure to comply with all conditions of Order of Conditions (DEP file # SE 80-1412): 7, 8,17, and
Special Condition(s) 1,2,4.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands
Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒  the activity has been/is being conducted without a valid Order of Conditions.

☒  the activity has been/is being conducted in violation of the Order of Conditions issued to:

M.A. P. East, LLC                                      3-7-2005
_____
Name                                                    Dated

_____
File Number                                            Condition number(s)

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____

Provided by DEP

---

## B. Findings (cont.)

☒ Other (specify):

Demolition of existing dwelling and new construction that appears to require an Order of Conditions has occurred/is occurring on the site. In conjunction with this, construction machinery and a dumpster are being stored on a resource area and within 100 ft of a salt marsh/coastal bank.

---

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its original condition.

☐ Complete the attached Notice of Intent. The completed application and plans for all proposed work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

_____
Date

No further work shall be performed ntil a public hearing has been held and an Order of Conditions has been issued to regulate said work.

☒ The property owner shall take the following action to prevent further violations of the Act:

1) Appear before the Conservation Commission on March 15, 2005, at 7 pm to answer questions regarding violations of your Order of Conditions and questions about additional work on the site that may require a permit under the Wetlands Protection Act.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a) shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing violation shall constitute a separate offense.

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 9A – Enforcement Order**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

Provided by DEP

## D. Appeals/Signatures

An Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.

Questions regarding this Enforcement Order should be directed to:

Name

Phone Number

Hours/Days Available

Issued by:

Conservation Commission

In a situation regarding immediate action, an Enforcement Order may be signed by a single member or agent of the Commission and ratified by majority of the members at the next scheduled meeting of the Commission.

Signatures:

Signature of delivery person or certified mail number

2005-03-21_0002.JPG 2005/03/21 11:53:10





# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET#: **BRCV2005-00307-B**

RE:   M.A.P., East, LLC v Ryden et al

TO:   File Copy

---

## NOTICE OF SCHEDULED APPEARANCE

You are hereby notified that you are required to appear in the above captioned action

    for:   **Conference: Lobby**

This appearance is scheduled

    on:   **10/17/2005**
    at:   **02:00 PM**
    in:   **CtRm 2 (Fall River)** in Fall River

Dated at  Fall River, Massachusetts this 19th day of July, 2005.

        BY: Mark A. Ferriera
        Assistant Clerk

Telephone: (508) 672-4464

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court
at (617) 788-8130 -- *Check website as to status of case:* ***http://ma-trialcourts.org/tcic***
cvcgeneric_2.wpd 79433 conlob celeste



COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                          SUPERIOR COURT DEPARTMENT
                                                     C.A. NO. BRCV2005-00307

**********************************************
M.A.P. EARTH, LLC,                        *
                                          *
                        Plaintiff         *
                                          *
vs.                                       *
                                          *
TOWN OF WESTPORT, BRENDA J. BURKE,        *
INDIVIDUALLY and as CHAIRMAN OF THE       *
TOWN OF WESTPORT BOARD OF HEALTH,         *
ANNE PHELPS, INDIVIDUALLY and as          *        FIRST AMENDED
CONSERVATION AGENT FOR THE TOWN           *        VERIFIED COMPLAINT
OF WESTPORT, and TANJA RYDEN,             *        AND REQUEST FOR
RICHARD LAMBERT, JOHN REYNOLDS,           *        INJUNCTIVE RELIEF
THOMAS McGARR, PAUL HEBERT, SUSAN         *
PEDREIRA and ED ROONEY, as they           *
constitute the TOWN OF WESTPORT           *
CONSERVATION COMMISSION and SEAN          *
M. LEACH, DONNA LAMBERT and BRENDA        *
J. BURKE, as they constitute the TOWN OF  *
WESTPORT BOARD OF HEALTH,                 *
                        Defendants        *
**********************************************

## INTRODUCTION

The Plaintiff seeks redress for violations of its civil rights and other related wrongs

suffered by it, in violation of the laws of the Commonwealth of Massachusetts and the United

States of America. In general, this complaint is being filed because Defendants have

continuously interfered with and prevented the Plaintiff from repairing its property and for

depriving Plaintiff its use and enjoyment. In addition, the individual Defendants have unlawfully

used their official positions to cause the Plaintiff to suffer significant damages.

## PARTIES

1.      Plaintiff is a limited liability company organized pursuant to the laws of the

        Commonwealth of Massachusetts with a principal office located at 138 Rock Street, Fall

        River, Massachusetts.

ARTHUR D. FRANK, JR.
ATTORNEY–AT–LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678–4556

1

2.    Defendant Town of Westport is a political entity incorporated as a town pursuant to the laws of the Commonwealth of Massachusetts with a usual address of 816 Main Road, Westport, Massachusetts.

3.    Defendant Brenda J. Burke is the duly elected Chairwoman of the Town of Westport Board of Health. This Defendant is sued in her individual capacity.

4.    Defendant Anne Phelps is the duly appointed Conservation Agent in and for the Town of Westport. This Defendant is sued in her individual and official capacity.

5.    Defendant Town of Westport Conservation Commission (hereinafter "Defendant Con Com") is comprised of the following individuals:

Tanja Ryden                          Paul Hebert
34 Fallon Drive                      29 Crane Avenue
Westport, MA 02790                   Westport, MA 02790

Richard Lambert                      Susan Pedreira
343 Old Bedford Road                 P.O. Box 3179
Westport, MA 02790                   Westport, MA 02790

John Reynolds                        Ed Rooney
44 Pratt Avenue                      271 Division Road
Westport, MA 02790                   Westport, MA 02790

Thomas McGarr
26 Tickle Road
Westport, MA 02790

6.    Defendant Town of Westport Board of Health (hereinafter "Defendant BOH") is comprised of the following individuals:

Sean M. Leach                        Brenda J. Burke
521 Division Road                    P.O. Box 453
Westport, MA 02790                   Westport Point, MA 02791\

Donna Lambert
343 Old Bedford Road
Westport, MA 02790

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

7.    Plaintiff is the owner of land with buildings thereon situated on the south side of Cherry & Webb Lane, Westport, Massachusetts and depicted on Town of Westport Assessor's Map 91 as Lot 53. The parcel contains two dwellings, Nos. 44 and 48.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

8.    Dwelling No. 44 is serviced by an existing septic system located to the south of said dwelling. A portion of the system is believed to be located on land now or formerly of Taradash.

9.    On December 28, 2004, Plaintiff's contractor, Donald Bernier (hereinafter "Bernier") applied to the Town of Westport Building Department for a building permit to make various repairs, renovations, alterations and additions to 44 Cherry & Webb Lane, a two bedroom single family home serviced by a fully functional Title V compliant sewage disposal system located on abutting property owned by a third party. A copy of this application is attached hereto and made a part hereof as Exhibit "A".

10.   In accordance with the practices and procedures in place with the Town of Westport, the application and attendant plan were vectored to the respective agents for Defendants Con Com and BOH for review prior to the issuance of any permit. The withholding of a sign-off from either or both agents would indicate to the Building Inspector and subsequently to the applicant that some form of permit or other permission was needed from Defendants Con Com and/or BOH prior to commencing the requested work.

11.   On January 11, 2005, Ralph Urban, Agent for Defendant BOH, signed off on Plaintiff's permit.

12.   On January 12, 2005, Anne Phelps, Agent for Defendant Con Com, signed off on Plaintiff's permit.

13.   On January 14, 2005, Robert Maltais, Building Inspector for the Town of Westport, issued Building Permit No. 05-18 to Bernier for the requested work. Permit No. 05-17 was issued for demolition work.[1] Copies of both permits are attached hereto and made a part hereof as Exhibits "B1" and "B2".

14.   On January 31, 2005, plans for a Title V compliant septic system were submitted as part of a completed application to Defendant BOH.

15.   Agents for Plaintiff known as SITEC, Inc. met with agents for the Defendant BOH and after receiving input, revised the plan adding necessary notations.

16.   Said revisions were submitted by Plaintiff on or about March 8, 2005.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

---

[1] N.B. For Assessor's purposes, Mr. Maltais put the number 48 on the building permit application since the Assessor carried only one street address in their record.

3

17.    On February 17, 2005, Plaintiff, by and through its environmental engineer, SITEC, Inc., filed a Notice of Intent with Defendant Con Com for the construction of a new sub-surface sewage disposal system for No. 44. This was done in order to close the existing system on the abutter's land and eliminate encroachment problem that existed with the present system. A copy of SITEC's plan is attached hereto and made a part hereof as Exhibit "C".

18.    Thereafter, Plaintiff was informed by Defendant BOH that they would not take action on the septic plans submitted by SITEC for 44 Cherry & Webb Lane until the Defendant Con Com acted.

19.    Sitec had determined that the Notice of Intent was necessary due to the fact that the new system was to be constructed in the 100 foot Buffer Zone that extends from the Coastal Bank of the Westport River south across Cherry & Webb Lane and onto Plaintiff's property. Dwelling No. 44 is not within the 100 foot Buffer Zone.

20.    On March 1, 2005, Defendant Con Com convened a public hearing on Plaintiff's Notice of Intent. On March 7, 2005, they issued an Order of Conditions by which Plaintiff would construct the new septic system. A copy of the Order of Conditions is attached hereto and made a part hereof as Exhibit "D".

21.    In accordance with M.G.L., there is a ten (10) day appeal period of an Order of Conditions. Consequently, Orders of Conditions usually are not recorded until the appeal period runs.

22.    On March 14, 2005, Bernier's project coordinator, Michael Biszko, Jr. (hereinafter "Biszko") commenced work on dwelling No. 44 in accordance with the building permit. In connection therewith, he brought excavating equipment, dumpsters and workers. A trench was dug to shore up the piers and footings of the deck of the house to structurally support the addition. A supporting concrete wall was poured around the existing piers and footings. All work was in keeping with the description delineated on the building permit application and attendant plan. The soils from the trench were piled on site.

23.    On said date, Agent Phelps came onto the property and threatened Biszko with an enforcement order for performing the work described above, keeping dumpsters on the property, operating equipment and piling soils. She further ordered him to remove all

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

4

dumpsters, remove all heavy machinery from the 100 foot Buffer Zone and remove the pile of soil.

24. Agent Phelps castigated Biszko for performing work without complying with the Order of Conditions and without recording it.

25. Biszko reminded Agent Phelps that she had signed off on the work authorized by the building permit and that the Order of Conditions did not apply to the dwelling.

26. Agent Phelps' response was to hand Biszko an Enforcement Order, a copy of which is attached hereto and made a part hereof as Exhibit "E".

27. The Enforcement Order indicates that Plaintiff was conducting activity in violation of the Order of Conditions and of conducting activity without an Order of Conditions. Biszko was also ordered to record the Order of Conditions despite the fact that the 10 day appeal period would not run out until March 17, 2005.

28. On March 15, 2005, Attorney Brian Corey (hereinafter "Attorney Corey") specially appeared before Defendant Con Com on behalf of Plaintiff to ascertain why Defendant Con Com had issued the Enforcement Order. When Attorney Corey reminded the Board that Agent Phelps had approved the work on the dwelling without the necessity of filing a Notice of Intent, they chose to ignore it. Instead, Defendant Con Com voted to ratify the Enforcement Order issued by Phelps.

29. On March 21, 2005, Defendant Con Com and Defendant BOH met jointly at the Westport Town Hall Annex without notice to Plaintiff and under belief in violation of the Massachusetts Open Meeting Law.

30. Under information and belief, Defendants discussed the situation at the Plaintiff's property and possible enforcement/sanction options.

31. Building Inspector Maltais attended this meeting and questioned both Defendants as to why they were interfering with Plaintiff's use of a validly issued building permit. Mr. Maltais' query was ignored by Defendants.

32. Under information and belief, Plaintiff believes Defendants conspired to issue some form of cease and desist order against Plaintiff's project at the March 21, 2005 meeting. No service of any of the orders has been properly served on Plaintiff or Plaintiff's agent as required by the Massachusetts Secretary of State.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

33. On March 21, 2005, Plaintiff, in an effort to appease Defendant BOH and avoid a confrontation, withdrew the plan for consideration.

34. On April 13, 2005, Plaintiff resubmitted the plan to Defendant BOH. Defendant BOH took no action relative to Plaintiff's filings until a Special Meeting on July 5, 2005. Defendant BOH continued the hearing until July 11, 2005 at 5:00 P.M.

35. On July 11, 2005, an onsite inspection commenced with Defendant BOH members arriving at 5:20 P.M. No vote was taken onsite by Defendant BOH.

36. On July 11, 2005 at 7:00 P.M., Defendant BOH reconvened and voted to continue the hearing until 8:00 A.M. on July 14, 2005.

37. On or about 9:00 A.M. on July 14, 2005, Defendant BOH voted to deny the plan based upon alleged violations of Board of Health Regulation No. 22.

38. Said regulation is void on its face in that it was enacted in violation of state law.

39. Said regulation is void on its face in that paragraph 1.0 cites an effective date of June 1, 2003, when in fact the public hearing for the regulation date was published in October of 2003.

40. Said regulation is void as Section 3.1 lacks necessary information.

41. Said regulation is void in that, although having the required number of signatures, it is not dated.

42. Plaintiff, as a result of the concerted efforts of all Defendants, has been made to cease all work, including work validly permitted under the building permit, denied the use and enjoyment of his property which is unique. Further, his construction schedule has been compromised to the extent that future use and enjoyment of the property for both personal and rental use is in jeopardy.

43. Plaintiff has no plain or adequate remedy at law.

44. On or about July 11, 2005 and other diverse dates, Defendant Burke issued defamatory comments accusing Plaintiff of violating Town rules and regulations and state laws. A copy of said comments are attached hereto and made a part hereof as Exhibit "F".

45. Said statements were made with utter disregard for the truth of the matters asserted and intended solely to stop Plaintiff from the lawful enjoyment of its property.

RTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

6

46.   Defendant Burke did know or should have known that Plaintiff had conformed with all local rules and state laws.

47.   On or about July 11, 2005, Defendant Phelps issued defamatory comments accusing Plaintiff of violating Town rules, regulations and state laws. (See prior Exhibits)

48.   Said statements were made with utter disregard for the truth of the matters asserted and intended to prevent Plaintiff from the use and enjoyment of its property.

49.   Defendant Phelps knew or should have known that Plaintiff had, in fact, complied with all local and state rules, regulations, by-laws and statutes in its application for the renovations to the premises.

50.   Defendants and each of them have repeatedly and continuously interfered with and prevented Plaintiff from completing the intended renovations to the premises through a pattern of intentional and/or negligent conduct and/or comments in violation of Plaintiff's legal rights.

51.   Defendants and each of them have continued to interfere, intimidate and otherwise thwart Plaintiff's attempt to use, occupy and rent the premises.

COUNT I
Injunctive Relief

52.   Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 51 herein as if set forth in full.

WHEREFORE, Plaintiff requests this Honorable Court issue the following injunctive

relief:

1.   Temporarily restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

2.   Issue a short order of notice.

3.   Issue a preliminary injunction to restrain and enjoin Defendants, their agents, servants, attorneys or employees, from preventing Plaintiff from exercising its rights in and to Building Permit No. 05-18 to alter, renovate, construct, demolish or add to the premises located at 44 Cherry & Webb Lane, Westport, Massachusetts.

4.   Restrain and enjoin Defendants Burke and Phelps from issuing false and defamatory statements about Plaintiff.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

7

5. Order a speedy completion of the pleadings.

6. Declare Plaintiff has the right to exercise the rights granted in Building Permit No. 05-18 and permanently enjoin Defendants from preventing same.

COUNT II
G.L. c. 12, §§11H, 11I

53. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 52 herein as if set forth in full.

54. The Defendants, by their actions as detailed above, did by threats, intimidation and/or coercion interfere with the Plaintiff's rights as secured by the Constitution and laws of the United States and secured by the Constitution and laws of the Commonwealth in that they did interfere with Plaintiff's rights and privileges in violation of G.L. c. 12, §§11H, 11I.

55. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and exemplary damages, plus interest, costs and attorney's fees.

COUNT III
42 U.S.C. §1983

56. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 55 herein as if set forth in full.

57. Defendant Phelps, by her actions as detailed above, while acting under color of state law, did cause Plaintiff to be subjected to a deprivation of its rights as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant Phelps for compensatory and exemplary damages, plus interest, costs and attorney's fees.

COUNT IV
42 U.S.C. §1983

59. Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 58 herein as if set forth in full.

60. Defendant Burke, by her actions as detailed above, while acting under color of state law, did cause Plaintiff to be subjected to a deprivation of its rights as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

61. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4956

WHEREFORE, Plaintiff demands judgment against Defendant Burke for compensatory and exemplary damages, plus interest, costs and attorney's fees.

COUNT V
G.L. c. 93, §102

62.   Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 61 herein as if set forth in full.

63.   Defendants, by their actions as detailed above, did unlawfully infringe on Plaintiff's equal rights to make and enforce contracts and to otherwise enjoy the full and equal benefit of the laws in violation of G.L. c. 93, §102(a).

64.   As a direct and proximate result of the above Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and exemplary damages, plus interest, costs and attorney's fees.

COUNT VI
Declaratory Judgment

65.   Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 64 as if set forth in full.

66.   The actions and decisions of Defendant BOH are in violation of G.L. c. 111, §31E and ineffective as they were not rendered within 45 days of Plaintiff's completed submission nor did they notify Plaintiff of alleged deficiencies and/or violations in writing within the statutory time frame.

WHEREFORE, Plaintiff requests this Honorable Court declare Defendant BOH's actions and decisions null and void.

COUNT VII
Declaratory Relief

67.   Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 66 herein as if set forth in full.

68.   The actions of the Defendant Con Com were promulgated in bad faith contrary to both the facts and law and beyond the scope of their jurisdiction.

WHEREFORE, Plaintiff prays this Honorable Court declare Defendant Con Com's cease and desist order null and void.

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

## COUNT VIII
### Intentional Inference

69.    Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 68 herein as if set forth in full.

70.    Defendants Burke and Phelps, jointly and severally, have deliberately and intentionally interfered with Plaintiff's project to prevent its completion and deny Plaintiff of its use and enjoyment.

WHEREFORE, Plaintiff demands judgment against Defendants Burke and Phelps.

## COUNT IX
### Defamation

71.    Plaintiff realleges and reasserts all of the allegations contained in Paragraphs 1 through 70 herein as if set forth in full.

72.    Defendants Burke and Phelps, jointly and severally, have defamed Plaintiff, its agents, servants, attorneys and employees, through the use of libelous statements without regard for the truth.

WHEREFORE, Plaintiff demands judgment against Defendants Burke and Phelps.

SIGNED and sealed under the pains and penalties of perjury this 15th day of July, 2005.

A True Copy By Photostatic Process
Attest:

_Asst. Clerk of Courts_

Brian R. Corey, Jr. as attorney for
M.A.P. East, LLC

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4596

Then personally appeared before me Brian R. Corey, Jr. as attorney for M.A.P. East, LLC and made oath that he has read the foregoing Complaint and knows the contents thereof, and that the facts stated therein are true of his knowledge, except as are stated to be based upon information and belief, and as to those, that he believes them to be true.

Arthur D. Frank, Jr. - Notary Public
My commission expires:  3/12/2010

M.A.P. East, LLC

By its attorney,

Arthur D. Frank, Jr., Esquire
B.B.O. #177250
10 Purchase Street
Fall River, MA 02720
(508) 678-4556

July 15, 2005

ARTHUR D. FRANK, JR.
ATTORNEY-AT-LAW
TEN PURCHASE STREET
FALL RIVER,
MASSACHUSETTS 02720
(508) 678-4556

11





# TOWN OF WESTPORT
## Application for Construction
## Permit

| | | | |
|---|---|---|---|
| REG | ✓ | CPY | |
| RCT | ✓ | ACT | ✓ |
| RCD | | ASR | ✓ |

DATE RCV'D _12-28-04_
CHECK # _6497_
CASH _____

PERMIT NO. _05-18_    FEE $ _267.00/100_

---

PLEASE PRINT OR TYPE IN INK

APPLICANT _Donald R Bernill_    PHONE _508-353-3712_
ADDRESS _29 Thomas St. Westport Mass_
OWNER _M.A.P LLC_    PHONE _508-673-1555_
ADDRESS _44 Cherry & Webb_
CONTRACTOR _D.R. Bernier G.C._    C.S. # _010041_  HIC # _____
ADDRESS _1904 Pleasant St. F.R. 02723_    PHONE _508-674-4415_
ARCH./ENG. _Fred Hanack P.E._    PHONE _508-998-2125_

---

LOCATION (Where work is to be done.) _48 Cherry & Webb Ln._

TYPE OF USE -    COMMERCIAL ☐    RESIDENTIAL ☒    FARM ☐
ZONING DISTRICT - RES. ☒    BUS. ☐    UNRESTRICTED ☐

**TYPE OF WORK**    **TYPE OF USE**

A - NEW CONSTRUCTION ☒    1 - STORE ☐    6 - SHED ☐
B - ADDITION ☒    2 - OFFICE ☐    7 - DECK ☒
C - ALTERATION ☒    3 - DWELLING ☒    8 - PORCH ☐
D - DEMOLITION ☐    4 - GARAGE ☐    9 - POOL ☐
E - RENOVATION ☒    5 - BARN ☐    10 - SIGN ☐
F - REPAIR ☐    11 - USE OF PREMISES ☐
G - OTHER ☐ EXPLAIN _____

---

**BUILDING SITE DETAILS**  S.D. LOT # _____    MAP # _91_    ASSR. LOT # _53_
NEW LOTS - REGISTRY OF DEEDS    BOOK_____    PAGE_____    DATE_____
FRONTAGE_____ FT.    LOT AREA_____ SQ. FT.    UPLAND_____ SQ. FT.
FLOOD PLAIN - YES ☐    NO ☐    BUFFER ZONE - YES ☐    NO ☐
WATERFRONT - YES ☐    NO ☐    WETLANDS - YES ☐    NO ☐
DISTANCE OF PROPOSED STRUCTURE FROM LOT LINES
    STREET LINES_____ FT.    LEFT SIDE_____ FT.
    RIGHT SIDE_____ FT.    REAR_____ FT.
    AREA OF EXISTING BUILDINGS ON LOT_____ SQ. FT.

## SIZE OF STRUCTURE

| | | | | | |
|---|---|---|---|---|---|
| FIRST LEVEL | 27 | FT. x 34 FT. = AREA | 918 | SQ. FT. | 87,210 |
| SECOND LEVEL | 27 | FT. x 32 FT. = AREA | 864 | SQ. FT. | 56,160 |
| THIRD LEVEL | | FT. x FT. = AREA | | SQ. FT. | |
| ELLS | | FT. x FT. = AREA | | SQ. FT. | 143,370 |
| GARAGE | | FT. x FT. = AREA | | SQ. FT. | |
| PORCH | | FT. x FT. = AREA | | SQ. FT. | |
| DECKS | | FT. x FT. = AREA | | SQ. FT. | |
| SHEDS | | FT. x FT. = AREA | | SQ. FT. | |
| SIGNS | | FT. x FT. = AREA | | SQ. FT. | |
| POOLS - Size & Type | | FT. x FT. = AREA | | SQ. FT. | |
| | | TOTAL AREA | 1782 | SQ. FT. | |

## FOOTINGS                         EXISTING

CONTINOUS TYPE - SIZE_____ DEPTH _____ MATERIAL_____
PIER TYPE -    SIZE_____ DEPTH _____ MATERIAL_____

### FOUNDATION            EXISTING
MATERIAL_____ THICKNESS_____ HEIGHT_____
DEPTH BELOW GRADE_____ HEIGHT ABOVE GRADE_____
SEAL COATING - YES ☐  NO ☐        TYPE_____

## FRAMING

GIRDER - WOOD ☐ STEEL ☐ SIZE_____ MAX SPAN_____FT.
LALLYS SIZE & TYPE_____ SIZE OF SILL PLATES_____
FLOOR JOISTS - OPEN WEB T
1ST FL. SIZE 2X12 20" DISTANCE O/C 12" 19" SPAN 24'0"
2ND FL. SIZE 16" DISTANCE O/C 16" SPAN 26'-0"
3RD FL. SIZE JOIST DISTANCE O/C SPAN
CEILING JOISTS (SIZE) TRUSS DISTANCE O/C 24" SPAN 27'
OUTSIDE WALL STUDS SIZE 2X6 DISTANCE O/C 16" HEIGHT 9'2⅞"
BEARING WALL STUDS SIZE 2X4 DISTANCE O/C 16" HEIGHT 9'2⅞"
HEADER SIZES 2X12 SPANS 12'
BEAMS - TYPE W12X26 SIZE SPAN
ROOF TYPE - "A" ☐ HIP ☑ SHED ☐ ROOF PITCH 8/12
ROOF RAFTERS SIZE TRUSS DISTANCE O/C 24" SPAN 27'

### SHEATHING
FLOORS - TYPE & SIZE 3/4 T+G CDX
WALLS - TYPE & SIZE 1/2 CDX
ROOFS - TYPE & SIZE 1/2 CDX
BLOCKING/FIRE STOP (Describe) BOX FRAMING FIRST + SECOND FLOOR
INSULATION - FLOORS R- 16 WALLS R- 16 CEILINGS R- 30
FIRE CODING - TYPE_____ LOCATION_____

COST OF CONSTRUCTION  $_____

**PLEASE READ BEFORE SIGNING**

    I CERTIFY THAT I HAVE READ THIS APPLICATION AND STATE THAT THE INFORMATION CONTAINED HEREIN IS CORRECT.

    I AGREE TO COMPLY WITH ALL TOWN AND STATE LAWS AND ORDINANCES RELATING TO BUILDING CONSTRUCTION.

    WORK MUST BEGIN WITHIN SIX MONTHS AND BE COMPLETED WITHIN TWO YEARS OF PERMIT DATE, OTHERWISE PERMIT WILL EXPIRE. EXTENSIONS MAY BE GRANTED UNDER CERTAIN CONDITIONS WHEN PROPERLY REQUESTED.

SIGNATURE OF APPLICANT _____ DATE 12/28/04

**\* Separate Form Required for Homeowner's Exemption.**

REMARKS PERTAINING TO CONSTRUCTION

_____
_____
_____
_____
_____
_____
_____
_____
_____

        REMARKS BY _____

**THIS PAGE FOR OFFICE USE ONLY**

| ROUTING FOR OTHER JURISDICTION APPROVALS WHEN REQUIRED | | | |
|---|---|---|---|
| PLEASE FORWARD TO NEXT DEPARTMENT CHECKED | | | |
| CHECK | DEPARTMENT | BY | DATE |
| ✓ | BOARD OF HEALTH | _Ralph Nelson_ | 1/11/05 |
| ✓ | CONSERVATION | _Phelps_ | 1/12/05 |
|  | BOARD OF APPEALS |  |  |
|  | PLANNING |  |  |
|  |  |  |  |
| ✓ | BUILDING DEPT. |  |  |

**VALIDATION**

TAX STATUS - CURRENT ☒        DELINQUENT ☐

PERMIT NO. _05-18_        FEE $ _267.00/XX_

DATE ISSUED _1-14-05_    CONST. VALUE $ _143,370.00/XX_

TO _M.A.P. EAST L.L.C._

ADDRESS _48 CHERRY & WEBB LN._

S.D. LOT # _____    ASSR. LOT # _53_    MAP # _91_

BY _Robert Maltais_
   Building Inspector

**WORK CONTENT**

BUILD A (2) LEVEL S.F.D. ON ORIGINAL
FOUNDATION — THIS PROJECT IS IN FLOOD ZONE
A-11 ELEV. 12

FILE NO.
04-690

EXHIBIT
B.1

PERMIT NO. _05-17_

FEE $25.00

"Persons contracting with unregistered contractors DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A)"



# TOWN OF WESTPORT
## BUILDING DEPARTMENT
### 856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

THIS CERTIFIES THAT _M.A.P. East L.L.C._

has permission to _Demolish Existing Dwelling_

_To Be Replaced w/ a New Dwelling_

at _44 Cherry & Webb Ln._

1-14      2005

**PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.**

_Robert Molttais_
INSPECTOR OF BUILDINGS

- *SEPARATE PERMIT REQUIRED FOR WOODSTOVES AND FIREPLACES.*

- *THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES AND NOT TORN DOWN OR REMOVED.*

PERMIT NO. 05-18

FEE $ 26.



TOWN OF WESTPORT
BUILDING DEPARTMENT
856 MAIN ROAD, WESTPORT, MA 02790

# BUILDING PERMIT

THIS CERTIFIES THAT _M.A.P. EAST L.L.C._

has permission to _Build A(2) Level S.F. Dwelling_

_IN FLOOD ZONE A-11 ELEV. 12'_

at _44 Cherry @ Webb Ln._

1-18      20 05

PROVIDING THAT THE PERSON ACCEPTING THIS PERMIT SHALL IN EVERY RESPECT CONFORM TO THE TERMS OF
THE APPLICATION ON FILE IN THIS OFFICE AND TO THE PROVISIONS OF THE STATUTES AND BY-LAWS RELATING
TO THE CONSTRUCTION OF BUILDINGS IN THE TOWN OF WESTPORT AND STATE OF MASSACHUSETTS. ANY
VIOLATIONS OF ANY OF THE TERMS ABOVE NOTED SHALL WORK AN IMMEDIATE REVOCATION OF THIS PERMIT.

_Robt Mattau_    INSPECTOR OF BUILDINGS

- *SEPARATE PERMIT REQUIRED FOR WOODSTOVES AND FIREPLACES,*

- *THIS CARD MUST BE DISPLAYED IN A CONSPICUOUS PLACE ON THE PREMISES
AND NOT TORN DOWN OR REMOVED.*

"Persons contracting with unregistered contractor DO NOT HAVE ACCESS TO THE GUARANTY FUND (as set forth in MGL c. 142A.)"

TOWN OF WESTPORT BUILDING DEPARTMENT

# OCCUPANCY INSPECTION PERMIT

| DEPARTMENT | 1 | 2 | 3 | FINAL |
|---|---|---|---|---|
| BOARD OF HEALTH | | | | |
| BUILDING | *[handwritten]* | | | |
| ELECTRICAL | | | | |
| PLUMBING | | | | |
| GAS | | | | |
| FIRE | | | | |
| PLANNING | | | | |

THIS CERTIFIES THAT _____ HAS PERMISSION TO

OCCUPY PREMISES AT _____

_____
BUILDING INSPECTOR

NOTES:

- KEY MUST BE AVAILABLE FOR INSPECTORS.
- NEW LOTS MUST POST LOT NUMBER IN A CONSPICUOUS LOCATION.

EXHIBIT
C



PERFORMED BY: _____
WITNESSED BY: DEBBIE VIERA

TP-1

| 0" | A SANDY LOAM 10YR3/3 | 7.5 |
| 8" | B SAND 7.5Y5/10 | 6.9 |
| 32" | C1 FINE LOAM 7.5Y7/10 | 4.8 |
| 78" | C2 FINE SAND 10YR7/6 | 1.0 |
| 90" | | 0.0 |

PERC @ 36"
RATE: 1" IN 2 MIN.
MOTTLES @ 90"(EL.=0.0)
NO WATER

BOTTOM: 26' LONG X 12' WIDE X 0.74 G/SF = 231 GPD PR...

LOCUS

BENCHMARK: PK NAIL IN
PAVEMENT ELEV.=4.81
NGVD 1929

50' TITLE V REQ'D

CHERRY AND WEBB LANE

LIMIT OF COASTAL BANK

GRAVEL DRIVE

S 17°08'18" E 113.00

LIMIT OF EXCAVATION

100' BUFFER

## ZONING REQUIREMENTS (MINIMUM)

CA:     60,000 SF
ONT YARD SETBACK   25'
E YARD SETBACK    10'
AR YARD SETBACK   20'

## GENERAL NOTES

THIS SYSTEM SHALL BE INSPECTED WHEN LEACHING AREA IS FULLY EXCAVATED AND WHEN ALL COMPONENTS ARE IN PLACE. WHEN THE SYSTEM IS READY FOR INSPECTION, THE CONTRACTOR SHALL NOTIFY THE LOCAL BOARD OF HEALTH.

DOUBLE WASHED CRUSHED STONE SHALL BE FREE OF ALL DIRT, DUST AND FINES.

ALL ELEVATIONS ARE BASED ON NGVD 1929 ELEVATION DATUM.

HEAVY EQUIPMENT SHALL NOT BE ALLOWED TO OPERATE OVER THE LIMITS OF THE SEWAGE DISPOSAL SYSTEM DURING THE COURSE OF CONSTRUCTION.

NO FIELD MODIFICATIONS TO THE SEWAGE DISPOSAL SYSTEM SHALL BE MADE WITHOUT PRIOR WRITTEN APPROVAL OF THE ENGINEER AND THE LOCAL BOARD OF HEALTH.

UNLESS OTHERWISE NOTED ALL SYSTEM COMPONENTS SHALL BE INSTALLED IN ACCORDANCE WITH TITLE V OF THE STATE ENVIRONMENTAL CODE AND ANY APPLICABLE LOCAL REGULATIONS.

SEPTIC TANK, DISTRIBUTION BOX, ETC. SHALL BE MANUFACTURED BY A. ROTONDO & SONS OR APPROVED EQUAL.

GROUT TO BE USED AT ALL POINTS WHERE PIPES ENTER OR LEAVE ALL CONCRETE STRUCTURES IN ORDER TO PROVIDE A WATERTIGHT SEAL.

ALL SHIPLAP JOINTS IN THE SEPTIC TANK SHALL BE SEALED WITH NEOPRENE GASKETS OR ASPHALT CEMENT.

ALL UNSUITABLE MATERIAL IS TO BE REMOVED AND REPLACED WITH NEW MATERIAL HAVING A PERCOLATION RATE OF LESS THAN 2 MINUTES PER INCH.

THIS SYSTEM IS NOT DESIGNED FOR A GARBAGE DISPOSAL UNIT.

## BOARD OF HEALTH STAMPS

## BOARD OF HEALTH STAMPS

S PLAN REPRESENTS AN UPGRADE OF THE EXISTING SYSTEM
TITLE V STANDARDS

DWELLING

TOP OF FOUNDATION
ELEV.= 13.61

P.E. STAMP

P.L.S. STAMP

## SUBSURFACE SEWAGE DISPOSAL SYSTEM

APPLICANT: MAP EAST LLC
ASSESSORS MAP & LOT: MAP 91 LOT 53
STREET LOCATION: 44 CHERRY AND WEBB LANE
                 WESTPORT, MA

ENGINEERING FIRM:

# SITEC, Inc.
Civil and Environmental Engineering
Land Use Planning

DATE: JANUARY 31, 2005

CONTACT PERSON: BRIAN LEVESQUE
ADDRESS: 12 Philip Road
         New Bedford, MA 02745
TEL: (508) 998-3123   FAX (508) 998-7564

## PLAN VIEW

10'-6"

3.5"dia. knockouts inlet

5"dia.

20" dia. cover (typ.)

GAS BAFFLE

## CROSS SECTION VIEW

# SEPTIC TANK
NOT TO SCALE



**Massachusetts Department of Environmental** ~~P~~
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40



DEP File Number:

SE 80-1412

BK 7452 PG 160
03/14/05 03:42 DOC. 7554
Bristol Co. S.D.

## A. General Information    ORIGINAL

**Important:**
When filing out forms on the computer, use only the tab key to move your cursor - do not use the return key.

From:  **Westport**
_____
1. Conservation Commission

2. This issuance is for (check one):  ☒ Order of Conditions  ☐ Amended Order of Conditions

3. To:  Applicant:

| | | M.A.P. East LLC |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

**20 Development Street**
d. Mailing Address

| **Fall River** | **MA** | **02721** |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

4. Property Owner (if different from applicant):

| **Same** | | |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

_____
d. Mailing Address

| | | |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

5. Project Location:

| **44 Cherry and Webb Lane** | **Westport** |
|---|---|
| a. Street Address | b. City/Town |
| **91** | **53** |
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known (note: electronic filers will click for GIS locator):

| | |
|---|---|
| e. Latitude | f. Longitude |

6. Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

| **Bristol** | |
|---|---|
| a. County | b. Certificate (if registered land) |
| **6668** | **329-330** |
| c. Book | d. Page |

7. Dates:

| **2-17-05** | **3-1-05** | **3-7-05** |
|---|---|---|
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8. Final Approved Plans and Other Documents (attach additional plan or document references as needed):

| **Subsurface Sewage Disposal System** | |
|---|---|
| a. Plan Title | |
| **Sitec, Inc.** | **Steven D. Gioiosa** |
| b. Prepared By | c. Signed and Stamped by |
| **1-31-05** | |
| d. Final Revision Date | e. Scale |

| | |
|---|---|
| f. Additional Plan or Document Title | g. Date |

9. Total WPA Fee Paid:

| **500** | **262.50** | **227.50** |
|---|---|---|
| a. Total Fee Paid | b. State Fee Paid | c. City/Town Fee Paid |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## B. Findings

1. Findings pursuant to the Massachusetts Wetlands Protection Act:

   Following the review of the above-referenced Notice of Intent and based on the information provided in this application and presented at the public hearing, this Commission finds that the areas in which work is proposed is significant to the following interests of the Wetlands Protection Act. Check all that apply:

   a. ☐ Public Water Supply   b. ☐ Land Containing Shellfish   c. ☒ Prevention of Pollution

   d. ☒ Private Water Supply   e. ☐ Fisheries   f. ☐ Protection of Wildlife Habitat

   g. ☒ Groundwater Supply   h. ☒ Storm Damage Prevention   i. ☒ Flood Control

2. This Commission hereby finds the project, as proposed, is: (check one of the following boxes)

**Approved** subject to:

☒ the following conditions which are necessary in accordance with the performance standards set forth in the wetlands regulations. This Commission orders that all work shall be performed in accordance with the Notice of Intent referenced above, the following General Conditions, and any other special conditions attached to this Order. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, these conditions shall control.

**Denied** because:

☐ the proposed work cannot be conditioned to meet the performance standards set forth in the wetland regulations. Therefore, work on this project may not go forward unless and until a new Notice of Intent is submitted which provides measures which are adequate to protect these interests, and a final Order of Conditions is issued. **A description of the performance standards which the proposed work cannot meet is attached to this Order.**

☐ the information submitted by the applicant is not sufficient to describe the site, the work, or the effect of the work on the interests identified in the Wetlands Protection Act. Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides sufficient information and includes measures which are adequate to protect the Act's interests, and a final Order of Conditions is issued. **A description of the specific information which is lacking and why it is necessary is attached to this Order as per 310 CMR 10.05(6)(c).**

**Inland Resource Area Impacts:** Check all that apply below. (For Approvals Only)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 3. ☐ Bank | a. linear feet | b. linear feet | c. linear feet | d. linear feet |
| 4. ☐ Bordering Vegetated Wetland | a. square feet | b. square feet | c. square feet | d. square feet |
| 5. ☐ Land Under Waterbodies and Waterways | a. square feet | b. square feet | c. square feet | d. square feet |
| | e. cu.yd dredged | f. cu.yd dredged | | |

BK 7452 PG 162



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## B. Findings (cont.)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 6. ☐ Bordering Land Subject to Flooding | a. square feet | b. square feet | c. square feet | d. square feet |
| Cubic Feet Flood Storage | e. cubic feet | f. cubic feet | g. cubic feet | h. cubic feet |
| 7. ☐ Isolated Land Subject to Flooding | a. square feet | b. square feet | | |
| Cubic Feet Flood Storage | c. cubic feet | d. cubic feet | e. cubic feet | f. cubic feet |
| 8. ☐ Riverfront area | a. total sq. feet | b. total sq. feet | | |
| Sq ft within 100 ft | c. square feet | d. square feet | | |
| Sq ft between 100-200 ft | e. square feet | f. square feet | | |

**Coastal Resource Area Impacts:** Check all that apply below. (For Approvals Only)

| | | | | |
|---|---|---|---|---|
| 9. ☐ Designated Port Areas | Indicate size under Land Under the Ocean, below | | | |
| 10. ☐ Land Under the Ocean | a. square feet | b. square feet | | |
| | c. cu.yd dredged | d. cu.yd dredged | | |
| 11. ☒ Barrier Beaches | Indicate size under Coastal Beaches and/or Coastal Dunes below | | | |
| 12. ☐ Coastal Beaches | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt. |
| 13. ☒ Coastal Dunes | a. square feet | b. square feet | c. c/y nourishmt. | d. c/y nourishmt |
| 14. ☒ Coastal Banks | a. linear feet | b. linear feet | | |
| 15. ☐ Rocky Intertidal Shores | a. square feet | b. square feet | | |
| 16. ☐ Salt Marshes | a. square feet | b. square feet | c. square feet | d. square feet |
| 17. ☐ Land Under Salt Ponds | a. square feet | b. square feet | | |
| | c. cu.yd dredged | d. cu.yd dredged | | |
| 18. ☐ Land Containing Shellfish | a. square feet | b. square feet | c. square feet | d. square feet |
| 19. ☐ Fish Runs | Indicate size under Coastal Banks, inland Bank, Land Under the Ocean, and/or inland Land Under Waterbodies and Waterways, above | | | |
| | a. cu.yd dredged | b. cu.yd dredged | | |
| 20. ☒ Land Subject to Coastal Storm Flowage | a. square feet | b. square feet | | |

BK 7452 PG 163

 **Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## C. General Conditions Under Massachusetts Wetlands Protection Act

(only applicable to approved projects)

1.  Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2.  The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3.  This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4.  The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
    a.  the work is a maintenance dredging project as provided for in the Act; or
    b.  the time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.

5.  This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.

6.  Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.

7.  This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

8.  No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to this Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

9.  A sign shall be displayed at the site not less then two square feet or more than three square feet in size bearing the words,

"Massachusetts Department of Environmental Protection" [or, "MA DEP"]

"File Number    SE 80-1412    "

BK 7452 PG 164



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## C. General Conditions Under Massachusetts Wetlands Protection Act

10. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before DEP.

11. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

12. The work shall conform to the plans and special conditions referenced in this order.

13. Any change to the plans identified in Condition #12 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

14. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

15. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.

16. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

17. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

Special Conditions:

If you need more space for additional conditions, select box to attach a text document ☐

1) Erosion and sediment control barrier to be erected as and in location described on plan prior to start of work – this fence shall serve as the limit of work; 2) All fill to match existing material as to both particle size and composition - sample to be furnished to the WCC prior to beginning of work; 3) Any excess fill or excavated material not used for septic system to be removed from site; 4) No work to be performed without approval from Board of Health

BK. 7452 PG 165



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

---

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1.  Furthermore, the _____ hereby finds (check one that applies):
    _____Conservation Commission_____

2.  ☐ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw specifically:

    _____    _____
    a. Municipal Ordinance or Bylaw                                        b. Citation

    Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

3.  ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

    _____    _____
    a. Municipal Ordinance or Bylaw                                        b. Citation

    The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

    If you need more space for additional conditions, select box to attach a text document ☐

    c.  The special conditions relating to municipal ordinance or bylaw are as follows:

    _____

    _____

    _____

    _____

BK 7452 PG 166



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1472

---

## E. Issuance

This Order is valid for three years, unless otherwise specified as a special condition pursuant to General Conditions #4, from the date of issuance.
Please indicate the number of members who will sign this form:
This Order must be signed by a majority of the Conservation Commission.
The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A copy also must be mailed or hand delivered at the same time to the appropriate Department of Environmental Protection Regional Office, if not filing electronically, and the property owner, if different from applicant.

1. Date of Issuance

2. Number of Signers

Signatures:

_Susan Burke Pedraia_

**Notary Acknowledgement**

Commonwealth of Massachusetts County of

Bristol

On this _7th_ Day of _March_ _2005_ Month Year

Before me, the undersigned Notary Public, personally appeared _Tanja Ryden_ Name of Document Signer

proved to me through satisfactory evidence of identification, which was/were

_known to me_
Description of evidence of identification

to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

As member of _Westport_ Conservation Commission
City/Town

Signature of Notary Public

Leone F. Farias
Printed Name of Notary Public

October 6, 2011
My Commission Expires (Date)

Place notary seal and/or any stamp above

This Order is issued to the applicant as follows:

☑ by hand delivery on
_3-7-05_
Date

☐ by certified mail, return receipt requested, on
_____
Date

BK 7452 PG 167



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE 80-1412

## F. Appeals

The applicant, the owner, any person aggrieved by this Order, any owner of land abutting the land subject to this Order, or any ten residents of the city or town in which such land is located, are hereby notified of their right to request the appropriate DEP Regional Office to issue a Superseding Order of Conditions. The request must be made by certified mail or hand delivery to the Department, with the appropriate filing fee and a completed Request of Departmental Action Fee Transmittal Form, as provided in 310 CMR 10.03(7) within ten business days from the date of issuance of this Order. A copy of the request shall at the same time be sent by certified mail or hand delivery to the Conservation Commission and to the applicant, if he/she is not the appellant.

The request shall state clearly and concisely the objections to the Order which is being appealed and how the Order does not contribute to the protection of the interests identified in the Massachusetts Wetlands Protection Act, (M.G.L. c. 131, § 40) and is inconsistent with the wetlands regulations (310 CMR 10.00). To the extent that the Order is based on a municipal ordinance or bylaw, and not on the Massachusetts Wetlands Protection Act or regulations, the Department has no appellate jurisdiction.

**Section G, Recording Information is available on the following page.**



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:
_____


Provided by DEP



## A. Violation Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor – do not use the return key.




This Enforcement Order is issued by:

Westport
_____
Conservation Commission (Issuing Authority)                            Date

To:

M.A.P. East LLC/  Michael Bisko
_____
Name of Violator

44 Cherry and Webb Lane
_____
Address

1.  Location of Violation:

_____
Property Owner (if different)

44 Cherry and Webb Lane
_____
Street Address

Westport, MA
_____
City/Town                                                Zip Code

91                                                       53
_____
Assessors Map/Plat Number                                Parcel/Lot Number

2.  Extent and Type of Activity:

Failure to comply with all conditions of Order of Conditions (DEP file # SE 80-1412): 7, 8,17, and Special Condition(s) 1,2,4.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒  the activity has been/is being conducted without a valid Order of Conditions.

☒  the activity has been/is being conducted in violation of the Order of Conditions issued to:

M.A. P. East, LLC                                        3-7-2005
_____
Name                                                     Dated

_____
File Number                                              Condition number(s)



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 9A – Enforcement Order**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____

Provided by DEP

---

## B. Findings (cont.)

☒ Other (specify):

Demolition of existing dwelling and new construction that appears to require an Order of
Conditions has occurred/is occurring on the site. In conjunction with this, construction machinery
and a dumpster are being stored on a resource area and within 100 ft of a salt marsh/coastal
bank.

---

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist
from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its
original condition.

☐ Complete the attached Notice of Intent. The completed application and plans for all proposed
work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

_____
Date

No further work shall be performed ntil a public hearing has been held and an Order of Conditions
has been issued to regulate said work.

☒ The property owner shall take the following action to prevent further violations of the Act:

1) Appear before the Conservation Commission on March 15, 2005, at 7 pm to answer questions
regarding violations of your Order of Conditions and questions about additional work on the site
that may require a permit under the Wetlands Protection Act.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts
General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a)
shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not
more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not
to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing
violation shall constitute a separate offense.

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____

Provided by DEP

---

## D. Appeals/Signatures

An Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.

Questions regarding this Enforcement Order should be directed to:

_____
Name

_____
Phone Number

_____
Hours/Days Available

Issued by:

_____
Conservation Commission

In a situation regarding immediate action, an Enforcement Order may be signed by a single member or agent of the Commission and ratified by majority of the members at the next scheduled meeting of the Commission.

Signatures:

_____     _____

_____     _____

_____     _____

_____
Signature of delivery person or certified mail number

**EXHIBIT**

# SHORELINES

50¢

RT, MA / THURSDAY, JULY 14, 2005

# Dispute simmers over coastal properties

*Board of Health, building inspector clash over waterfront additions*

**BY PEGGY AULISIO**
paulisio@eastbaynewspapers.com

The Board of Health is in dispute with the building inspector over permits he granted to owners of several coastal properties. The clash has centered over his approval of additions to houses on East Beach Road and Cherry & Webb Lane.

On Monday, the Board of Health held an onsite meeting at 44 Cherry &1ulation in September 2003 that is more restrictive than state DEP regulations. The local regulation applies to any renovation or reconstruction that increases the footprint — or is larger than the foundation — of the original building. It also applies to additions increasing the floor space by more than 50 percent.

Any such work requires a permit from the board of health. The property owner then has to comply with Title V septic regulations and rules for well setbacks. The board can impose penalties of up to $100 a day for noncompliance.

From Page 1

health's comments about him, Mr. Maltais said he never gives permits without the required approvals from other boards. In the cases of the East Beach and Cherry & Webb construction, the senior health agent, Ralph Urban, and the conservation agent, Anne Phelps, both signed off on them.

Ms. Phelps said later that she was shown plans for a renovation to the front deck at Cherry & Webb, not for it to be replaced with pylons to support two floors above it. The conservation commission signed off on the East Beach house as long as the owner complied with an order of conditions.

Mr. Urban did not return a call from Shorelines before this week's deadline.

Mr. Maltais said the board of health's more restrictive regulation would not hold up in court. In Mr. Velozo's case, Mr. Maltais said the owner had been waiting for more than a year for a building permit and should not be asked to wait any longer.

Ms. Burke balked at criticism that lawsuits over these properties are costing the town money. "Please consider the alternative — the loss of precious resource areas by allowing new construction without regard for the very regulations created to protect the public health and environment."

Ms. Burke said, "It is the few applicants who show little respect for town by-laws and the lawyers they hire who are costing the town needless expense, not the volunteers who are trying hard to do a good job for the town."

Commenting on the apparent clash between the board of health and building inspector, Ms. Burke said, "Town boards are improving communication with each other and gaining a better understanding of their respective duties and responsibilities. This will go a long way to curb self interest over the greater good."

## Locations with a history

Before passing its building renovation regulation, the board of health expressed frustration with the spate of large additions to coastal homes. Mr. Velozo's house is in an area where most surrounding properties are limited to trailers. The trailers have to be moved after the summer season.

The trailers-only restriction is a result of past hurricanes in this area. With the Hurricane of 1938, Hurricane Carol, Bob and other storms destroying summer cottages along this stretch, many properties were limited to trailers that could be removed. In fact, when a major hurricane is imminent, it is likely the owners will be asked to move them.

Town boards, including the conservation commission, have restrictions on adding permanent fixtures here like cement driveways or foundations. One reason to deny them is that they could blow up and cause harm in a storm. The conservation commission has asked the DEP to intercede in some notable cases, including against a trailer owner who added a cement foundation. Some former conservation commission members, like Elliott LaMontagne, have said the town should not impose stricter regulation than is mandated by DEP.

## Housing market changes

With the value of coastal homes skyrocketing, some people who own small cottages here are using a grandfathered clause to build up and even out. Some cottage owners are converting them into large, full-time residences.

Another factor is the aging population. Some owners simply want to convert a cottage to a house where they can live in retirement. In that case, they want more space and more modern amenities.



## In noncompliance:

The board of health said the house at Cherry & Webb is in noncompliance with these regulations:

■ Septic system placement regulation: No new septic systems are allowed in a flood zone.

■ Building renovation regulation, passed in 2003: No increase in square footage/living space over 50 percent. Also, no change in footprint and no potential for increase in flow, i.e., bedrooms, are allowed.

Heirs to coastal properties often want more modern and greater living space.

A drive by First Street near East Beach provides examples of several houses that have been expanded and modernized. Some were permitted before the board of health's new regulation.

The restriction on building up but not out is creating some odd architecture. When more than one floor is added, the result can resemble a triple decker.

### No more bedrooms

The state DEP regulations focus on not allowing any more bedrooms. That's because an increase in bedrooms equates to higher occupancy and an increase in flow to the septic system.

Giving a tour of the Cherry & Webb house, Mr. Corey argued the addition is allowed by DEP because no bedrooms have been added. Although the square footage has increased, there are still only two bedrooms. The entire top floor is now open space, including a large living room and kitchen. By building up, the owners have obtained a spectacular view of Westport Harbor from this room.

Although there are still only two bedrooms, Ms. Burke quoted from the building renovation regulation on the "potential" to turn some of the interior space into another bedroom. It was partly to stop homeowners from skirting the DEP on not adding bedrooms that the board of health passed its own regulation.

The argument is that once the sides are up to a house, an owner can convert a room marked as a den or office into another bedroom. In that case, there would be an increase in "flow" to the septic system, Ms. Burke said.

Mr. Maltais disagreed, saying, "If you're going to live by potentials, that's possible in every house in Westport."

Touring the house at Cherry & Webb, Elizabeth Collins, chairwoman of the board of selectmen, asked how a central room could be later converted. If it were made into a bedroom, people using the bedrooms would have to walk through it on the way to the bathroom.

The clash over the Cherry & Webb house also involved whether the old front deck could be included in the footprint. Health board member Donna Lambert said the pylons built to support the floors above the deck area — plus this added square footage — make this new construction and not just a renovation to an existing dwelling. As such, it must comply with Title V and the board of health regulation, Ms. Lambert said.

The third board of health member, Sean Leach, has recused himself from votes on both of these properties because the company he works for, SITEC, is involved with them.

| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S)<br><br>BRCV2005–00307 | **Trial Court of Massachusetts**<br>**Superior Court Department**<br>**County:** BRISTOL |
|---|---|---|

| PLAINTIFF(S)<br><br>M.A.P. EAST, LLC | DEFENDANT(S)  TOWN OF WESTPORT CONSERVATION<br>COMMISSION, TOWN OF WESTPORT BOARD OF HEALTH,<br>BRENDA J. BURKE, ANNE PHELPS |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br><br>Board of Bar Overseers number: | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.     TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

D99      Appeal of Enforcement Order/<br>        INjunctive Relief    (F )    ( ) Yes   ( X) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.    Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
    2.    Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
    3.    Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
    4.    Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
    5.    Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                **Subtotal $. . . . . . . . . . . .**
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F.  Other documented items of damages (describe)
                                       $. . . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                       $. . . . . . . . . . . .
                                      **TOTAL $. . . . . . . . . . . .**

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A True Copy By Photostatic Process
Attest:

_(signature)_

Asst. Clerk of Courts
**TOTAL $. . . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 7/15/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET#: **BRCV2005-00307-B**

RE:    M.A.P., East, LLC v Ryden et al

TO:    File Copy

## NOTICE OF SCHEDULED APPEARANCE

You are hereby notified that you are required to appear in the above captioned action for a status conference as follows:

    on:    **07/18/2005**
    at:    **02:00 PM**
    in:    **Fall River Superior Court - Session B**

Please note that this will not be a telephone conference; the Court is requiring counsels' appearance.

Dated at  Fall River, Massachusetts this 28th day of June, 2005.

BY:Mark A. Ferriera
Assistant Clerk

Telephone: (508) 672-4464

A True Copy By Photostatic Process
Attest:

_Asst. Clerk of Courts_

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 -- *Check website as to status of case: http://ma-trialcourts.org/tcic*
cvcgeneric_2 wpd 78554 stases ferriera

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.



BRISTOL, SS SUPERIOR COURT
FILED C.A. NO. 2005-00307

MAY 2 7 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

M.A.P. EAST, LLC,

    Plaintiff

v.

TANJA RYDEN, RICHARD LAMBERT,
JOHN REYNOLDS, THOMAS McGARR,
PAUL HEBERT, SUSAN PEDREIRA, ED
ROONEY, as they constitute the WESTPORT
TOWN OF WESTPORT CONSERVATION
COMMISSION and SEAN M. LEACH,
DONNA LAMBERT and BRENDA J.
BURKE, as they constitute the TOWN OF
WESTPORT BOARD OF HEALTH,

    Defendants

SECOND STIPULATION
OF THE PARTIES
CONCERNING FILING AND
SERVICE OF RESPONSIVE
PLEADING

NOW COME the parties to the above-captioned action and hereby stipulate pursuant to

Mass. R. Civ. P. 6(b) to further extend the time for the Defendants' filing of a responsive

pleading in this matter until June 28, 2005.

PLAINTIFF

By its attorney,

_____
Arthur D. Frank, Jr. (BBO# 177250)
10 Purchase Street
Fall River, MA 02720
(508) 678-4556

252032/33405/0016

DEFENDANTS

By their attorney,

_____
Brian E. Glennon, II (BBO# 637973)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
C.A. NO. 2005-00307

M.A.P. EAST, LLC,

     Plaintiff

v.

TANJA RYDEN, RICHARD LAMBERT,
JOHN REYNOLDS, THOMAS McGARR,
PAUL HEBERT, SUSAN PEDREIRA, ED
ROONEY, as they constitute the WESTPORT
TOWN OF WESTPORT CONSERVATION
COMMISSION and SEAN M. LEACH,
DONNA LAMBERT and BRENDA J.
BURKE, as they constitute the TOWN OF
WESTPORT BOARD OF HEALTH,

     Defendants

SECOND STIPULATION
OF THE PARTIES
CONCERNING FILING AND
SERVICE OF RESPONSIVE
PLEADING

NOW COME the parties to the above-captioned action and hereby stipulate pursuant to

Mass. R. Civ. P. 6(b) to further extend the time for the Defendants' filing of a responsive

pleading in this matter until June 28, 2005.

PLAINTIFF

By its attorney,

Arthur D. Frank, Jr. (BBO# 177250)
10 Purchase Street
Fall River, MA 02720
(508) 678-4556

252032/3340S/0016

DEFENDANTS

By their attorney,

Brian E. Glennon, II (BBO# 637973)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
———
PITTSFIELD OFFICE
(413) 443-6100
———
NORTHAMPTON OFFICE
(413) 585-8632
———
WORCESTER OFFICE
(508) 752-0203

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN R. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

May 25, 2005

Joseph T. Vincent, Jr., Esq.
Assistant Clerk
Fall River Superior Court
411 North Main Street
Fall River, MA  02720

Re:    M.A.P. East, LLC v. Ryden, et al.
       (Westport Conservation Commission and Board of Health)
       Bristol Superior Court C.A. No. 2005-00307 _ _ _ _ _ _ _

Dear Mr. Vincent:

      Enclosed for docketing and filing in the above-referenced matter is Second Stipulation of the Parties Concerning Filing and Service of Responsive Pleading.  Please note that the signature of Plaintiff's counsel is on a separate page.

      Thank you for your attention to this matter.

                                        Very truly yours,

                                        Brian E. Glennon, II

BG/rlf
Enc.
cc:    Board of Selectmen
       Conservation Commission
       Board of Health
       Arthur D. Frank, Jr., Esq.
252083/33405/0016

A True Copy By Photostatic Process
Attest:
                    Asst. Clerk of Courts

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET#: **BRCV2005-00307-D**

RE:   M.A.P., East, LLC v Ryden et al

TO:   File Copy

_____

## NOTICE OF SCHEDULED APPEARANCE

**Telephone status to be held at 8:45 on Tuesday 6/28/05; the clerk will telephone Arthur Frank, who will connect in Brian Corey and Brian Glennon.**

Dated at  Superior Court holden at New Bedford Housing Court, Massachusetts this 25th day of May, 2005.

Mark A. Ferriera
Assistant Clerk

Telephone: (508)672-4464

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at **(617) 788-8130** -- *Check website as to status of case: **http://ma-trialcourts.org/tcic***
cvcgeneric_2.wpd 77091 stases ferriera



BRISTOL, SS SUPERIOR COURT
FILED

COMMONWEALTH OF MASSACHUSETTS

MAY 2 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

BRISTOL, SS.                                          SUPERIOR COURT
                                                      C.A. NO. 2005-00307

M.A.P. EAST, LLC,

    Plaintiff

v.

TANJA RYDEN, RICHARD LAMBERT,          | STIPULATION OF THE PARTIES
JOHN REYNOLDS, THOMAS McGARR,          | CONCERNING FILING AND
PAUL HEBERT, SUSAN PEDREIRA, ED        | SERVICE OF RESPONSIVE
ROONEY, as they constitute the WESTPORT| PLEADING _____
TOWN OF WESTPORT CONSERVATION
COMMISSION and SEAN M. LEACH,
DONNA LAMBERT and BRENDA J.
BURKE, as they constitute the TOWN OF
WESTPORT BOARD OF HEALTH,

    Defendants

---

NOW COME the parties to the above-captioned action and hereby stipulate pursuant to

Mass. R. Civ. P. 6(b) to further extend the time for the Defendants' filing of a responsive

pleading in this matter until May 25, 2005.

PLAINTIFF                                             DEFENDANTS

By its attorney,                                      By their attorney,

_____                      _____
Arthur D. Frank, Jr. (BBO# 177250)                    Brian E. Glennon, II (BBO# 637973)
10 Purchase Street                                    Kopelman and Paige, P.C.
Fall River, MA  02720                                   Town Counsel
(508) 678-4556                                        31 St. James Avenue
                                                      Boston, MA 02116
                                                      (617) 556-0007
249902/33405/0016

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
C.A. NO. 2005-00307

---

M.A.P. EAST, LLC,

    Plaintiff

v.

TANJA RYDEN, RICHARD LAMBERT,
JOHN REYNOLDS, THOMAS McGARR,
PAUL HEBERT, SUSAN PEDREIRA, ED
ROONEY, as they constitute the WESTPORT
TOWN OF WESTPORT CONSERVATION
COMMISSION and SEAN M. LEACH,
DONNA LAMBERT and BRENDA J.
BURKE, as they constitute the TOWN OF
WESTPORT BOARD OF HEALTH,

    Defendants

STIPULATION OF THE PARTIES
CONCERNING FILING AND
SERVICE OF RESPONSIVE
PLEADING

---

NOW COME the parties to the above-captioned action and hereby stipulate pursuant to

Mass. R. Civ. P. 6(b) to further extend the time for the Defendants' filing of a responsive

pleading in this matter until May 25, 2005.

PLAINTIFF

By its attorney,

Arthur D. Frank, Jr. (BBO# 177250)
10 Purchase Street
Fall River, MA  02720
(508) 678-4556

349902-33405.0016

DEFENDANTS

By their attorney,

Brian E. Glennon, II (BBO# 62.797.))
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0067

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

April 28, 2005

Joseph T. Vincent, Jr., Esq.
Assistant Clerk
Fall River Superior Court
411 North Main Street
Fall River, MA 02720

Re:     M.A.P. East, LLC v. Ryden, et al.
        (Westport Conservation Commission and Board of Health)
        Bristol Superior Court C.A. No. 2005-00307

Dear Mr. Vincent:

        Enclosed for docketing and filing in the above-referenced matter is Stipulation of the Parties Concerning Filing and Service of Responsive Pleading. Please note that the signature of Plaintiff's counsel is on a separate page.

        Thank you for your attention to this matter.

                                        Very truly yours,

                                        Brian E. Glennon, II

BG/rlf
Enc.
cc:     Board of Selectmen
        Conservation Commission
        Board of Health
        Arthur D. Frank, Jr., Esq.
249948/33405/0016

PRINTED ON RECYCLED PAPER

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

April 27, 2005

Joseph T. Vincent, Jr., Esq.
Assistant Clerk
Fall River Superior Court
411 North Main Street
Fall River, MA 02720

Re:   M.A.P. East, LLC v. Ryden, et al.
      (Westport Conservation Commission and Board of Health)
      Bristol Superior Court C.A. No. 2005-00307

Dear Sir/Madam:

I understand the Superior Court (McLaughlin, J.) held a status conference yesterday in the above-referenced matter. Please note that according to my calendar, as well as my handwritten notes during the hearing on Preliminary Injunction on March 31, 2005, it was my understanding that the Court had scheduled the status conference for Wednesday, April 27, 2005 at 9:00 a.m. I had also made reference to that date in correspondence to opposing counsel dated April 4, 2005.

Unfortunately, I was out of my office between Friday, April 22 and Tuesday, April 26, 2005 handing a trial before the Marlborough division of the Worcester Superior Court. Upon checking my telephone messages on Tuesday, I learned from Brian Corey, Esq. that the Court had expected the status conference to be held that morning. Also, upon returning to my office after the trial concluded, I found fax correspondence from opposing counsel, Arthur D. Frank, Jr., Esq., from April 22 (my first day of trial) making reference to a conference date of April 26, 2005. Since the Worcester Superior Court trial was only supposed to last one day (Friday), Justice Cornetta issued protective orders for me for previously-scheduled appearances in other matters for both Monday and Tuesday of this week. A copy of the Protective Order for Tuesday is enclosed for your records. Had I been aware of the scheduling discrepancy in the above-referenced matter, I certainly would have provided the Court and opposing counsel with the

KOPELMAN AND PAIGE, P.C.

Joseph T. Vincent, Jr., Esq.
Assistant Clerk
April 27, 2005
Page 2

courtesy of advance notice of my unavailability on Tuesday morning. I apologize for any inconvenience my unavoidable absence may have caused.

Pursuant to the Court's direction, as reported to me by Mr. Corey, by and through this letter, I am notifying both you and opposing counsel that I am available to attend the status conference scheduled for Thursday, April 28, 2005 at 8:45 a.m. before Justice McLaughlin sitting at the New Bedford Housing Court.

It was my understanding that, at Justice McLaughlin's direction, I was to provide this letter to your office by facsimile, but following a conversation today with your assistant, Marita, I am informed that you will not accept this correspondence by facsimile and requested that I present it to the Court at the time of the status conference. Accordingly, I will file this letter with the clerk tomorrow morning.

Should you have any questions concerning this matter, please feel free to contact me.

Very truly yours,

Brian E. Glennon, II

BG/rlf
Enc.
cc:    Arthur D. Frank, Jr., Esq. (by facsimile – 508-674-3610)
249693/33405/0016

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

**Trial Court of the Commonwealth**
**The Superior Court**

In re: Worcester Superior Court Civil Action Nos.: 2001-2487D and 2002-294D

## Protective Order

The below named attorney now being on trial in the above-referenced matter, a Protective Order is hereby issued for the benefit of said Attorney (and to assure his continuing appearance before this Court) as to any other matters pending on the date noted below in any other courts sitting within this Commonwealth.

Protective Order Issued to: **Brian Glennon II, , Esq.**

For: **April 26, 2005**

By Order of the Court:

**Robert A. Cornetta, J.**
Attest:

Gail Dempsey
Assistant Clerk
Worcester Superior Court

Date of Issuance: April 25, 2005

4/14

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI
—————
EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

## KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
—————
PITTSFIELD OFFICE
(413) 443-6100
—————
NORTHAMPTON OFFICE
(413) 585-8632
—————
WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

April 12, 2005

Arthur D. Frank, Jr., Esq.
10 Purchase Street
Fall River, MA  02720

Re:    M.A.P. East, LLC v. Ryden, et al.
       (Westport Conservation Commission and Board of Health)
       Bristol Superior Court C.A. No. 2005-00307

```
BRISTOL, SS SUPERIOR COURT

        FILED

        APR 1 4 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE
```

Dear Mr. Frank:

I am writing to confirm that during our conversation this past Friday, you assented on behalf of the Plaintiff to my written request of April 4, 2005 for an extension for filing an answer in the above-referenced litigation.

Pursuant to our agreement, the answer and counterclaim, if necessary, will be filed on or before May 2, 2005.  In the interim, the parties will attempt to settle this matter.  As you may be aware, the Conservation Commission met with Mr. Corey last evening for this purpose.

I have transmitted a copy of this letter to the Court so that the Clerk is aware that the twenty-day period for answering pursuant to Mass. R. Civ. P. 12(a) has been extended by agreement to the above-referenced date.

Thank you for your courtesy and cooperation.

Very truly yours,

Brian E. Glennon, II

BG/rlf
cc:    Board of Selectmen
       Conservation Commission
       Board of Health
       Clerk, Civil
248661/33405/0016

A True Copy By Photostatic Process
Attest:

Asst  Clerk of Courts

**Commonwealth of Massachusetts**
**County of Bristol**
**The Superior Court**

CIVIL DOCKET# **BRCV2005-00307**

M.A.P., East, LLC,

Plaintiff

vs.

Tanya Ryden, Richard Lambert, John Reynolds, Thomas McGarr, Paul Hebert, Susan Pedreira, Ed
Rooney, Westport Town of Conservation Commission, Sean M. Leach, Donna Lambert, Brenda J.
Burke, Westport Board of Health,

Defendant(s)

BRISTOL, SS SUPERIOR COURT

FILED

APR 1 1 2005

**SUMMONS AND RESTRAINING ORDER**

To the above named Defendant(s):

You are hereby summoned and required to serve upon, plaintiff's attorney,
**Arthur D Frank Jr, Esquire of 10 Purchase Street Fall River, MA 02720** , an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for
the relief demanded in the complaint.

~ J. SANTOS, ESQ.
CLERK/MAGISTRATE

You are also required to file your answer to the complaint in the office of Clerk of this Court at
Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the
complaint, for a preliminary injunction.

And that a hearing upon such application will be held at the court house at said **Fall River**, in
said county, on 03/31/2005 A.D. at **02:00 PM**, in CtRm 1 (Fall River) at which time you may appear
and show cause why such application should not be granted.

In the meantime, until such hearing, **WE COMMAND YOU**, said Defendants and your agents,
attorneys and counselors, and each and every one of them, to desist and refrain from interfering with
the actions taken by the Plaintiff to secure the property at 44 Cherry & Webb Lane, Westport, MA
from damage by rain or any other elements.

**Witness, Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court at Fall River,
Massachusetts this 25th day of March, 2005.

.................................................................................
Assistant Clerk

**(AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)**

Disabled individuals who need handicap accommodations should contact the Administrative Office of the
Superior Court at (617) 788-8130

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

cvcortrcdiss_2.wpd 74099 hrgpin celeste

LAW OFFICES OF
# ARTHUR D. FRANK, JR.

TEN PURCHASE STREET
FALL RIVER, MASSACHUSETTS  02720
TELEPHONE 508-678-4556
FAX 508-674-3610

MEMBER OF THE
MASSACHUSETTS AND RHODE ISLAND BARS

OUR FILE NO._____

April 7, 2005

SUPERIOR COURT
MARC J SANTOS ESQ
CLERK/MAGISTRATE
9 COURT ST RM 13
TAUNTON MA 02780

**Re:**  **M.A.P. East, LLC**
**Vs.**  **Town of Westport Conservation Commission**
**and Board of Health**
**C.A. No. 2005-00307**

Dear Mr. Santos:

Enclosed please find the following documents to be filed in the above matter:

( )  Complaint and filing fee of        ( )  Military Affidavit
$275.00

( )  Cover Sheet                        ( )  Motion

**(X)**  **Summons and Restraining Order with Return of Service**

( )  Answer of Defendant

Very truly yours,

*Arthur D. Frank, Jr.*

Arthur D. Frank, Jr., Esquire

ADFJr/cls
Enclosure

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

# Commonwealth of Massachusetts
## County of Bristol
### The Superior Court

Civil Docket **BRCV2005-00307**

RE:    M.A.P., East, LLC v Ryden et al

TO:    File Copy

_____

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **3/31/2005**:

*RE: Plaintiff's application for injunctive relief contained in complaint*

**is as follows:**

**Plaintiff's application under Complaint: for injunctive relief, after hearing, no action taken on the request for preliminary injunction, as the Plaintiff was directed by the Court to exhaust any remaining administrative remedies before applying to the Court.**

**(McLaughlin, J.)**

Dated at Fall River, Massachusetts this 31st day of March, 2005.

Marc J. Santos,
Clerk of the Courts

BY:

Philip F. Leddy
Assistant Clerk

Telephone: (508) 672-4464

Copies mailed 4/01/2005

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

cvdresult_2.wpd 446781 appden leddyphi



COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS
DEPARTMENT OF ENVIRONMENTAL PROTECTION
SOUTHEAST REGIONAL OFFICE
**20 RIVERSIDE DRIVE, LAKEVILLE, MA 02347 508-946-2700**

MITT ROMNEY
Governor

KERRY HEALEY
Lieutenant Governor

ELLEN ROY HERZFELDER
Secretary

3 0 MAR 2005

ROBERT W. GOLLEDGE, Jr.
Commissioner

M.A.P. East LLC
20 Development Street
Fall River, Massachusetts 02721

RE: **WESTPORT—WETLANDS
UNILATERAL ADMINISTRATIVE
ORDER, UAO–SE-05-6W002
44 Cherry and Webb Lane**

Dear M.A.P. East LLC:

Enclosed is a Unilateral Administrative Order ("UAO") regarding work performed without all necessary local, state and federal approvals. This UAO requires all activity to cease immediately and requires you to perform additional actions. Your appeal rights are set forth in the UAO. Notwithstanding the issuance of this UAO, the Department explicitly reserves all of its rights to proceed against you for violations at the site including, but not limited to, the imposition of administrative, civil or criminal penalties or injunctions.

If you have any questions regarding this matter you may contact Jim Mahala (508) 946-2806.

Very truly yours,

*Elizabeth A. Kouloheras*

Elizabeth A. Kouloheras
Bureau of Resource Protection

K/JM

CERTIFIED MAIL #7002 2030 0006 4995 1451
RETURN RECEIPT REQUESTED

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

ecc: DEP-SERO
ATTN: Dan d'Hedouville, Chief Regional Counsel
Regional Enforcement Office (2)
Theresa Barao, Public Affairs Office

cc: Westport Conservation Commission

This information is available in alternate format. Call Donald M. Gomes, ADA Coordinator at 617-556-1057. TDD Service - 1-800-298-2207.

DEP on the World Wide Web: http://www.mass.gov/dep
♻ Printed on Recycled Paper



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 9A – Enforcement Order**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

UAO-SE-05-
6W002
Provided by DEP

## A. Violation Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.

This Enforcement Order is issued by:

Department of Environmental Protection
(Issuing Authority)

3 0 MAR 2005
Date

To:

M.A.P. East LLC
Name of Violator

20 Development Street, Fall River, MA 02721
Address

1. Location of Violation:

Property Owner (if different)
44 Cherry and Webb Lane
Street Address

| | |
|---|---|
| Westport | 02790 |
| City/Town | Zip Code |
| 91 | 53 |
| Assessors Map/Plat Number | Parcel/Lot Number |

2. Extent and Type of Activity:

Reconstruction of a dwelling within the Riverfront Area, Land Subject to Coastal Storm Flowage, Barrier Beach and Coastal Dune.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒ the activity has been/is being conducted without a valid Order of Conditions.

☐ the activity has been/is being conducted in violation of the Order of Conditions issued to:

Name                                                    Dated

File Number                                             Condition number(s)



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

UAO-SE-05-
6W002
Provided by DEP

---

## B. Findings (cont.)

☐ Other (specify):

_____

_____

_____

---

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its original condition.

☒ Complete the attached Notice of Intent. The completed application and plans for all proposed work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

4/27/2005
Date

No further work shall be performed until a public hearing has been held and an Order of Conditions has been issued to regulate said work.

☐ The property owner shall take the following action to prevent further violations of the Act:

_____

_____

_____

_____

Notwithstanding the issuance of this Order, the Department explicitly reserves all rights to proceed against violations at the site including but not limited to, the imposition of administrative, civil or criminal penalties or injunctions.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a) shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing violation shall constitute a separate offense.

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 9A – Enforcement Order

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

UAO-SE-05-
6W002
Provided by DEP

## D. Appeals/Signatures

Questions regarding this Enforcement Order should be directed to:

Jim Mahala
Name

508-946-2806
Phone Number

9 am – 5 pm, Monday through Friday
Hours/Days Available

Issued by:

Department of Environmental Protection
(Issuing Authority)

Signature:

*Elizabeth A. Kouloheras*

Elizabeth A. Kouloheras, Bureau of Resource Protection

7002 2030 0006 4995 1451
Signature of delivery person or certified mail number

Notice of Appeal Rights:

A) Appeal Rights and Time Limits:
You are hereby notified of your right to request an adjudicatory hearing under the Massachusetts Administrative Procedure Act, G.L.
Chapter 30A, Section 10, providing the request is made in writing, by certified mail or hand delivery, to the Department, with the
appropriate filing fee and a DEP Fee Transmittal Form within twenty-one (21) days of the date of issuance of this Enforcement Order,
and addressed to:

Docket Clerk
Office of Administrative Appeals
Department of Environmental Protection
One Winter Street, 3rd Floor
Boston, MA 02108.

A copy of the request shall at the same time be sent by certified mail or hand delivery to the issuing office of the DEP at:

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

UAO-SE-05-
6W002
Provided by DEP

Notice of Appeal Rights Continued:

>Attn: Wetlands and Waterways Program, Bureau of Resource Protection
>Department of Environmental Protection – Southeast Regional Office
>20 Riverside Drive
>Lakeville, Massachusetts 02347.

**B) Contents of Hearing Request:**

A Notice of Claim for Adjudicatory Hearing shall comply with the Department's Rules for the Conduct of Adjudicatory Proceedings, 310 CMR 1.01(6), and shall contain the following information:

(a)  the DEP Wetlands or Waterways File Number (if applicable), name of the applicant and address of the project;
(b)  the complete name, address, fax and telephone numbers of the party filing the request, and, if represented by consultant or counsel, the name, fax and telephone numbers, and address of the representative;
(c)  the names, telephone and fax number, and addresses of all other parties, if known;
(d)  a clear and concise statement of (1) the facts which are grounds for the proceedings; (2) the objections to this Enforcement Order, including specifically the manner in which it is alleged to be inconsistent with the Department's Wetlands and Waterways Regulations, 310 CMR 10.00 and 9.00, and does not contribute to the protection of the interests identified in the Act, and (3) the relief sought through the adjudicatory hearing  including specifically the changes desired in the Enforcement Order.

**C) Filing Fee and Address:**

A copy of the Notice of Claim along with the DEP Fee Transmittal Form and a valid check or money order payable to the Commonwealth of Massachusetts in the amount of one hundred dollars ($100) must be mailed to:

>Commonwealth of Massachusetts
>Department of Environmental Protection
>Commonwealth Master Lockbox
>P.O. Box 4062
>Boston, Massachusetts 02211

The request will be dismissed if the filing fee is not paid, unless the appellant is exempt or granted a waiver.  The filing fee is not required if the appellant is a city or town (or municipal agency), county, or district of the Commonwealth of Massachusetts, or a municipal housing authority. The Department may waive the adjudicatory hearing filing fee pursuant to 310 CMR 4.06(2) for a person who shows that paying the fee will create an undue financial hardship.  A person seeking a waiver must file an affidavit setting forth the facts believed to support the claim of undue financial hardship together with the hearing request as provided above.

(#5)

Form #3

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2005 - 00307

MAP EAST, LLC ......................................, Plaintiff(s)

v.

TANYA RYDEN, ET AL.
TOWN OF WESTPORT ........................, Defendant(s)

## NOTICE OF APPEARANCE

TO THE CLERK OF THE BRISTOL COUNTY SUPERIOR COURT:

Please enter my appearance as attorney for ___DEFENDANTS___

in the above entitled case.

Dated: ___MARCH 31___ 19 2005

BRIAN E. GLENNON II
*Attorney for* DEFENDANTS

Address: KOPELMAN AND PAIGE, P.C.
31 ST. JAMES AVENUE
BOSTON, MA 02116

Tel. No. (617) 556-0007
BBO # 637973

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

2SC•3

**Bristol County Deputy Sheriffs' Office • P.O. Box 8928 • New Bedford, MA 02742-0928 • (508) 992-6631**

*Bristol, ss.*

March 31, 2005

I hereby certify and return that on 3/28/2005 at 12:14 pm I served a true and attested copy of the Summons and Restraining Order, Tracking Order, CA Cover Sheet, Verified Complaint, Exhibit's A - E, A Jud. in this action in the following manner: To wit, by delivering in hand to Marlene Sampson, agent, person in charge at the time of service for Town Clerk, 816 Main Road, Westport, MA 02790. Copies ($2.00), Conveyance ($1.50), Travel ($3.20), Basic Service Fee ($30.00), Postage and Handling ($2.75), Attest Fee ($5.00) Total Charges $44.45

Deputy Sheriff Paul M. Douglas

_____
Deputy Sheriff

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts

# Commonwealth of Massachusetts
## County of Bristol
### The Superior Court

CIVIL DOCKET# **BRCV2005-00307-C**

RE:    **M.A.P., East, LLC v Ryden et al**

TO:File Copy

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/23/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/22/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/22/2005 |
| All motions under MRCP 15 filed | 08/22/2005 |
| All discovery requests and depositions completed | 01/19/2006 |
| All motions under MRCP 56 served and heard | 02/18/2006 |
| Final pre-trial conference held and firm trial date set | 03/20/2006 |
| Case disposed | 05/19/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **C** sitting in **CtRm - Main (Taunton) at Bristol Superior Court.**

Dated: 03/25/2005

Marc J. Santos
Clerk of the Courts
BY: Valerie A. Brodeur / John F. Losowski
Assistant Clerk

Location: CtRm - Main (Taunton)
Telephone: (508) 823-6588

**\*\*\*ATTENTION: SUFFOLK COUNTY SUPERIOR COURT ONLY\*\*\***
On or after **April 4, 2005** all lawyers, litigants, witnesses etc. who have a notice to appear before **Suffolk County Superior Court for Criminal** business are to report to the Superior County Courthouse. On or after **April 11, 2004** all lawyers, litigants, witnesses etc. who have a notice to appear before for the **Suffolk County Superior Court for Civil** business are to report to the Suffolk County Courthouse. The Suffolk County Courthouse is located at Three Pemberton Square, Boston 02108.

True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

cvdtracf_2.wpd 445513 inidoc01-celeste

3

## AFFIDAVIT

I, John L. Ciccotelli, of Westport Massachusetts, hereby state the following:

1.  I am a past member and Chairman of the Westport Conservation Commission.

2.  From August of 1990 until January of 1992, I was employed as the Conservation agent for the Westport Conservation Commission.

3.  Between January of 1992 and June of 1997, I was employed as the Director of Public Health for the Town of Westport, and administered all phases of the Town's Health Department including training of the Board of Health Agents, the certification of all phases of Title V.

4.  From 1997 to 1999 I was the Director of Public Health for the Town of Millis, Massachusetts.

5.  From January of 2000 to April of 2003 I served as an Environmental Analyst for the Department of Environmental Protection Boston Office Title V and served as manager of the "Greywater Project."

6.  From April of 2003 to today's date I serve as the Director of Public Health in Canton, Massachusetts.

7.  I attest that a copy of my curriculum vitae as attached hereto as Exhibit A is an accurate representation of my work and educational qualifications.

8.  I have reviewed the order of conditions issued under file number 80-1412.

9.  I have reviewed the Enforcement order issued by the Westport Conservation Commission by their vote of ratification on May 15, 2005.

10. The Order of Conditions was issued based upon a Notice of Intent filed on behalf of Map East LLC, requesting permission to install a new septic system pursuant to 310 CMR 15.000.

11. The Enforcement Order in paragraph "2" references requirements found in the Order of Conditions for the new septic system and related disturbances within a buffer zone.

12. The Notice of Intent and the final Order of Conditions do not reference or regulate respectively, the construction, reconstruction, demolition or renovation of the building located at 44 Cherry and Webb Lane.

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

13.  The Enforcement Order in Paragraph "B Findings" fails to state any harm to a resource area or violation of the Wetlands Protection Act making it illusory.

14.  Pursuant to the practice and procedures instituted by the Town of Westport Conservation Commission, Board of Health, and the Building Department, a Building Permit can not and will not be issued until all three departments have reviewed the application and assented to the issuance, by signing and dating their assent on the application itself.

15.  The application for the building permit has signatures of both the Conservation Agent, and the Senior Board of Health Agent dated January 11, 2005, and January 12, 2005.

16.  These signatures signify that no permit or additional filings were required by these Town Department for work that was to be performed pursuant to the building permit application for 44 Cherry and Webb Lane.

17.  All work performed with regard to the building permit issued by the Town of Westport is in compliance and conformance with the interests and intent of the Wetland Protection Act.

18.  No filling, altering, or dredging of a resource area has occurred.

19.  The land/parcel described as 44 Cherry and Webb Lane is separated from the coastal bank and salt marsh by a public road way known as Cherry and Webb Lane.

Signed under the pains and penalties of perjury this  5th day of  March ,

2005.

AFFIDAVIT

I, John L. Ciccotelli, of Westport Massachusetts, hereby state the following:

1.  I am a past member and Chairman of the Westport Conservation Commission.

2.  From August of 1990 until January of 1992, I was employed as the Conservation agent for the Westport Conservation Commission.

3.  Between January of 1992 and June of 1997, I was employed as the Director of Public Health for the Town of Westport, and administered all phases of the Town's Health Department including training of the Board of Health Agents, the certification of all phases of Title V.

4.  From 1997 to 1999 I was the Director of Public Health for the Town of Millis, Massachusetts.

5.  From January of 2000 to April of 2003 I served as an Environmental Analyst for the Department of Environmental Protection Boston Office Title V and served as manager of the "Greywater Project."

6.  From April of 2003 to today's date I serve as the Director of Public Health in Canton, Massachusetts.

7.  I attest that a copy of my curriculum vitae as attached hereto as Exhibit A is an accurate representation of my work and educational qualifications.

8.  I have reviewed the order of conditions issued under file number 80-1412.

9.  I have reviewed the Enforcement order issued by the Westport Conservation Commission by their vote of ratification on May 15, 2005.

10. The Order of Conditions was issued based upon a Notice of Intent filed on behalf of Map East LLC, requesting permission to install a new septic system pursuant to 310 CMR 15.000.

11. The Enforcement Order in paragraph "2" references requirements found in the Order of Conditions for the new septic system and related disturbances within a buffer zone.

12. The Notice of Intent and the final Order of Conditions do not reference or regulate respectively, the construction, reconstruction, demolition or renovation of the building located at 44 Cherry and Webb Lane.

13.  The Enforcement Order in Paragraph "B Findings" fails to state any harm to a resource area or violation of the Wetlands Protection Act making it illusory.

14.  Pursuant to the practice and procedures instituted by the Town of Westport Conservation Commission, Board of Health, and the Building Department, a Building Permit can not and will not be issued until all three departments have reviewed the application and assented to the issuance, by signing and dating their assent on the application itself.

15.  The application for the building permit has signatures of both the Conservation Agent, and the Senior Board of Health Agent dated January 11, 2005, and January 12, 2005.

16.  These signatures signify that no permit or additional filings were required by these Town Department for work that was to be performed pursuant to the building permit application for 44 Cherry and Webb Lane.

17.  All work performed with regard to the building permit issued by the Town of Westport is in compliance and conformance with the interests and intent of the Wetland Protection Act.

18.  No filling, altering, or dredging of a resource area has occurred.

19.  The land/parcel described as 44 Cherry and Webb Lane is separated from the coastal bank and salt marsh by a public road way known as Cherry and Webb Lane.

Signed under the pains and penalties of perjury this ___5th___ day of ___March___,

2005.



BRISTOL, SS SUPERIOR COURT
FILED

COMMONWEALTH OF MASSACHUSETTS

MAR 2 5 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

**BRISTOL, SS.**                                      **SUPERIOR COURT DEPARTMENT**
                                                      **C.A. NO.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**M.A.P. EAST, LLC,**                               \*

                            **Plaintiff**           \*
                                                    \*
**vs.**                                             \*
                                                    \*
**TANJA RYDEN, RICHARD LAMBERT,**                   \*
**JOHN REYNOLDS, THOMAS McGARR,**                   \*        **AFFIDAVIT OF**
**PAUL HEBERT, SUSAN PEDREIRA and**                 \*        **MICHAEL BISZKO, JR.**
**and ED ROONEY, as they constitute the TOWN**     \*
**OF WESTPORT CONSERVATION**                        \*
**COMMISSION and SEAN M. LEACH, DONNA**             \*
**LAMBERT and BRENDA J. BURKE, as they**            \*
**constitute the TOWN OF WESTPORT BOARD**           \*
**OF HEALTH,**                                      \*
                            **Defendants**          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Michael Biszko, Jr., do under oath depose and say as follows:

1.    I am the project co-ordinator for the project located at 44 Cherry & Webb Lane,
      Westport, Massachusetts owned by M.A.P. East, LLC, the Plaintiff herein. I maintain a
      business at 20 Development Street, Fall River, Massachusetts.

2.    I have personal knowledge of the facts stated herein.

3.    On March 14, 2005, my company was on site to perform work on the existing house in
      accordance with a building permit issued by the Town of Westport to Donald Bernier, the
      General Contractor for the project, on January 14, 2005. This building permit contained
      sign-offs from all relevant Town departments including Conservation.

4.    While on site and performing the work, Ann Phelps, the Westport Conservation Agent,
      came onto the property and threatened my son with an enforcement order unless we
      ceased all work on the site including the house construction.

5.    I approached Ms. Phelps and asked her what issues she had with us since we had a valid
      building permit that she had signed off on.

6.    Ms. Phelps, in a rude and offensive manner, stated that we were not allowed to have
      dumpsters on site nor could we have our machinery within 100 feet of the riverbank. She
      then stated that no work was to have commenced until an Order of Conditions issued by
      her Commissioner had been recorded at the conclusion of the ten-day appeal period.

1

7.  As she began to drive away, I informed her that her accusations were incorrect. The Order of Conditions was limited to installation of a new septic system for the house. We were not working on the septic system, just the house, in accordance with the building permit.

8.  At 2:00 P.M., the agent returned with another woman who identified herself as the Chairperson of the Westport Conservation Commission.

9.  When I walked over to them, they handed me a paper labeled "Enforcement Order" and told me it would be addressed at the March 15th Westport Conservation Commission meeting.

10. I am not the agent of M.A.P. East, LLC for service of any process nor is my office the legal business address for M.A.P. East, LLC.

11. I again asked them what the problem was since I had a valid permit to do work on the house and I was not working on the septic system. I told them I had expanded the excavation for the house deck supports to correct and adjust the piers and footings to bring them into compliance. We had even erected a siltation fence to protect the integrity of the Buffer Zone from the work on the house. I again reminded Ms. Phelps she had signed off on this work.

12. The agent demanded that I do the following:

    1.  Remove all machinery within 100 feet of the riverbank.
    2.  Remove the dumpster.
    3.  Record the Order of Conditions.
    4.  Cease all work.

13. Once again, I tried to remind her that the Order of Conditions was only for the septic system and that no work was scheduled for that component. We only wished to test, excavate and reinforce the existing deck footing and foundation in accordance with the building permit. No soils had been brought on site. Any soils observed by Ms. Phelps that day came from the excavation hole. The following day we back-filled the hole with the excavated soils.

14. Finally, I asked Ms. Phelps if she was also issuing Cease and Desist Orders for the other dumpsters in the neighborhood. She refused to acknowledge their existence.

15. Inasmuch as my arguments were falling on deaf ears, I informed the ladies that their concerns would be addressed (i.e. I would remove the dumpsters, equipment, fill in the hole) and present pictures of these at Tuesday's meeting and said Good Day.

16. On March 23, 2005, I received a certified letter from the Westport Conservation Commission. The letter was addressed to M.A.P. East, LLP c/o Michael Biszko and sent

2

to my business address. I opened the letter in the presence of my attorney and discovered the Enforcement Order, a copy of which is attached hereto.

Signed under the pains and penalties of perjury this 25th day of March, 2005.

Michael Biszko, Jr.

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF BRISTOL

On this 25th day of March, 2005, before me, the undersigned notary public, personally appeared Michael Biszko, Jr., personally known to me to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Denise M. Racine - Notary Public
My commission expires: 6/16/2011

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

3



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____
Provided by DEP

## A. Violation Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.




This Enforcement Order is issued by:     **ORIGINAL**

__Westport__
Conservation Commission (Issuing Authority)                    Date

To:

__M.A.P. East LLC/  Michael Bisko__
Name of Violator

__44 Cherry and Webb Lane__
Address

1.  Location of Violation:

_____
Property Owner (if different)

__44 Cherry and Webb Lane__
Street Address

__Westport, MA__
City/Town                                        Zip Code

__91__                                            __53__
Assessors Map/Plat Number          /          Parcel/Lot Number

2.  Extent and Type of Activity:

Failure to comply with all conditions of Order of Conditions (DEP file # SE 80-1412): 7, 8,17, and Special Condition(s) 1,2,4.

## B. Findings

The Issuing Authority has determined that the activity described above is in violation of the Wetlands Protection Act (M.G.L. c. 131, § 40) and its Regulations (310 CMR 10.00), because:

☒  the activity has been/is being conducted without a valid Order of Conditions.

☒  the activity has been/is being conducted in violation of the Order of Conditions issued to:

__M. A. P. East, LLC__                     __3-7-2005__
Name                                         Dated

_____     _____
File Number                                Condition number(s)

WPA Form 9A
Rev. 02/00                                                              Page 1 of 3



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____
Provided by DEP

## B. Findings (cont.)

☒ Other (specify):

Demolition of existing dwelling and new construction that appears to require an Order of Conditions has occurred/is occurring on the site. In conjunction with this, construction machinery and a dumpster are being stored on a resource area and within 100 ft of a salt marsh/coastal bank.

## C. Order

The issuing authority hereby orders the following (check all that apply):

☒ The property owner, his agents, permittees, and all others shall immediately cease and desist from the further activity affecting the Buffer Zone and/or wetland resource areas on this property.

☐ Wetland alterations resulting from said activity should be corrected and the site returned to its original condition.

☐ Complete the attached Notice of Intent. The completed application and plans for all proposed work as required by the Act and Regulations shall be filed with the Issuing Authority on or before

_____
Date

No further work shall be performed ntil a public hearing has been held and an Order of Conditions has been issued to regulate said work.

☒ The property owner shall take the following action to prevent further violations of the Act:

1) Appear before the Conservation Commission on March 15, 2005, at 7 pm to answer questions regarding violations of your Order of Conditions and questions about additional work on the site that may require a permit under the Wetlands Protection Act.

Failure to comply with this Order may constitute grounds for additional legal action. Massachusetts General Laws Chapter 131, Section 40 provides: "Whoever violates any provision of this section (a) shall be punished by a fine of not more than twenty-five thousand dollars or by imprisonment for not more than two years, or both, such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed twenty-five thousand dollars for each violation". Each day or portion thereof of continuing violation shall constitute a separate offense.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 9A – Enforcement Order
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

_____

Provided by DEP

## D. Appeals/Signatures

An Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.

Questions regarding this Enforcement Order should be directed to:

Anne Phelps, Agent
Name

508-636-1019
Phone Number

7:30 a.m. - 4 p.m.
Hours/Days Available

Issued by:

Westport
Conservation Commission

In a situation regarding immediate action, an Enforcement Order may be signed by a single member or agent of the Commission and ratified by majority of the members at the next scheduled meeting of the Commission.

Signatures:

7002 2030 0001 9964 2014
3-18-05
Signature of delivery person or certified mail number



Conservation Commission
Soil Conservation Board
TOWN OF WESTPORT
856 MAIN ROAD
WESTPORT, MA 02790

M......
1st N......
2nd Notice
Return

7002 2030 0001 9964 2014

M.A.P. East, LLC/Michael Biszko
20 Development Street
Fall River, MA  02721

02721+3246

CERTIFIED MA...

DOCKET NO(S)  C05-00307

| CIVIL ACTION COVER SHEET | BRISTOL, SS SUPERIOR COURT FILED | Trial Court of Massachusetts Superior Court Department County:_____ |

PLAINTIFF(S)
M.A.P. EAST, LLC

DEFENDANT(S) TOWN OF WESTPORT CONSERVATION COMMISSION and TOWN OF WESTPORT BOARD OF HEALTH

MAR 2 5 2005

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Arthur D. Frank, Jr.   (508) 678-4556
10 Purchase St., Fall River, MA 02720
Board of Bar Overseers number:  177250

ATTORNEY (if known)
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

**Origin code and track designation**

Place an x in one box only:
- XX 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| D99 | Appeal of Enforcement Order/ Injunctive Relief | ( F ) | ( ) Yes    ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                                                        Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                              $. . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                              $. . . . . . . . . . . .
                                                                        TOTAL $. . . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                        TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 3/25/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000