UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11669JLT

| | |
|---|---|
| M.A.P. EAST, LLC.,<br><br>    Plaintiffs<br><br>v.<br><br>TOWN OF WESTPORT, BRENDA J. BURKE, individually and as CHAIRMAN OF THE TOWN OF WESTPORT BOARD OF HEALTH, ANNE PHELPS, individually, and as CONSERVATION AGENT FOR THE TOWN OF WESTPORT, and TANJA RYDEN, RICHARD LAMBERT, JOHN REYNOLDS, THOMAS MCGARR, PAUL HEBERT, SUSAN PEDREIRA and ED ROONEY, as they constitute the TOWN OF WESTPORT CONSERVATION COMMISSION and SEAN M. LEACH, DONNA LAMBERT and BRENDA J. BURKE, as they constitute the TOWN OF WESTPORT BOARD OF HEALTH,<br><br>    Defendants | ANSWER TO<br><u>AMENDED COMPLAINT</u> |

    1.    Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

    2.    Admitted.

    3.    Admitted that Defendant Brenda Burke is the duly-elected Chairwoman of the Town of Westport Board of Health. The remaining averment in this paragraph pertains to Burke's status as a defendant to which no response is required.

4. Admitted that Defendant Anne Phelps is the duly-appointed Conservation Agent in and for the Town of Westport. The remaining averment in this paragraph pertains to Phelps's status as a defendant to which no response is required.

5. Admitted.

6. Admitted.

7. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

8. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

9. Defendants state that the referenced document speaks for itself.

10. Admitted only that the referenced application and plan were received by the Conservation Commission and Board of Health. The remainder of the averments in this paragraph set forth legal conclusions to which no response is required.

11. Admitted.

12. Admitted.

13. Defendants state that the referenced documents speak for themselves.

14. Admitted.

15. Admitted that an agent of the Board of Health met with representatives of Sitec, Inc. The remainder of this averment sets forth a legal conclusion to which no response is required.

16. Admitted.

17. As to the first sentence, admitted only that a Notice of Intent was filed. The Defendants are without information sufficient to either admit or deny the remaining averments set forth in this paragraph and call up on Plaintiff to prove same.

18. Admitted.

19. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

20. Admitted only as to the first sentence. The Defendants state that as to the remaining averments in this paragraph, the referenced document speaks for itself.

21. This paragraph sets forth a conclusion of law to which no response is required.

22. Denied as to the first and fifth sentences in this paragraph. The Defendants are without information sufficient to either admit or deny the remaining allegations in this paragraph.

23. Admitted that Ms. Phelps informed Mr. Biszko that an enforcement order could be issued for the violations. Admitted further that Ms. Phelps informed Mr. Biszko that work would have to stop. Denied that Ms. Phelps threatened Mr. Biszko and further denied that the work going on at the site at the relevant time was being undertaken in accordance with the "work described above." Defendants are without information sufficient to either admit or deny the remaining averments set forth in this paragraph and call upon Plaintiff to prove same.

24. Denied.

25. Denied.

26. Defendants state that the referenced document speaks for itself.

27. Defendants state that the referenced document speaks for itself.

28. Admitted that Attorney Corey appeared at the meeting and that the Conservation Commission voted to ratify the Enforcement Order issued by Ms. Phelps. Denied as to the remaining averments in this paragraph.

29. Admitted that the Conservation Commission and Board of Health met jointly on March 21, 2005 and further admitted that no notice was provided to the Plaintiff, as no such notice was required. Denied as to the remaining allegations in this paragraph.

30. Admitted.

31. Admitted only that Mr. Maltais attended the meeting. Denied as to the remaining allegations set forth in this paragraph.

32. Denied.

33. Admitted.

34. Admitted only as to the first sentence, otherwise denied.

35. Admitted.

36. Admitted.

37. Admitted that the Board of Health voted on or about 9:00 a.m. on July 14, 2005 to deny the plan. Denied that the only reason for the denial was under the Board's Regulation No. 22.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

43. This paragraph sets forth a conclusion of law to which no response is required.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## Count I

52. The Defendants repeat the answers contained in paragraphs 1 through 51 as if fully set forth herein.

## Count II

53. The Defendants repeat the answers contained in paragraphs 1 through 52 as if fully set forth herein.

54. Denied.

55. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

## Count III

56. The Defendants repeat the answers contained in paragraphs 1 through 55 as if fully set forth herein.

57. Denied.

58. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

## Count IV

59. The Defendants repeat the answers contained in paragraphs 1 through 58 as if fully set forth herein.

60. Denied.

61. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

## Count V

62. The Defendants repeat the answers contained in paragraphs 1 through 61 as if fully set forth herein.

63. Denied.

64. Defendants are without information sufficient to admit or deny the averments set forth in this paragraph and call upon Plaintiff to prove same.

## Count VI

65. The Defendants repeat the answers contained in paragraphs 1 through 64 as if fully set forth herein.

66. This paragraph sets forth a conclusion of law to which no response is required.

## Count VII

67. The Defendants repeat the answers contained in paragraphs 1 through 66 as if fully set forth herein.

68. Denied.

Count VIII

69.     The Defendants repeat the answers contained in paragraphs 1 through 68 as if fully set forth herein.

70.     Denied.

Count IX

71.     The Defendants repeat the answers contained in paragraphs 1 through 70 as if fully set forth herein.

72.     Denied.

FIRST DEFENSE

The complaint should be dismissed because it fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Without admitting Plaintiff's allegations regarding the statements made by Defendants Burke and Phelps, Defendants say that any statement made by said Defendants concerning the Plaintiff were true, substantially true, represented their reasonable opinions, and were uttered without malice.

THIRD DEFENSE

Without admitting Plaintiff's allegations regarding the statements made by Defendants Burke and Phelps, Defendants say that any statement made by said Defendants concerning the Plaintiff were made in their capacity as public officers in the performance of their duty and, as such, are absolutely privileged.

### FOURTH DEFENSE

Without admitting Plaintiff's allegations regarding the statements made by Defendants Burke and Phelps, Defendants say that any statement made by said Defendants concerning the Plaintiff were made in good faith, reasonably, and without any knowledge of falsehood or malice.

### FIFTH DEFENSE

The complaint should be dismissed because it fails to state a claim for which relief may be granted in that Plaintiff has failed to allege any facts from which express malice may be inferred.

### SIXTH DEFENSE

The complaint should be dismissed because it fails to state a claim for which relief may be granted in that Plaintiff has failed to plead any actual damages.

### SEVENTH DEFENSE

The complaint should be dismissed because it fails to state a cause of action for which relief may be granted against the defendant Town of Westport in that it states no personal involvement, specific regulation, or official policy or knowledge by said Town of the alleged wrongdoing or of any pattern of wrongful behavior.

### EIGHTH DEFENSE

Defendants Burke and Phelps deny all of Plaintiff's allegations of wrongful conduct and state that they were at all relevant times public officials acting within the scope of their duties in good faith and in the reasonable belief that their actions were lawful.

## NINTH DEFENSE

The complaint should be dismissed because it fails to state a claim for which punitive damages are available against any of the Defendants.

DEFENDANTS,

By their attorneys,

/s/ David C. Jenkins
David C. Jenkins (BBO# 251000)
Brian E. Glennon, II (BBO# 637973)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

258909v2/33405/0016